**TAB 6**

1  David M. Bass (State Bar No. 117199)
   Peter M. Cho (State Bar No. 213870)
2  DAVID M. BASS & ASSOCIATES
   2029 Century Park East, 14th Floor
3  Los Angeles, California 90067
   Telephone: (310) 789-1152
4  Facsimile: (310) 789-1149
   E-mail: dbass@basslawla.com
5
6  Attorneys for Defendant USPA
   ACCESSORIES, LLC dba CONCEPT ONE
7  ACCESSORIES
8

**ENDORSED FILED**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

SEP 2 2 2006

GORDON PARK-LI, CLERK

BY: _____
        Deputy Clerk

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                    | Case No. CGC-06-453170

13                    Plaintiff,          | Hon. Ronald E. Quidachay
                                          | Law & Motion Department 302
14         vs.

15  USPA ACCESSORIES, LLC dba             | **DEFENDANT USPA ACCESSORIES,**
    CONCEPT ONE ACCESSORIES,              | **LLC'S NOTICE OF INTENT TO APPEAR**
16                                        | **BY TELEPHONE AT HEARING ON**
                    Defendant.            | **MOTION TO STRIKE**
17

18                                        | Date:      September 21, 2006
                                          | Time:      9:30 a.m.
19                                        | Place:     Department 302

20                                        | Complaint Filed:    June 15, 2006

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANT USPA ACCESSORIES, LLC'S NOTICE OF INTENT TO APPEAR By
TELEPHONE AT HEARING ON MOTION TO STRIKE

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

2     **PLEASE TAKE NOTICE** that David M. Bass, counsel for Defendant USPA

3  Accessories dba Concept One Accessories ("USPA"), intends to appear by telephone at the

4  hearing on USPA's Motion to Strike in the above referenced matter

5

6  Dated: September 20, 2006                    DAVID M. BASS & ASSOCIATES

7

8                                              By: _____
                                                    Peter M. Cho
9                                              Attorneys for Defendant USPA
                                               ACCESSORIES, LLC dba CONCEPT ONE
10                                             ACCESSORIES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT USPA ACCESSORIES, LLC'S NOTICE OF INTENT TO APPEAR By TELEPHONE AT
HEARING ON MOTION TO STRIKE

1

**PROOF OF SERVICE**
[*C.C.P.*, §§1013(a) and 2015 5]

2

3    STATE OF CALIFORNIA                    )    Case No. CGC-06-453170
                                            )
4    COUNTY OF SAN FRANCISCO                )

5          I am employed in the county of Los Angeles, State of California. I am over the age of
     18 and not a party to the within action; my business address is 2029 Century Park East,
6    14th Floor, Los Angeles, California 90067.

7          On September 20, 2006, I served the foregoing document described as **DEFENDANT
     USPA ACCESSORIES, LLC'S NOTICE OF INTENT TO APPEAR BY TELEPHONE**
8    **AT HEARING ON MOTION TO STRIKE** on all interested parties in this action by placing
     the original/true copies thereof enclosed in (a) sealed envelope(s) addressed as stated below:

9
     Randall Riccardo, Esq.
10   299 Kansas Street
     San Francisco, CA 94103
11   Facsimile: (415) 252-9633

12   ☒    **BY MAIL**    I am "readily familiar" with the firm's practice of collection and
          processing of correspondence for mailing. Under that practice it would be deposited
13        with U.S. Postal Service on that same day with postage thereon fully prepaid at Los
          Angeles, California in the ordinary course of business. I am aware that on motion of the
14        party served, service is presumed invalid if postal cancellation date or postage meter
          date is more than one day after date of deposit for mailing in affidavit.
15
     ☐    **BY (PERSONAL SERVICE)**    I caused the envelope to be delivered by hand to
16        the office of Counsel for Plaintiffs at the address listed above.

17   ☒    **FAX**   I caused a copy of the above-entitled document to be faxed to the office of
          Counsel for Plaintiffs at the fax number listed above.
18
     ☐    **BY (EXPRESS MAIL)**     I deposited such envelope in the receptacle for **Overnite**
19        **Express** and requested that it be delivered to the above-named attorneys/parties by way
          of priority next day delivery (to be delivered by 10:00 a.m. the following morning).
20
           I declare under penalty of perjury under the laws of the State of California that the
21   foregoing is true and correct.

22         Executed on September 20, 2006, at Los Angeles, California.

23

24                                          _____
                                                    Lorelei Phillips
25

26

27

28

**TAB 7**

RECEIVED 11/02/2006 11:22  14152529633

Nov 2 2006 10:23AM   Dε  * Bass & Associates

BLUE MARLIN SALES
4   P. 3

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David M. Bass (State Bar No. 117199)<br>Peter M. Cho (State Bar No. 213870)<br>DAVID M. BASS & ASSOCIATES<br>2029 Century Park East, 14th Floor<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 789-1152  FAX NO. *(Optional)*: (310) 789-1149<br>E-MAIL ADDRESS *(Optional)*: dbass@basslawla.com<br>ATTORNEY FOR *(Name)*: USPA Accesories, LLC | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>NOV - 2 2006<br><br>GORDON PARK-LI, Clerk<br>BY: _____ ELIAS BUTT<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: BLUE MARLIN CORP.

DEFENDANT/RESPONDENT: USPA ACCESSORIES, LLC dba Concept One
Accessories

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | CGC-06-453170 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: November 17, 2006   Time: 9:00 A.M.   Dept: 212   Div:   Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. [ ] This statement is submitted by party *(name)*:
   b. [X] This statement is submitted jointly by parties *(names)*: USPA Accessories, LLC ("USPA") and Blue Marlin Corp. ("Blue Marlin").

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: June 15, 2006
   b. [X] The cross-complaint, if any, was filed on *(date)*: Will be filed by USPA when due.

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. Description of case
   a. Type of case in  [X] complaint   [X] cross-complaint   *(describe, including causes of action)*:
   Complaint: breach of contract; account stated; open account.

   Cross-Complaint: breach of contract; breach of implied covenant of good faith; negligent misrepresentation; fraud; rescission.

Page 1 of 4

RECEIVED  11/02/2006 11:22  14152529633            BLUE MARLIN SALES
Nov  2 2006 10:23AM  D(  ! Bass & Associates                No 3274  P  4

| PLAINTIFF/PETITIONER: BLUE MARLIN CORP. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:USPA ACCESSORIES, LLC dba Concept One Accessories | CGC-06-453170 |

4   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings  If equitable relief is sought, describe the nature of the relief.)*
See Attachment 4b.

[X]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   [X] a jury trial   [ ]  a nonjury trial      *(If more than one party, provide the name of each party requesting a jury trial):* USPA and Blue Marlin.

6.   **Trial date**
a.   [ ]   The trial has been set for *(date)*:
b.   [X]   No trial date has been set  This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:
c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:
The earliest that USPA Accessories' counsel is available for trial is in the summer of 2007, given that counsel has trials scheduled in February and April 2007 and discovery in this case may extend past March 2007 with depositions of witnesses located in New York.

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a.   [X]   days *(specify number)*: Three to five.
b.   [ ]   hours (short causes) *(specify)*:

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   [X] by the attorney or party listed in the caption   [ ]  by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
[ ]   Additional representation is described in Attachment 8.

9.   **Preference**
[ ]   This case is entitled to preference *(specify code section)*:

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel   [X] has   [ ]  has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client
b.   [ ]   All parties have agreed to a form of ADR. ADR will be completed by *(date)*:
c.   [ ]   The case has gone to an ADR process *(indicate status)*:

CM-110 [Rev. January 1 2005]            **CASE MANAGEMENT STATEMENT**

RECEIVED  11/02/2006 11:22  14152529633

Nov  2  2006 10:23AM  D(  ! Bass & Associates

BLUE MARLIN SALES
No 3274   P  5

| PLAINTIFF/PETITIONER: BLUE MARLIN CORP. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:USPA ACCESSORIES, LLC dba Concept One Accessories | CGC-06-453170 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

(1) [X] Mediation

(2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

(3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

(4) [ ] Binding judicial arbitration

(5) [ ] Binding private arbitration

(6) [ ] Neutral case evaluation

(7) [ ] Other *(specify):*

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [X] This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*
Rule of Court 1601(b)(8).

11. Settlement conference

[X] The party or parties are willing to participate in an early settlement conference *(specify when):* December 8, 2006.

12. Insurance

a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

b.   Reservation of rights: [ ] Yes   [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
[ ] Bankruptcy   [ ] Other *(specify):*
Status:

14. Related cases, consolidation, and coordination

a. [ ] There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
[ ] Additional cases are described in Attachment 14a.

b. [ ] A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party):*

15. Bifurcation
[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. Other motions
[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Blue Marlin may Both parties may move for summary adjudication subject to discovery. USPA may petition move for injunctive relief concerning the use of its trademarks. USPA may for a writ of mandate on the Court's order denying its motion to strike. USPA may move for sanctions against Blue Marlin's counsel for violation of the California Rules of Court.

RECEIVED  11/02/2006 11:22  14152529633                BLUE MARLIN SALES
Nov  2  2006 10:23AM  D{  ' Bass & Associates              No 3274  P. 6

| PLAINTIFF/PETITIONER: BLUE MARLIN CORP. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: USPA ACCESSORIES, LLC dba Concept One Accessories | CGC-06-453170 |

17. **Discovery**
   a. ☐  The party or parties have completed all discovery.
   b. ☒  The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| USPA | Party depositions, written discovery requests | June 2007 |
| USPA | Third party depositions | June 2007 |
| Blue Marlin | Party depositions, written discovery requests | June 2007 |

   c. ☐  The following discovery issues are anticipated (specify):

18. **Economic Litigation**
   a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**
   ☐  The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

20. **Meet and confer**
   a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

21. **Case management orders**
   Previous case management orders in this case are (check one): ☒ none  ☐ attached as Attachment 21.

22. Total number of pages attached (if any): 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 2, 2006

David M. Bass
(TYPE OR PRINT NAME)                          ►          _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY)

Randall Riccardo
(TYPE OR PRINT NAME)                          ►          _____
                                                        (SIGNATURE OF PARTY OR ATTORNEY)
                                              ☐ Additional signatures are attached

RECEIVED  11/02/2006 11:22    14152529633          BLUE MARLIN SALES
Nov. 2  2006 10:23AM  D{  ! Bass & Associates                (          No 3274   P. 7

## ATTACHMENT 4B TO JOINT CASE MANAGEMENT STATEMENT

### Blue Marlin's statement:

Blue Marlin Corp. designs, markets and distributes premium quality vintage and casual American sportswear. In February, 2004, Blue Marlin and USPA Accessories, entered into a license agreement to have USPA manufacture and distribute hats bearing the BLUE MARLIN and FIVE STAR trademarks.

The license agreement called for USPA to pay Blue Marlin an 8% royalty on wholesale product sales, and a 2% advertising royalty on the same sales. The agreement also called for USPA to pay minimum guaranteed royalties of $75,00 0 the first year, $120,000 the second year and $150,000 the third year. Throughout 2005, USPA underpaid on the license the sum of $78,139.23. USPA then ceased making the guaranteed minimum payments for the first quarter of the following year (Q1 ending March 31, 2006): its payment being short $17, 828.78. The following quarter, and to date, USPA paid nothing.

On June 14th, 2006, Blue Marlin sent USPA a letter via certified mail informing USPA that it was holding them in breach of the agreement for non-payment and giving them ten days to cure the breach. The letter also referenced USPA's president, Sam Hafif's March 29, 2006 email in which he stated that USPA was no longer going to honor the license agreement. USPA made no further payments and on June 15, 2006 plaintiff instituted the instant action by filing a complaint, claiming failure to pay on an open book account and account stated, breach of contract and anticipatory breach of contract.

Plaintiff agreed to extend the deadline for USPA to answer or otherwise plead. On August 23, 2006 USPA filed a motion to strike; this motion was opposed and argued September 22, 2006. On November 1, 2006, the motion to strike was denied. The parties have agreed to an early settlement conference on December 8, 2006.

### USPA's statement:

USPA licensed certain of Blue Marlin's trademarks based on certain projections, conditions and representations. Blue Marlin only initiated this action after USPA notified Blue Marlin that USPA was excused from making minimum royalty payments because of Blue Marlin's fraud and breach of contract.

USPA entered into the license agreement based on material misrepresentations by Blue Marlin regarding the quality of the marks and Blue Marlin's prior sales. Separately, Blue Marlin breached the express terms of the license agreement and/or the implied covenant of good faith by, including but not limited to, preventing USPA from using the licensed marks. USPA will file its answer and cross-complaint when due. Its cross-complaint will seek rescission of the license agreement or, alternatively, compensatory damages for breach of contract and fraud.

USPA may petition for a writ of mandate reversing the order denying its motion to strike, and may seek sanctions against Blue Marlin's counsel for violation of the California Rules of Court.

TAB 8

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

BLUE MARLIN CORPORATION

PLAINTIFF (S)

VS

USPA ACCESSORIES LLC DBA CONCEPT
ONE ACCESSORIES

DEFENDANT (S)

**Pretrial Department 212
Case Management Order**

**NO. CGC-06-453170**

**Order Continuing Case
Management Conference**

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The NOV-17-2006 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on JAN-05-2007 in Department 212 at 9:00 AM, for answer.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order. (CRC 212 (b)(2))

DATED: NOV-08-2006

ARLENE T. BORICK
JUDGE/COMMISSIONER

Order Continuing Case Management Conference
Form 000001

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

1

2

3    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO    ) Case No. CGC-06-453170

4

5         I am employed in the County of San Francisco, State of California. I am over the age

6    of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco,

7    California 94103

8         On December 1, 2006, I served the foregoing document described as ORDER

9    CONTINUING CASE MANAGEMENT CONFERENCE on the interested party in this action as

10   follows:

11   DAVID M. BASS
     DAVID M. BASS & ASSOCIATES
12   2029 CENTRUY PARK EAST
     14TH FLOOR
13   LOS ANGELES, CA 90067
     FACSIMILE: 415 789 1149

14        ☐    BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be

15   personally served to the offices of the addressee.

16        ☐    BY FACSIMILE: I communicated the above-mentioned document(s) via

17   facsimile to the addressee as indicated above. The transmission was reported complete and without

18   error by a transmission report issued by the facsimile transmission machine as defined in California

19   Rule of Court 2003 upon which the said transmission was made immediately following the

20   transmission. A true and correct copy of the transmittal report bearing the date, time and sending

21   facsimile machine telephone number shall be attached to the original proof of service.

22        ☐    BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned

23   document(s) to be served via electronic mail from my electronic notification address to the electronic

24   notification address of the addressee as indicated above. The document was served electronically

25   and the transmission was reported complete without error.

26        ☒    BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be

27   sent via Federal Express overnight delivery . By placing a true and correct copy of such

28

PROOF OF SERVICE
Blue Marlin Corp. v. USPA Accessories, LLC
Case No.: CGC-06-453170

1  document(s) enclosed in a sealed envelope or package designated by the express service carrier and

2  deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

3  driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

4  addressed to the address last shown by that person on any document filed in the action as indicated

5  above.

6       ☐    BY MAIL: By placing a true and correct copy of such document(s) enclosed

7  in a sealed envelope addressed to the offices indicated above. I am "readily familiar" with the firm's

8  practice of collection and processing correspondence for mailing. Under that practice it would be

9  deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

10  Francisco, California in the ordinary course of business. I am aware that on motion of the party

11  served, service is presumed invalid if postal cancellation date or postage meter date is more than one

12  day after date of deposit for mailing in affidavit.

13       Executed on December 1, 2006, at San Francisco, California.

14       I declare under penalty of perjury under the laws of the Sate of California that the

15  above is true and correct.

16

17

18                                    FE SAUCELO

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
Blue Marlin Corp. v. USPA Accessories, LLC
Case No.: CGC-06-453170

**TAB 9**

1   Randall Riccardo, Esq. (#224672)
    299 Kansas Street
2   San Francisco, CA 94103
    Telephone: 415-252-9630
3   Fax: 415-252-9633

4   Attorney for Plaintiff

5

6

7

8                           SUPERIOR COURT OF CALIFORNIA

9

10                          COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                 )  Case No.:CGC-06-453170
                                       )
13          Plaintiff,                 )  NOTICE OF MOTION AND MOTION FOR
                                       )  PRELIMINARY INJUNCTION;
14      vs.                            )  MEMORANDUM OF POINTS AND
                                       )  AUTHORITIES; DECLARATIONS OF
15  USPA ACCESSORIES, LLC dba CONCEPT  )  ERIK STUEBE AND R. RANDALL
                                       )  RICCARDO; PROPOSED ORDER
16  ONE ACCESSORIES,                   )
                                       )  HEARING DATE:  December 11, 2006
17          Defendant                  )  DEPARTMENT: 302
                                       )  HEARING JUDGE: Hon. Ronald E.
18                                     )  Quidachay
                                       )  DATE ACTION FILED: June 30, 2006
19

20

21          Defendant, USPA ACCESSORIES, LLC and their counsel of record:

22  PLEASE TAKE NOTICE THAT at 9:30 a.m. on December 11, 2006, or as soon thereafter as the

23  matter can be heard, at Department 302 of the above entitled Court, located at 400 McAllister

24  Street, San Francisco, CA 94102, Plaintiff will and hereby does move the Court under Cal.C.C.P.

25  §527 for an order for preliminary injunction restraining and enjoining you, your agents, servants,

                                        1

1   assigns and all those acting in concert with you, from displaying, advertising, manufacturing,

2   promoting, offering for sale or selling any product bearing the BLUE MARLIN, FIVE STAR or

3   FIVE STAR VINTAGE trademarks or artwork.

4          This motion is based on the ground that Defendant having willfully breached a license

5   agreement with Plaintiff should no longer permitted to sell product, bearing the BLUE

6   MARLIN®, FIVE STAR® and FIVE STAR VINTAGE® trademarks and artwork, into the

7   market under the terms of the license. Sales of product to off-price discounters will have a

8   severe negative impact on Plaintiff's trademarks and attendant goodwill.

9          This motion is based on this Notice of Motion, the attached Memorandum of Points and

10  Authorities, on the pleading, declarations of Erik Stuebe and R. Randall Riccardo, all papers

11  filed and records in this action and any evidence received at the hearing.

12

13  Dated:  November 10, 2006                    By: _____

                                                      R. Randall Riccardo

14                                                    Attorney for Plaintiff, Blue Marlin Corp

15

16

17

18

19

20

21

22

23

24

25

2

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Blue Marlin Corp. is the owner of registered trademarks BLUE MARLIN®, FIVE STAR®, FIVE STAR VINTAGE® and a design mark of five stars (the "Blue Marlin Brands"). Defendant, USPA Accessories, LLC is a headwear manufacturer and distributor. Defendant, under a license from Blue Marlin, manufactured and distributed headwear bearing the aforementioned Blue Marlin Brands. In November, 2005, Defendant ceased making the required payments due under the license (Declaration of E. Stuebe, para. 3). On June 15, 2006, Blue Marlin terminated the license agreement after giving USPA notice and an opportunity to cure the breach for non-payment totaling $78,139.23 (Declaration of Riccardo, para 4). On July 12, 2006, Blue Marlin instituted suit against Defendant USPA for failure to pay stated amounts under the license agreement and for breach of contract (Case No. CGC-06-453170).

Under §§16.2.1 and 16.2.5 of the license agreement, USPA was obligated upon termination of the license, to immediately cease selling any items covered by the license, destroy all existing units, provide Blue Marlin with a written list of uncancellable orders and provide a list of the existing inventory of product manufactured under the license agreement (Exhibit A to Complaint). Despite numerous requests both to USPA and its counsel, Defendant has failed to comply with a single provision of the license upon termination (Declaration of Riccardo, para. 5 and 6)

It is Blue Marlin's belief that USPA continues to sell product and may indeed be dumping the product at severe discounts through off-price discounters causing irreparable injury to Blue Marlin's trademarks and attendant goodwill. Plaintiff hereby seeks this injunction enjoining Defendant USPA from advertising, manufacturing, promoting, offering for sale or selling any product displaying the Blue Marlin brands or any artwork belonging to the Blue Marlin Corp.

3

1    II.    **ARGUMENT**

2    1.    PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF ITS CLAIM AT TRIAL.

3    A plaintiff, like Blue Marlin, is entitled to preliminary injunctive relief if it is reasonably

4 probable that the moving party will succeed on the merits. *San Francisco Newspaper Printing*

5 *CO., Inc. v. Sup. Ct.* 170 Cal. App.3d 438, 432 (1985). Defendant USPA operated under the

6 terms of the fully executed license agreement from February 1, 2004 until USPA stopped making

7 the required payments under the license in November, 2005 (Declaration of Stuebe, para. 3).

8 During that time, Defendant sold headwear bearing the Plaintiff's Blue Marlin Brand trademarks.

9 Defendant stopped making the full payments required under the license in November, 2005 and

10 presented no reasons therefore (Declaration of Stuebe, para 3). In March, 2006, Blue Marlin

11 began asking Defendant for full payment, and payment on the arrearage under the license

12 agreement (Declaration of Stuebe, para 4). Full payment was never made and Defendant then

13 made an unequivocal assertion, stating in an email that it "would not make the minimum

14 royalties as stated in the contract" and that there was "no point in tip-toeing around this issue,

15 ...we will not accept that obligation" (Declaration of Stuebe, para 5; Exhibit A to Declaration of

16 Stuebe).

17    In the aforementioned email, Defendant USPA's President, Sam Hafif, created a number

18 of reasons why it would not continue to pay under the license, none of which it had hitherto

19 referenced. (Exhibit A to Declaration of Stuebe). Plaintiff Blue Marlin contends that the

20 Defendant created its rationale for its failure to make the required payment because it was having

21 trouble selling product in sufficient amounts while it still had on-going obligations under the

22 license to make minimum royalty payments (Declaration of Stuebe, para. 5).

23    Plaintiff Blue Marlin has performed all of its obligations and conditions required of it

24 under the license agreement but has failed to be properly compensated for granting the

25

4

1    Defendant an exclusive license to distribute products under the Blue Marlin Brands.

2    (Declaration of E. Stuebe, para. 7).

3            Defendant's President, Sam Hafif, has also made clear, through the email sent March 29,

4    2006, that it was repudiating the contract and breaching its on-going obligation (Exhibit A to

5    Declaration of Stuebe). Plaintiff also included a claim in its complaint for $156,000 due in

6    minimum royalty payments, an amount for advertising royalties and interest thereon it would

7    have received had Defendant not anticipatorily breached the contract.

8            After termination of the license agreement, Plaintiff Blue Marlin, through its Vice

9    President of Licensing and in-house counsel, contacted Defendant USPA's attorney and

10   attempted to have them confirm that they would comply with the termination provisions under

11   the license agreement (Declaration of Riccardo, para. 5). Plaintiff's counsel attempted no less

12   than five times to have USPA confirm that they were not continuing to sell Blue Marlin Branded

13   product and would comply with the termination provision of the license (Declaration of

14   Riccardo, para. 7). Less than one week before the instant motion for Preliminary Injunction was

15   filed, Plaintiff's counsel attempted again to confirm with Defendant USPA that it would comply

16   with the termination provisions of the license: Plaintiff's counsel received no response

17   (Declaration of Riccardo, para. 7).

18           Plaintiff is entitled to the guaranteed minimum royalty payments required under the

19   license agreement, pursuant to Cal. C.C.P. § 337 and should prevail on the merits of these claims

20   at trial.

21

22   2.    PLAINTIFF BLUE MARLIN WILL SUFFER IRREPARABLE HARM IF

23         DEFENDANT NOT ENJOINED.

24           Plaintiff has been in business for twelve years and has vigorously defended its trademarks

25   and safeguarded its good will during that time (Declaration of Stuebe, para. 8). Its products have

5

1   been worn by countless celebrities, depicted in numerous motion pictures and television shows,

2   including the OC, Entourage and (Declaration of Stuebe, para. 9). Its products are sold at high-

3   end, premium retailers such as Nordstrom, Macy's West, Lord and Taylor and Marshall Fields.

4   Blue Marlin has sought to maintain the exclusivity of the Blue Marlin Brands through carefully

5   managed distribution at these premium channels. (Declaration of Stuebe, para. 9).

6          Defendant is in possession of a certain, unverified, amount of headwear inventory bearing

7   the Blue Marlin Brands and artwork (Declaration of Stuebe, para. 10). Since the license has

8   been terminated, Defendant can no longer offer itself as an on-going supplier of headwear

9   featuring the Blue Marlin Brands. In these instances, it is common for a distributor to sell or

10  dump, inventory at severe discounts to off-price, low-tier retailers. Sale of the Blue Marlin

11  Brand headwear at such inferior retail channels and discounted prices will cause irreparable

12  damage to the Blue Marlin Brands and the goodwill it has established in its twelve years of

13  operation (Declaration of Stuebe, para. 10). Defendant must be enjoined from selling any product

14  that will cause severe damage to the Blue Marlin Brands. Additionally, Defendant is obligated

15  under the terms of the negotiated license agreement to destroy such product, present Blue Marlin

16  with an inventory and a list of uncancellable accounts and not sell any items bearing the Blue

17  Marlin Brands.

18

19  3.     MONEY DAMAGES ARE INADEQUATE TO COMPENSATE BLUE MARLIN

20         FROM THE HARM IT WILL SUSTAIN

21         If Defendant USPA is not enjoined from selling Blue Marlin Branded product into

22  inferior retailers and offering the product at deep discount prices, the Blue Marlin Brands will

23  suffer incalculable damage to their reputation, prestige and goodwill it has assiduously protected

24  and developed over the past twelve years. Defendant has spent hundreds of thousands of dollars,

25  over the twelve years Blue Marlin has been in business, advertising and promoting the Blue

6

1  Marlin Brands (Declaration of Stuebe, para. 10). Should Defendant not be enjoined, the damage

2  inflicted upon its reputation, prestige and goodwill will be very difficult to calculate.

3

4  4.      BALANCING THE HARDSHIPS WEIGHS IN FAVOR OF BLUE MARLIN

5         Enjoining Defendant USPA will not result in any undue burden or hardship upon them.

6  The amount of product that plaintiff requests be enjoined should constitute far less than one

7  percent of Defendant's annual revenue (Stuebe Declaration, para. 11).    Furthermore, although

8  the license agreement, Section 16.2.5 calls for the product to be destroyed, the Plaintiff may be

9  willing to allow the Defendant to sell such product as long as it is not sold into low-tier, off-price

10 retailers at steep discounts and Plaintiff is paid the royalties owed on such product.

11

12 5.     ENJOINING DEFENDANT USPA'S CONDUCT THROUGH THIS MOTION WILL

13        PREVENT THE NEED FOR UNECESSARY LEGAL ACTION.

14        Granting this motion to enjoin Defendant USPA from selling product into low-tier,

15 discount retailers, will obviate the need for Plaintiff Blue Marlin to institute an action for

16 trademark infringement, tarnishment of trademark, copyright infringement and unfair

17 competition based upon Defendant's continued, unauthorized use of Plaintiff's Blue Marlin

18 Brands. Should this motion be denied, Plaintiff will have no choice but to institute such an

19 action, and seek other remedies, to safeguard the reputation, prestige and goodwill of its valuable

20 trademarks.

21

22 For the foregoing reasons, this Court should grant Plaintiff Blue Marlin's Application for

23 Preliminary Injunction.

24 Dated: November 10, 2006          By:_____

25                                   R. Randall Riccardo
                                     Attorney for Blue Marlin Corp.

7

1  R. Randall Riccardo, Esq. (#224672)
   299 Kansas Street
2  San Francisco, CA 94103
   Telephone: 415-252-9630
3  Fax: 415-252-9633

4  Attorney for Plaintiff

5

6

7                    SUPERIOR COURT OF CALIFORNIA

8

9                      COUNTY OF SAN FRANCISCO

10

11  BLUE MARLIN CORP.,                    )  Case No.: CGC-06-453170
                                          )
12             Plaintiff,                 )  DECLARATION OF ERIK STUEBE IN
                                          )  SUPPORT OF PLAINTIFF'S MOTION FOR
13                                        )  PRELIMINARY INJUNCTION
        vs.                               )
14                                        )  HEARING DATE:  December 11, 2006
    USPA ACCESSORIES, LLC dba CONCEPT     )  DEPARTMENT:   302
15                                        )  HEARING JUDGE: Hon, Ronald E.
    ONE ACCESSORIES,                      )  Quidachay
16                                        )  DATE ACTION FILED: June 30, 2006
               Defendant                  )
17                                        )
                                          )
18                                        )

19  I, ERIK STUEBE, DECLARE:

20  1.     I am President and Chief Executive Officer for Plaintiff Blue Marlin Corporation

21  (hereinafter referred to as "Blue Marlin"), which has offices at 299 Kansas Street, San

22  Francisco, CA 94103. In my capacity as CEO, I am responsible for overseeing the daily

23  activities and operations of Blue Marlin. I have been employed by Blue Marlin since

24  1994, the year I founded the company and assumed the positions of CEO and President.

25

                                     8

2.  In the usual and ordinary course of it business, Blue Marlin maintains records relating to the conduct of its business ("the Business Records"). I have full access to the Business Records. Except where otherwise noted, I make this declaration on the basis of my personal knowledge or on the basis of my review of the Business Records.

3.  Blue Marlin and USPA Accessories entered into a license agreement calling for USPA to pay $75,000 in minimum guaranteed royalties the first year, and $120,000 and $150,000 a year respectively years two and three. These payments were in addition to advertising contributions and royalties. In November 2005 and into 2006, USPA ceased making the required payments under the license.

4.  After reviewing our records in March, 2006, we determined that USPA had underpaid Blue Marlin $95,967.93 in the agreed upon minimum royalties. We repeatedly requested that USPA pay the deficiency. USPA paid nothing despite our requests.

5.  On May 30, 2006, the President for USPA, Mr. Sam Hafif, sent me an email stating that USPA was not going to honor the agreement and would make no further payments (Exhibit A). The email also contained a number of reasons why USPA would make no further payments. From this email, and earlier conversations, USPA made clear that it was not selling sufficient quantities of product to cover its minimum royalty obligation.

6.  In June, 2006, I instructed Randall Riccardo, Vice President for Licensing of Blue Marlin, to send the attached letter (Exhibit B) informing USPA they were in breach of the agreement for non-payment. USPA had ten days to cure the breach under the terms of the contract. Blue Marlin received no payment, only a letter from USPA's attorney.

7.  Blue Marlin has, to the best of my knowledge, performed all of its obligations required under the license agreement.

8.  During Blue Marlin's twelve years in business, the company has assiduously defended its trademarks in court, before the Trademark Office and through private channels. Blue

9

1   Marlin has spent hundreds of thousands of dollars protecting the brands and their

2   goodwill.

3   9.   The company's BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR® brands

4   are sold at high-end, premium retailers such as Nordstrom's, Macy's West and Lord &

5   Taylor. Its products have been featured on countless celebrities including Justin

6   Timberlake, Jake Gyllenhaal, and Owen Wilson. Blue Marlin's product has been

7   featured in Hollywood films such as The Departed and Take the Lead, as well as hit TV

8   shows such as CSI, Entourage and The OC. Blue Marlin expends a significant portion of

9   our time and money carefully managing the image and distribution of these brands.

10   10.   Blue Marlin has spent considerable time, effort and money developing and safeguarding

11   the reputation of the Blue Marlin brands; the indiscriminate selling of product into

12   discount retailers would incalculably harm the image, prestige, reputation and good will

13   of the BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR® brands.

14   Similarly, selling BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR®

15   product at deep discounts will very negatively impact the reputation of the brands.

16   11.   Based on my knowledge of USPA's business, and the small sales volume of business

17   they were selling under the BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE

18   STAR® brands, I believe that USPA would currently have inventory for these brands

19   totaling far less than 1% of their annual revenue.

20   12.   The foregoing facts are within my personal knowledge and I am competent to testify to

21   their truth if called as a witness.

22

23

24

25

10

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is

2  true and correct.

3                                                   Erik Stuebe

4

5     Subscribed and sworn to before me on _____ Nov 9 2006 _____

6                                                   Notary Public in and for said

7                                                   County and State

8

9                              GLADYS HUI
                               COMM. #1652445
10                             Notary Public-California
                               SAN FRANCISCO COUNTY
11                             My Comm. Exp. April 30, 2010

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                      11

# EXHIBIT A

Page 1 of 3

Yahoo! Mail - randall_riccardo@yahoo.com

Yahoo! My Yahoo! Mail                    Welcome, randall_riccardo                Web Search
                                         [Sign Out, My Account]                  Mail Home - Mail Tutorials - Help
                              Search:



Mail ⌄   Addresses ⌄   Calendar ⌄   Notepad ⌄   What's New - Mail For Mobile - Upgrades - Options

                                                      Search Mail | Search the Web

Check Mail   Compose

Previous | Next | Back to Search Results

VONAGE: Save up to 50% on phone service

Check Other Mail   [Edit]
  mail difinispor

Folders      [Add - Edit]
  Inbox (28)
  Draft
  Sent
  Bulk (1)      [Empty]
  Trash         [Empty]
My Folders        [Hide]
  BM--Erik Stuebe
  BM--Licensing
  BM--Marketing
  BM--Trademark
  BM--Various
  Events
  Job search
  Miscellaneous
  Rebuilding Toge
  Various Clients

Search Shortcuts
  My Photos
  My Attachments

See your
credit score: $0

Delete   Reply ⌄   Forward ⌄   Spam   Move... ⌄              Printable View

This message is not flagged  [ Flag Message - Mark as Unread ]

From:    'Erik Stuebe' <estuebe@bluemarlincorp.com>    View Contact Details
         Add Mobile Alert

To:      'randall riccardo' <randall_riccardo@yahoo.com>

Subject: Fw:

Date:    Wed, 29 Mar 2006 13:59:56 -0800

Randy

let's discuss

erik

------ Original Message ------
**From:** Sam Hafif
**To:** Erik Stuebe
**Cc:** Rick Ashley ; Bernie Hafif ; Steven Gerber ; sam@concept1.com
**Sent:** Wednesday, March 29, 2006 1:16 PM

Dear Erik,

Randal Ricardo called on your behalf on Monday to advise that you were not willing to renegotiate the terms of the license agreement between Concept One and Blue Marlin. My response was that we would not agree to pay the minimum royalties as stated in the contract based on the following:

1) Breach of exclusivity - For several months after the license agreement went into effect Blue Marlin continued to distribute headwear from their inventory into the market

2) Misrepresentation – As our initial meetings with you and Per, you stated that at peak your headwear business had achieved $3,000,000 in revenue, and for the year prior to

http://us.f318.mail.yahoo.com/ym/ShowLetter;_ylc=X3oDMTRrMmpwM2puBEFjdGh.bg—   6/14/2006

Yahoo! Mail - randall_riccardo@yahoo.com

Netflix $5.99/mo
No Late Fees!

Find Any
Email Address

Online Degree
Programs

our entering into license with you, it was $700,000. We based our proposals and sales projections on that advice. Subsequent to signing the license we learned that information to be false. Further, account lists that were provided to us as a basis for distribution turned out to be outdated as 75% of the specialty stores on those lists were inactive for a period of time and advised us that they had dropped Blue Marlin and had no interest in buying the brand.

3) Changes to the marks – Prior to our entering into the agreement, Blue Marlin had been using several marks including the Blue Dot mark for many years, shortly after signing the license we were advised that you were not going forward with those marks, and we were prohibited from using them on product, packaging, and displays. You never adopted a permanent mark thereafter, changing your mark every 3-4 months (shields, lions, stars, shields w lions and stars, no stars etc). This diminished the value of the Blue Marlin brand, and did not enable us to develop the business using the mark that was presented to us prior to signing.

4) Delay of approvals – This year you held us off for 4 months from developing Fall while you were deciding whether or not to pull the license back in house. This caused us to miss an entire shipping period of merchandise.

For months now, you have aluded that you wish to discontinue the license agreement with Concept One, but have not directly addressed the minimum royalty issue. There is no point in tiptoeing around this issue, so I am stating directly that we will not accept that obligation. If need be we are prepared to defend our position legally.

I offer you the following two alternatives.

1) Concept One continues to exploit the license to the best of it's ability, and minimum royalties are reduced to actual royalties earned for 04-05, 50k for 05-06, and 75k for 06-07

2) The license is immediately terminated with no obligation to Concept One to pay additional royalties (except for actual sales). Merchandise is either sold to you at landed cost, or to the market during a 90 day sell-off period.

We do not wish to attend your design and sales meetings next

age 3 of 3

Yahoo! Mail - randall_riccardo@yahoo.com

week, unless this issue is resolved prior to. Unless we hear from you, we will not attend.

The intent of this letter is for the purpose of trying to reach a settlement only, and we're reserving all of our rights, and making no admissions.

We look forward to your response.

Best Regards,

Sam Hafif



Copyright © 1994-2006 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

http://us.f318.mail.yahoo.com/ym/ShowLetter;_ylc=X3oDMTRrMmpwM2puBEFjdGlvbg.    6/14/2006

**EXHIBIT B**



# blue marlin

June 14, 2006

Mr. Sam Hafif
Concept One
362 Fifth Avenue
2nd Floor
New York, NY 94110
Via Certified Mail

Re: Breach of Contract with Blue Marlin Corporation

Dear Mr. Hafif:

This letter serves as ten (10) day notice that you are in breach of the headwear agreement (hereinafter "Agreement") with Blue Marlin Corporation dated January 1, 2004 for failure of payment pursuant to Section 15.1. To date, we have not received full payment for the quarter ending March 31, 2006; your payment of $12, 171.22 was short $17,828.78 for the guaranteed minimum royalties for this period. Additionally, you made no advertising contribution for the quarter ending March 31, 2006: this amount totals $508.

For the quarter ending December 31, 2005, totaling all payments up to that point, Concept One is deficient $59, 802.45. This unpaid amount also constitutes a breach of contract pursuant to Section 15.1 of the Agreement. As you are aware, payments are due 45 days after the close of each quarter. Unless we immediately receive payment for $78, 139.23, we will consider Concept One in breach of the Agreement and terminate the Agreement.

We have received your email dated March 29, 2006 sent to Blue Marlin CEO, Erik Stuebe. The email clearly indicates that Concept One does not intend to honor the Agreement with Blue Marlin referenced above. We categorically reject your demands for altering the terms of the Agreement and do hereby hold Concept One responsible for fulfillment of all the terms of the January 1, 2004 Agreement.

We do not agree in any respect with the arguments in your email. We consider points one through three in the email to be untrue. The contentions stated in your email do not

obviate your need to pay the required royalties, expenditures and fees as required in the Agreement.

If you wish to terminate the Agreement before its expiration, we are prepared to let you out of the final year of the Agreement for a payment of $156,000. This amount, together with the unpaid royalties and advertising contributions to date totaling $78,139.23, produces a total amount due of $234,139.23.

We expect immediate and full payment on the outstanding balance.

Sincerely yours,

R. Randall Riccardo, Esq.


cc:    Steve Gerber
       Erik Stuebe
       Rick Ashley

1  R. Randall Riccardo
   299 Kansas Street
2  San Francisco, CA 94103
   Telephone: 415-252-9630
3  Fax:  415-252-9633

4  Attorney for Plaintiff

5

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9

10                  COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP ,                )  Case No :CGC-06-453170
                                      )
13        Plaintiff,                  )  DECLARATION OF R. RANDALL
                                      )  RICCARDO IN SUPPORT OF PLAINTIFF'S
14     vs.                            )  MOTION FOR PRELIMINARY
                                      )  INJUNCTION
15  USPA ACCESSORIES, LLC dba CONCEPT )
                                      )  HEARING DATE:  December 11, 2006
16  ONE ACCESSORIES,                  )  DEPARTMENT:    302
                                      )  HEARING JUDGE: Hon, Ronald E
17        Defendant                   )  Quidachay
                                      )  DATE ACTION FILED: June 30, 2006
18                                    )
                                      )
19  _____ )

20  I, R. RANDALL RICCARDO,  declare:

21  1.    I am the Vice President of Licensing and attorney for Blue Marlin Corporation

22  (hereinafter referred to as "Blue Marlin"), which has offices at 299 Kansas Street, San

23  Francisco, CA 94103. I have been employed by Blue Marlin since June, 2006. Prior to

24  that time I served as a consultant, and outside counsel to the company.

25
                                      12

2.    In my capacity as Vice President of Licensing, I oversee the operations of the licensing department; as an attorney for Blue Marlin, I am involved in the legal issues involving the company. In the usual and ordinary course of it business, Blue Marlin maintains records relating to the conduct of its business ("the Business Records"). I have considerable access to the Business Records. Except where otherwise noticed, I make this declaration on the basis of my personal knowledge or on the basis of my review of the Business Records.

3.    I am very familiar with the events surrounding the license agreement between Blue Marlin and USPA (hereinafter "the License"). I contacted the president of USPA, Sam Hafif, on numerous occasions in March, April and May of 2006 and attempted to get USPA to remit the minimum royalty payments they owed, and on which they became delinquent, as required under the License. USPA never made such payments.

4.    On June 15, 2005, I drafted a letter, (EXHIBIT A), and informed USPA that they were in breach of the License for non-payment, indicated the amount of the arrearage, and told them they had 10 days to cure this breach. I never heard back from USPA, but rather received a letter from their counsel. On July 12, 2006, I filed a complaint for breach of contract, failure to pay on an account stated and open account in San Francisco Superior Court.

5.    After filing the complaint, I contacted USPA's outside counsel and asked them to comply with the terms of the License regarding USPA's obligations upon termination. I have read the License agreement numerous times and am familiar with the contents. Upon termination, the License informs USPA that "it may no longer sell any units of the Licensed Articles or Import Articles or use the Trademark in any manner whatsoever, effective as of the date of termination". I asked USPA's counsel to provide a "complete and accurate written list of the current inventory of all units of Licensed Articles ...and a

13

1   list of all uncancellable orders for the manufacture of Licensed Articles." These

2   provisions are also called for under the license. I was informed by opposing counsel that

3   he would attempt to get me this information, but that he had to speak with USPA.

4   6.   On August 8, 2006, opposing counsel contacted me to ask for an extension to answer the

5   complaint. I granted opposing counsel this request and reiterated my request that USPA

6   confirm they were no longer selling licensed BLUE MARLIN®, FIVE STAR

7   VINTAGE® and FIVE STAR® product and comply with the other terms in the License

8   agreement regarding termination. Opposing counsel told me he would try to provide this

9   information. I believe that opposing counsel made good faith attempts to provide this

10  information, but that USPA did not wish to comply with the terms of the license

11  agreement.

12  7.   I have attempted no less than 5 times to have USPA confirm that they will comply with

13  the provisions of the license agreement regarding termination. Before filing the instant

14  Notice of Prelimanary Injunction, I sent one final request to opposing counsel asking

15  them to confirm the requested information on termination: to date I have received no

16  reply from USPA.

17

18  I declare under penalty of perjury under the laws of the State of California that the foregoing is

19  true and correct.

20                                                R. Randall Riccardo

21

22  Subscribed and sworn to before me on                    Nov 9, 2006

23

24                                                Notary Public in and for said
                                                  County and State

25

GLADYS HUI
COMM. #1652445
Notary Public-California
SAN FRANCISCO COUNTY
My Comm. Exp. April 30, 2010
ESI1                    ESI1

14

**EXHIBIT A**



# blue marlin

June 14, 2006

Mr. Sam Hafif
Concept One
362 Fifth Avenue
2nd Floor
New York, NY 94110
Via Certified Mail

Re: Breach of Contract with Blue Marlin Corporation

Dear Mr. Hafif:

This letter serves as ten (10) day notice that you are in breach of the headwear agreement (hereinafter "Agreement") with Blue Marlin Corporation dated January 1, 2004 for failure of payment pursuant to Section 15.1. To date, we have not received full payment for the quarter ending March 31, 2006; your payment of $12, 171.22 was short $17,828.78 for the guaranteed minimum royalties for this period. Additionally, you made no advertising contribution for the quarter ending March 31, 2006: this amount totals $508.

For the quarter ending December 31, 2005, totaling all payments up to that point, Concept One is deficient $59, 802.45. This unpaid amount also constitutes a breach of contract pursuant to Section 15.1 of the Agreement. As you are aware, payments are due 45 days after the close of each quarter. Unless we immediately receive payment for $78, 139.23, we will consider Concept One in breach of the Agreement and terminate the Agreement.

We have received your email dated March 29, 2006 sent to Blue Marlin CEO, Erik Stuebe. The email clearly indicates that Concept One does not intend to honor the Agreement with Blue Marlin referenced above. We categorically reject your demands for altering the terms of the Agreement and do hereby hold Concept One responsible for fulfillment of all the terms of the January 1, 2004 Agreement.

We do not agree in any respect with the arguments in your email. We consider points one through three in the email to be untrue. The contentions stated in your email do not

obviate your need to pay the required royalties, expenditures and fees as required in the Agreement.

If you wish to terminate the Agreement before its expiration, we are prepared to let you out of the final year of the Agreement for a payment of $156,000. This amount, together with the unpaid royalties and advertising contributions to date totaling $78,139.23, produces a total amount due of $234,139.23.

We expect immediate and full payment on the outstanding balance.

Sincerely yours,

R. Randall Riccardo, Esq.

cc:     Steve Gerber
        Erik Stuebe
        Rick Ashley

**IT IS ORDERED** that:

1.    During pendency of this action or until further court order, defendant, USPA Accessories LLC, and its agents, officers, employees, and representatives, be enjoined from engaging in or performing the following: advertising, manufacturing, promoting, offering for sale or selling any product bearing trademarks or artwork belonging to the Blue Marlin Corporation. This court reserves jurisdiction to modify this injunction as the ends of justice may require.

Dated:_____        _____
                                Hon. Ronald E. Quidachay
                                San Francisco Superior Court Judge

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATIONS; PROPOSED ORDER
Case No.: CGC-06-453170

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO    ) Case No. CGC-06-453170

        I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco, California 94103

        On NOVEMBER 10, 2006, I served the foregoing document described as PLAINTIFF BLUE MARLIN CORP.'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ERIK STUEBE AND R. RANDALL RICCARDO; PROPOSED ORDER on the interested party in this action as follows:

DAVID M. BASS
DAVID M. BASS & ASSOCIATES
2029 CENTRUY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 415 789 1149

☐    BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be personally served to the offices of the addressee.

☐    BY FACSIMILE: I communicated the above-mentioned document(s) via facsimile to the addressee as indicated above. The transmission was reported complete and without error by a transmission report issued by the facsimile transmission machine as defined in California Rule of Court 2003 upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmittal report bearing the date, time and sending facsimile machine telephone number shall be attached to the original proof of service.

☐    BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

1    ☒    BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be

2    sent via Federal Express overnight delivery. By placing a true and correct copy of such

3    document(s) enclosed in a sealed envelope or package designated by the express service carrier and

4    deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

5    driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

6    addressed to the address last shown by that person on any document filed in the action as indicated

7    above.

8    ☐    BY MAIL: By placing a true and correct copy of such document(s) enclosed

9    in a sealed envelope addressed to the offices indicated above. I am "readily familiar" with the firm's

10    practice of collection and processing correspondence for mailing. Under that practice it would be

11    deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

12    Francisco, California in the ordinary course of business. I am aware that on motion of the party

13    served, service is presumed invalid if postal cancellation date or postage meter date is more than one

14    day after date of deposit for mailing in affidavit.

15    Executed on November 10, 2006, at San Francisco, California.

16    I declare under penalty of perjury under the laws of the Sate of California that the

17    above is true and correct.

18

19    _____

20    FE SAUCELO

21

22

23

24

25

26

27

28

---

2

PROOF OF SERVICE
Blue Marlin Corp. v. USPA Accessories, LLC
Case No.: CGC-06-453170