**TAB 12**

David M Bass (State Bar No. 117199)
Peter M. Cho (State Bar No. 213870)
DAVID M BASS & ASSOCIATES
2029 Century Park East, 14th Floor
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile: (310) 789-1149
E-mail: dbass@basslawla.com

Attorneys for Defendant USPA ACCESSORIES,
LLC dba CONCEPT ONE ACCESSORIES,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BLUE MARLIN CORP , | Case No. CGC-06-453170 |
| Plaintiff, | Hon. Ronald E Quidachay<br>Law & Motion Department 302 |
| vs. | |
| USPA ACCESSORIES, LLC dba<br>CONCEPT ONE ACCESSORIES, | **ORDER GRANTING** *EX PARTE*<br>**APPLICATION OF USPA ACCESSORIES,<br>LLC** |
| Defendant | |
| | Date:     November 30, 2006<br>Time:     11:00 a m<br>Place:    Department 302 |
| | Complaint Filed:   June 15, 2006 |

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

ORDER GRANTING EX PARTE APPLICATION OF USPA OF USPA ACCESSORIES, LLC

FILED
San Francisco County Superior Court

DEC 0 1 2006

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

Dec/1,2006  MIN PT

FROM-    10:08    11-30-06

T-985  P 001/001  F-448

## ORDER

The *ex parte* application of Defendant USPA Accessories, LLC ("USPA") for an order

taking the motion for preliminary injunction of Plaintiff Blue Marlin Corporation ("Blue

Marlin") off calendar came on for hearing in Department 302 of this Court on November 30,

2006. Peter M. Cho appeared on behalf of Defendant USPA and Randall Riccardo appeared on

behalf of Plaintiff Blue Marlin. Having considered the application and argument of counsel,

and good cause appearing therefor,

II IS ORDERED that the application is granted. The motion for preliminary injunction

is hereby placed off calendar.

Dated: November ___, 2006

Hon. Ronald E. Quidachay
Judge of the Superior Court

**TAB 13**

1  Randall Riccardo, Esq. (#224672)
2  299 Kansas Street
   San Francisco, CA 94103
3  Telephone: 415-252-9630
   Fax: 415-252-9633

4  Attorney for Plaintiff

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 0 1 2006

GORDON PARK-LI, Clerk
BY    WESLEY RAMIREZ
                    Deputy Clerk

5

6

7

8  SUPERIOR COURT OF CALIFORNIA

9

10  COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                    )  Case No.:CGC-06-453170
                                          )
13                    Plaintiff,          )  NOTICE OF MOTION AND MOTION FOR
                                          )  PRELIMINARY INJUNCTION;
14           vs.                          )  MEMORANDUM OF POINTS AND
                                          )  AUTHORITIES; DECLARATIONS OF
15  USPA ACCESSORIES, LLC dba CONCEPT     )  ERIK STUEBE AND R. RANDALL
                                          )  RICCARDO; PROPOSED ORDER
16  ONE ACCESSORIES,                      )
                                          )  HEARING DATE:  January 3, 2007
17                    Defendant           )  DEPARTMENT: 302
                                          )  HEARING JUDGE: Hon, Ronald E.
18                                        )  Quidachay
                                          )  DATE ACTION FILED: June 30, 2006
19

20

21  Defendant, USPA ACCESSORIES, LLC and their counsel of record:

22  PLEASE TAKE NOTICE THAT at 9:30 a.m. on January 3, 2006, or as soon thereafter as the

23  matter can be heard, at Department 302 of the above entitled Court, located at 400 McAllister

24  Street, San Francisco, CA 94102, Plaintiff will and hereby does move the Court under Cal C.C.P

25  §527 for an order for preliminary injunction restraining and enjoining you, your agents, servants,

1

1   assigns and all those acting in concert with you, from displaying, advertising, manufacturing,

2   promoting, offering for sale or selling any product bearing the BLUE MARLIN, FIVE STAR or

3   FIVE STAR VINTAGE trademarks or artwork.

4   This motion is based on the ground that Defendant having willfully breached a license

5   agreement with Plaintiff should no longer permitted to sell product, bearing the BLUE

6   MARLIN®, FIVE STAR® and FIVE STAR VINTAGE® trademarks and artwork, into the

7   market under the terms of the license.  Sales of product to off-price discounters will have a

8   severe negative impact on Plaintiff's trademarks and attendant goodwill

9   This motion is based on this Notice of Motion, the attached Memorandum of Points and

10  Authorities, on the pleading, declarations of Erik Stuebe and R. Randall Riccardo, all papers

11  filed and records in this action and any and any evidence received at the hearing.

12

13  Dated: December 1, 2006          By:

R. Randall Riccardo
Attorney for Plaintiff, Blue Marlin Corp.

14

15

16

17

18

19

20

21

22

23

24

25

2

# MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Blue Marlin Corp. is the owner of registered trademarks BLUE MARLIN®,

FIVE STAR®, FIVE STAR VINTAGE® and a design mark of five stars (the "Blue Marlin

Brands") Defendant, USPA Accessories, LLC is a headwear manufacturer and distributor.

Defendant, under a license from Blue Marlin, manufactured and distributed headwear bearing the

aforementioned Blue Marlin Brands. In November, 2005, Defendant ceased making the required

payments due under the license (Declaration of E. Stuebe, para 3). On June 15, 2006, Blue

Marlin terminated the license agreement after giving USPA notice and an opportunity to cure the

breach for non-payment totaling $78,139.23 (Declaration of Riccardo, para 4). On July 12,

2006, Blue Marlin instituted suit against Defendant USPA for failure to pay stated amounts

under the license agreement and for breach of contract (Case No. CGC-06-453170)

Under §§16.2.1 and 16.2.5 of the license agreement, USPA was obligated upon

termination of the license, to immediately cease selling any items covered by the license, destroy

all existing units, provide Blue Marlin with a written list of uncancellable orders and provide a

list of the existing inventory of product manufactured under the license agreement (Exhibit A to

Complaint). Despite numerous requests both to USPA and its counsel, Defendant has failed to

comply with a single provision of the license upon termination (Declaration of Riccardo, para 5

and 6)

It is Blue Marlin's belief that USPA continues to sell product and may indeed be

dumping the product at severe discounts through off-price discounters causing irreparable injury

to Blue Marlin's trademarks and attendant goodwill. Plaintiff hereby seeks this injunction

enjoining Defendant USPA from advertising, manufacturing, promoting, offering for sale or

selling any product displaying the Blue Marlin brands or any artwork belonging to the Blue

Marlin Corp.

4

1  II    ARGUMENT

2         PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF ITS CLAIM AT TRIAL.

3         A plaintiff, like Blue Marlin, is entitled to preliminary injunctive relief if it is reasonably

4  probable that the moving party will succeed on the merits. *San Francisco Newspaper Printing*

5  *CO, Inc v. Sup. Ct* 170 Cal. App.3d 438, 432 (1985). Defendant USPA operated under the

6  terms of the fully executed license agreement from February 1, 2004 until USPA stopped making

7  the required payments under the license in November, 2005 (Declaration of Stuebe, para. 3).

8  During that time, Defendant sold headwear bearing the Plaintiff's Blue Marlin Brand trademarks

9  Defendant stopped making the full payments required under the license in November, 2005 and

10 presented no reasons therefore (Declaration of Stuebe, para 3). In March, 2006, Blue Marlin

11 began asking Defendant for full payment, and payment on the arrearage under the license

12 agreement (Declaration of Stuebe, para 4)   Full payment was never made and Defendant then

13 made an unequivocal assertion, stating in an email that it ,, would not make the minimum

14 royalties as stated in the contract" and that there was ,, no point in tip-toeing around this issue,

15 we will not accept that obligation" (Declaration of Stuebe, para 5; Exhibit A to Declaration of

16 Stuebe)

17        In the aforementioned email, Defendant USPA's President, Sam Hafif, created a number

18 of reasons why it would not continue to pay under the license, none of which it had hitherto

19 referenced (Exhibit A to Declaration of Stuebe)   Plaintiff Blue Marlin contends that the

20 Defendant created its rationale for its failure to make the required payment because it was having

21 trouble selling product in sufficient amounts while it still had on-going obligations under the

22 license to make minimum royalty payments (Declaration of Stuebe, para. 5).

23        Plaintiff Blue Marlin has performed all of its obligations and conditions required of it

24 under the license agreement but has failed to be properly compensated for granting the

25

1   Defendant an exclusive license to distribute products under the Blue Marlin Brands.

2   (Declaration of E. Stuebe, para. 7)

3   Defendant's President, Sam Haffl, has also made clear, through the email sent March 29,

4   2006, that it was repudiating the contract and breaching its on-going obligation (Exhibit A to

5   Declaration of Stuebe). Plaintiff also included a claim in its complaint for $156,000 due in

6   minimum royalty payments, an amount for advertising royalties and interest thereon it would

7   have received had Defendant not anticipatorily breached the contract.

8   After termination of the license agreement, Plaintiff Blue Marlin, through its Vice

9   President of Licensing and in-house counsel, contacted Defendant USPA's attorney and

10   attempted to have them confirm that they would comply with the termination provisions under

11   the license agreement (Declaration of Ricecardo, para 5). Plaintiff's counsel attempted no less

12   than five times to have USPA confirm that they were not continuing to sell Blue Marlin Branded

13   product and would comply with the termination provision of the license (Declaration of

14   Ricecardo, para. 7) Less than one week before the instant motion for Preliminary Injunction was

15   filed, Plaintiff's counsel attempted again to confirm with Defendant USPA that it would comply

16   with the termination provisions of the license: Plaintiff's counsel received no response

17   (Declaration of Ricecardo, para 7)

18   Plaintiff is entitled to the guaranteed minimum royalty payments required under the

19   license agreement, pursuant to Cal. C.C.P. § 337 and should prevail on the merits of these claims

20   at trial.

21

22   **2.  PLAINTIFF BLUE MARLIN WILL SUFFER IRREPARABLE HARM IF**

23   **DEFENDANT NOT ENJOINED.**

24   Plaintiff has been in business for twelve years and has vigorously defended its trademarks

25   and safeguarded its good will during that time (Declaration of Stuebe, para. 8) Its products have

9

1   been worn by countless celebrities, depicted in numerous motion pictures and television shows,

2   including the OC, Entourage and (Declaration of Stuebe, para. 9). Its products are sold at high-

3   end, premium retailers such as Nordstrom, Macy's West, Lord and Taylor and Marshall Fields.

4   Blue Marlin has sought to maintain the exclusivity of the Blue Marlin Brands through carefully

5   managed distribution at these premium channels. (Declaration of Stuebe, para. 9)

6   Defendant is in possession of a certain, unverified, amount of headwear inventory bearing

7   the Blue Marlin Brands and artwork (Declaration of Stuebe, para. 10). Since the license has

8   been terminated, Defendant can no longer offer itself as an on-going supplier of headwear

9   featuring the Blue Marlin Brands. In these instances, it is common for a distributor to sell or

10  dump, inventory at severe discounts to off-price, low-tier retailers. Sale of the Blue Marlin

11  Brand headwear at such inferior retail channels and discounted prices will cause irreparable

12  damage to the Blue Marlin Brands and the goodwill it has established in its twelve years of

13  operation (Declaration of Stuebe, para. 10). Defendant must be enjoined from selling any product

14  that will cause severe damage to the Blue Marlin Brands. Additionally, Defendant is obligated

15  under the terms of the negotiated license agreement to destroy such product, present Blue Marlin

16  with an inventory and a list of uncancelable accounts and not sell any items bearing the Blue

17  Marlin Brands.

18

19       3.   MONEY DAMAGES ARE INADEQUATE TO COMPENSATE BLUE MARLIN

20            FROM THE HARM II WILL SUSTAIN

21       If Defendant USPA is not enjoined from selling Blue Marlin Branded product into

22  inferior retailers and offering the product at deep discount prices, the Blue Marlin Brands will

23  suffer incalculable damage to their reputation, prestige and goodwill it has assiduously protected

24  and developed over the past twelve years. Defendant has spent hundreds of thousands of dollars,

25  over the twelve years Blue Marlin has been in business, advertising and promoting the Blue

1   Marlin Brands (Declaration of Stuebe, para. 10)  Should Defendant not be enjoined, the damage

2   inflicted upon its reputation, prestige and goodwill will be very difficult to calculate.

3

4   4.   BALANCING THE HARDSHIPS WEIGHS IN FAVOR OF BLUE MARLIN

5   Enjoining Defendant USPA will not result in any undue burden or hardship upon them.

6   The amount of product that plaintiff requests be enjoined should constitute far less than one

7   percent of Defendant's annual revenue (Stuebe Declaration, para. 11)  Furthermore, although

8   the license agreement, Section 16.2.5 calls for the product to be destroyed, the Plaintiff may be

9   willing to allow the Defendant to sell such product as long as it is not sold into low-tier, off-price

10  retailers at steep discounts and Plaintiff is paid the royalties owed on such product.

11

12  5.   ENJOINING DEFENDANT USPA'S CONDUCT THROUGH THIS MOTION WILL

13  PREVENT THE NEED FOR UNNECESSARY LEGAL ACTION.

14  Granting this motion to enjoin Defendant USPA from selling product into low-tier,

15  discount retailers, will obviate the need for Plaintiff Blue Marlin to institute an action for

16  trademark infringement, tarnishment of trademark, copyright infringement and unfair

17  competition based upon Defendant's continued, unauthorized use of Plaintiff's Blue Marlin

18  Brands.  Should this motion be denied, Plaintiff will have no choice but to institute such an

19  action, and seek other remedies, to safeguard the reputation, prestige and goodwill of its valuable

20  trademarks.

21

22  For the foregoing reasons, this Court should grant Plaintiff Blue Marlin's Application for

23  Preliminary Injunction.

24  Dated: December 1, 2006          By: _____

25                                        R. Randall Riccardo
                                          Attorney for Blue Marlin Corp.

R. Randall Riccardo, Esq. (#224672)
299 Kansas Street
San Francisco, CA 94103
Telephone: 415-252-9630
Fax: 415-252-9633

Attorney for Plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BLUE MARLIN CORP., | Case No. CGC-06-453170 |
| Plaintiff, | DECLARATION OF ERIK STUEBE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| vs. | |
| USPA ACCESSORIES, LLC dba CONCEPT 1 | HEARING DATE: January 3, 2007 |
| ONE ACCESSORIES, | DEPARTMENT: 302 |
| | HEARING JUDGE: Hon. Ronald E. Quidachay |
| Defendant | DATE ACTION FILED: June 30, 2006 |

I, ERIK STUEBE, DECLARE:

1.  I am President and Chief Executive Officer for Plaintiff Blue Marlin Corporation (hereinafter referred to as "Blue Marlin"), which has offices at 299 Kansas Street, San Francisco, CA 94103. In my capacity as CEO, I am responsible for overseeing the daily activities and operations of Blue Marlin. I have been employed by Blue Marlin since 1994, the year I founded the company and assumed the positions of CEO and President.

8

6

1  2. In the usual and ordinary course of it business, Blue Marlin maintains its business records relating to

2  the conduct of its business ("the Business Records")  I have full access to the Business

3  Records  Except where otherwise noted, I make this declaration on the basis of my

4  personal knowledge or on the basis of my review of the Business Records.

5  3. Blue Marlin and USPA Accessories entered into a license agreement calling for USPA to

6  pay $75,000 in minimum guaranteed royalties the first year, and $120,000 and $150,000

7  a year respectively years two and three.  These payments were in addition to advertising

8  contributions and royalties. In November 2005 and into 2006, USPA ceased making the

9  required payments under the license.

10  4. After reviewing our records in March, 2006, we determined that USPA had underpaid

11  Blue Marlin $95,967 93 in the agreed upon minimum royalties  We repeatedly requested

12  that USPA pay the deficiency. USPA paid nothing despite our requests.

13  5. On May 30, 2006, the President for USPA, Mr. Sam Haffi, sent me an email stating that

14  USPA was not going to honor the agreement and would make no further payments

15  (Exhibit A).  The email also contained a number of reasons why USPA would make no

16  further payments  From this email, and earlier conversations, USPA made clear that it

17  was not selling sufficient quantities of product to cover its minimum royalty obligation.

18  6. In June, 2006, I instructed Randall Riccardo, Vice President of Licensing for Blue

19  Marlin, to send the attached letter (Exhibit B) informing USPA they were in breach of the

20  agreement for non-payment. USPA had ten days to cure the breach under the terms of the

21  contract  Blue Marlin received no payment, only a letter from USPA's attorney.

22  7. Blue Marlin has, to the best of my knowledge, performed all of its obligations required

23  under the license agreement.

24  8. During Blue Marlin's twelve years in business, the company has assiduously defended

25  its trademarks in court, before the Trademark Office and through private channels  Blue

10

1  Martin has spent hundreds of thousands of dollars protecting the brands and their

2  goodwill.

3  9.  The company's BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR® brands

4  are sold at high-end, premium retailers such as Nordstrom's, Macy's West and Lord &

5  Taylor.  Its products have been featured on countless celebrities including Justin

6  Timberlake, Jake Gyllenhaal, and Owen Wilson.  Blue Marlin's product has been

7  featured in Hollywood films such as The Departed and Take the Lead, as well as hit TV

8  shows such as CSI, Entourage and The OC.  Blue Marlin expends a significant portion of

9  our time and money carefully managing the image and distribution of these brands.

10  10.  Blue Marlin has spent considerable time, effort and money developing and safeguarding

11  the reputation of the Blue Marlin brands; the indiscriminate selling of product into

12  discount retailers would incalculably harm the image, prestige, reputation and good will

13  of the BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR® brands.

14  Similarly, selling BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE STAR®

15  product at deep discounts will very negatively impact the reputation of the brands

16  11.  Based on my knowledge of USPA's business, and the small sales volume of business

17  they were selling under the BLUE MARLIN®, FIVE STAR VINTAGE® and FIVE

18  STAR® brands, I believe that USPA would currently have inventory for these brands

19  totaling far less than 1% of their annual revenue.

20  12.  The foregoing facts are within my personal knowledge and I am competent to testify to

21  their truth if called as a witness.

22

23

24

25

Case 3:07-cv-03368-CRB   Document 6   Filed 06/27/2007   Page 15 of 48

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATIONS; PROPOSED ORDER

11

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is

2  true and correct.

3

Erik Stuebe

4

5  Subscribed and sworn to before me on _____

6

Notary Public in and for said
County and State

7



GLADYS HUI
COMM. #1662445
Notary Public-California
SAN FRANCISCO COUNTY
My Comm. Exp. April 30, 2010

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



EXHIBIT A

Yahoo! Mail - randall_ricardo@yahoo.com

Page 1 of 3

**YAHOO!** MAIL

Welcome, **randall_ricardo**
[Sign Out, My Account]

Mail Home - Mail Tutorials - Help

Web Search |

Search:

| Check Mail | Compose |

| Search Mail | Search the Web |

Previous | Next | Back to Search Results

Delete | Reply | Forward | Spam | Move...

Printable View

This message is not flagged. [ Flag Message - Mark as Unread ]

From:    "Erik Stuebe" <estuebe@bluemountinc.com> View Contact Details  Add Mobile Alert

To:      "randall ricardo" <randall_ricardo@yahoo.com>

Subject:    Fw:

Date:    Wed, 29 Mar 2005 13:59:56 -0800

Randy,

let's discuss

erik

--- Original Message ---

**From:** Sam Hatt

**To:** Erik Stuebe

**Cc:** Rick Ashley ; Bernie Hatt ; Steven Gerber ; sam@concept1.com

**Sent:** Wednesday, March 29, 2005 1:16 PM

Dear Erik,

Randal Ricardo called on your behalf on Monday to advise that you were not willing to renegotiate the terms of the license agreement between Concept One and Blue Marlin. My response was that we would not agree to pay the minimum royalties as stated in the contract based on the following:

1) Breach of exclusivity – For several months after the license agreement went into effect Blue Marlin continued to distribute headwear from their inventory into the market.

2) Misrepresentation -- As our initial meetings with you and Per, you stated that at peak your headwear business had achieved $3,000,000 in revenue, and for the year prior to

http://us.f318.mail.yahoo.com/ym/ShowLetter?.yid=X3oDMTRrMmpwM2ZpbBFfjdGRkbg    6/14/2006

our entering into license with you, it was $700,000. We based
our proposals and sales projections on that advice
Subsequent to signing the license we learned that
information to be false. Further, account lists that were
provided to us as a basis for distribution turned out to be
outdated as 75% of the specialty stores on those lists were
inactive for a period of time and advised us that they had
dropped Blue Martin and had no interest in buying the
brand.

3) Changes to the marks – Prior to our entering into the
agreement, Blue Martin had been using several marks
including the Blue Dot mark for many years, shortly after
signing the license we were advised that you were not
going forward with those marks, and we were prohibited
from using them on product, packaging, and displays. You
never adopted a permanent mark thereafter, changing your
mark every 3-4 months (shields, lions, stars, shields w lions
and stars, no stars etc). This diminished the value of the
Blue Martin brand, and did not enable us to develop the
business using the mark that was presented to us prior to
signing

4) Delay of approvals – This year you held us off for 4 months
from developing Fall while you were deciding whether or
not to pull the license back in house. This caused us to
miss an entire shipping period of merchandise.

For months now, you have aluded that you wish to discontinue the
license agreement with Concept One, but have not directly
addressed the minimum royalty issue. There is no point in
tiptoeing around this issue, so I am stating directly that we will not
accept that obligation. If need be we are prepared to defend our
position legally.

I offer you the following two alternatives.

1) Concept One continues to exploit the license to the best of
it's ability, and minimum royalties are reduced to actual
royalties earned for 04-05, 50k for 05-06, and 75K for 06-07

2) The license is immediately terminated with no obligation to
Concept One to pay additional royalties (except for actual
sales). Merchandise is either sold to you at landed cost, or
to the market during a 90 day sell-off period.

We do not wish to attend your design and sales meetings next

week, unless this issue is resolved prior to . Unless we hear from you, we will not attend.

The intent of this letter is for the purpose of trying to reach a settlement only, and we're reserving all of our rights, and making no admissions.

We look forward to your response.

Best Regards,

Sam Haffi

Delete | Reply | Forward | Spam | Move...

Previous | Next | Search Results | Save Message Text | Full Headers

Check Mail | Compose | Search Mail | Search the Web

Copyright © 1994-2006 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

EXHIBIT B



**blue marlin**

June 14, 2006

Mr. Sam Hafif
Concept One
362 Fifth Avenue
2ⁿᵈ Floor
New York, NY 94110
Via Certified Mail

Re: Breach of Contract with Blue Marlin Corporation

Dear Mr. Hafif:

This letter serves as ten (10) day notice that you are in breach of the headwear agreement (hereinafter "Agreement") with Blue Marlin Corporation dated January 1, 2004 for failure of payment pursuant to Section 15.1. To date, we have not received full payment for the quarter ending March 31, 2006; your payment for $12, 171.22 was short $17,828.78 for the quarter ending March 31, 2006. Additionally, you made no advertising guaranteed minimum royalties for this period. This amount totals $508.

For the quarter ending December 31, 2005, totaling all payments up to that point, Concept One is deficient $59, 802.45. This unpaid amount also constitutes a breach of contract pursuant to Section 15.1 of the Agreement. As you are aware, payments are due 45 days after the close of each quarter. Unless we immediately receive payment for $78, 139.23, we will consider Concept One in breach of the Agreement and terminate the Agreement.

We have received your email dated March 29, 2006 sent to Blue Marlin CEO, Erik Staebe. The email clearly indicates that Concept One does not intend to honor the Agreement with Blue Martin referenced above. We categorically reject your demands for altering the terms of the Agreement and do hereby hold Concept One responsible for fulfillment of all the terms of the January 1, 2004 Agreement.

We do not agree in any respect with the arguments in your email. We consider points one through three in the email to be untrue. The contentions stated in your email do not

Blue Marlin Corp. 299 Kansas Street • San Francisco, CA 94103 • TEL: 415.252.9630 • FAX: 415.252.9633 • URL: www.bluemarlincorp.com

obviate your need to pay the required royalties, expenditures and fees as required in the Agreement.

If you wish to terminate the Agreement before its expiration, we are prepared to let you out of the final year of the Agreement for a payment of $156,000. This amount, together with the unpaid royalties and advertising contributions to date totaling $78,139.23, produces a total amount due of $234,139.23.

**We expect immediate and full payment on the outstanding balance.**

Sincerely yours,

R. Randall Riccardo, Esq.

cc:   Steve Gerber
      Erik Stuebe
      Rick Ashley

1    R. Randall Riccardo
2    299 Kansas Street
     San Francisco, CA 94103
3    Telephone: 415.252.9630
     Fax: 415.252.9633
4    Attorney for Plaintiff

5

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10

11                    COUNTY OF SAN FRANCISCO

12   BLUE MARLIN CORP.,                    )  Case No. CGC-06-453170
                                           )
13                    Plaintiff,           )  DECLARATION OF R. RANDALL
                                           )  RICCARDO IN SUPPORT OF PLAINTIFF'S
14           vs                            )  MOTION FOR PRELIMINARY
                                           )  INJUNCTION
15   USPA ACCESSORIES, LLC dba CONCEPT     )
                                           )  HEARING DATE:  January 3, 2007
16   ONE ACCESSORIES,                      )  DEPARTMENT:    302
                                           )  HEARING JUDGE: Hon, Ronald E.
17                    Defendant            )                 Quidachay
                                           )  DATE ACTION FILED: June 30, 2006
18                                         )
                                           )
19                                         (

20   I, R. RANDALL RICCARDO, declare:

21           1.     I am the Vice President of Licensing and attorney for Blue Marlin Corporation

22   (hereinafter referred to as "Blue Marlin"), which has offices at 299 Kansas Street, San

23   Francisco, CA 94103.   I have been employed by Blue Marlin since June, 2006.  Prior to

24   that time I served as a consultant, and outside counsel to the company.

25

                                           12

1   In my capacity as Vice President of Licensing, I oversee the operations of the licensing

2   department; as an attorney for Blue Marlin, I am involved in the legal issues involving

3   the company. In the usual and ordinary course of it business, Blue Marlin maintains

4   records relating to the conduct of its business ("the Business Records"). I have

5   considerable access to the Business Records. Except where otherwise noticed, I make

6   this declaration on the basis of my personal knowledge or on the basis of my review of

7   the Business Records.

8   3.   I am very familiar with the events surrounding the license agreement between Blue

9   Marlin and USPA (hereinafter "the License"). I contacted the president of USPA, Sam

10  Hafif, on numerous occasions in March, April and May of 2006 and attempted to get

11  USPA to remit the minimum royalty payments they owed, and on which they became

12  delinquent, as required under the License. USPA never made such payments.

13  4.   On June 15, 2005, I drafted a letter, (EXHIBIT A), and informed USPA that they were in

14  breach of the License for non-payment, indicated the amount of the arrearage, and told

15  them they had 10 days to cure this breach. I never heard back from USPA, but rather

16  received a letter from their counsel. On July 12, 2006, I filed a complaint for breach of

17  contract, failure to pay on an account stated and open account in San Francisco Superior

18  Court.

19  5.   After filing the complaint, I contacted USPA's outside counsel and asked them to comply

20  with the terms of the License regarding USPA's obligations upon termination. I have

21  read the License agreement numerous times and am familiar with the contents. Upon

22  termination, the License informs USPA that "it may no longer sell any units of the

23  Licensed Articles or Import Articles or use the Trademark in any manner whatsoever,

24  effective as of the date of termination." I asked USPA's counsel to provide a "complete

25  and accurate written list of the current inventory of all units of Licensed Articles, and a

13

1   list of all uncancellable orders for the manufacture of Licensed Articles." These

2   provisions are also called for under the License.   I was informed by opposing counsel that

3   he would attempt to get me this information, but that he had to speak with USPA.  I never

4   heard back from counsel regarding this request.

5   6   On August 8, 2006, opposing counsel contacted me to ask for an extension to answer the

6   complaint. I granted opposing counsel this request and reiterated my request that USPA

7   confirm they were no longer selling licensed BLUE MARLIN®, FIVE STAR

8   VINTAGE® and FIVE STAR® product and comply with the other terms in the License

9   agreement regarding termination.   Opposing counsel told me he would try to provide this

10  information    I believe that opposing counsel made good faith attempts to provide this

11  information, but that USPA did not wish to comply with the terms of the license

12  agreement.

13  7   I have attempted no less than 5 times to have USPA confirm that they will comply with

14  the provisions of the license agreement regarding termination.   Before filing the instant

15  Notice of Preliminary Injunction, I sent one final request to opposing counsel asking

16  them to confirm the requested information; to date I have received no

17  reply from USPA.

18

19  I declare under penalty of perjury under the laws of the State of California that the foregoing is

20  true and correct

21

22  R Randall Riccardo

23  _____ before me on _____

24  Notary Public in and for said

25  County and State

GLADYS HUI
COMM. #1662445
Notary Public-California
SAN FRANCISCO COUNTY
My Comm. Exp. Apr 30, 2010

14

EXHIBIT A



**blue marlin**

June 14, 2006

Mr. Sam Hafif
Concept One
362 Fifth Avenue
2nd Floor
New York, NY 94110
Via Certified Mail

Re: Breach of Contract with Blue Marlin Corporation

Dear Mr. Hafif:

This letter serves as ten (10) day notice that you are in breach of the headwear agreement (hereinafter "Agreement") with Blue Marlin Corporation dated January 1, 2004 for failure of payment pursuant to Section 15.1. To date, we have not received full payment for the quarter ending March 31, 2006; your payment of $12, 171.22 was short $17,828.78 for the quarter ending March 31, 2006. Additionally, you made no advertising guaranteed minimum royalties for this period, this amount totals $508.

For the quarter ending December 31, 2005, totaling all payments up to that point, Concept One is deficient $59, 802.45. This unpaid amount also constitutes a breach of contract pursuant to Section 15.1 of the Agreement. As you are aware, payments are due 45 days after the close of each quarter. Unless we immediately receive payment for $78, 139.23, we will consider Concept One in breach of the Agreement and terminate the Agreement.

We have received your email dated March 29, 2006 sent to Blue Marlin CEO, Erik Stuebe. The email clearly indicates that Concept One does not intend to honor the Agreement with Blue Marlin referenced above. We categorically reject your demands for altering the terms of the Agreement and do hereby hold Concept One responsible for fulfillment of all the terms of the January 1, 2004 Agreement.

We do not agree in any respect with the arguments in your email. We consider points one through three in the email to be untrue. The contentions stated in your email do not

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM
OF POINTS AND AUTHORITIES; DECLARATIONS; PROPOSED ORDER

15

1 R. Randall Riccardo, Esq. (#224672)
2 299 Kansas Street
  San Francisco, CA 94103
3 Telephone: 415-252-9630
  Fax: 415-252-9633
4 Attorney for Plaintiff

8 SUPERIOR COURT OF CALIFORNIA

10 COUNTY OF SAN FRANCISCO

12 BLUE MARLIN CORP.,                        Case No.: CGC-06-453170

13                 Plaintiff,

14                                           [PROPOSED] ORDER GRANTING
                                             PRELIMINARY INJUNCTION
15      vs.
                                             HEARING DATE: January 3, 2007
16 USPA ACCESSORIES, LLC dba CONCEPT         DEPARTMENT: 302
   ONE ACCESSORIES,                          HEARING JUDGE: Hon, Ronald E.
                                             Quidachay
17                 Defendant                 DATE ACTION FILED: June 30, 2006

20 The Motion of plaintiff, Blue Marlin Corporation, for an order for preliminary injunction,

21 was heard at the above-stated date and time, appearing as attorneys were:

22 R. Randall Riccardo:  Attorney for Plaintiff, Blue Marlin Corp

23 David M. Bass:        Attorney for Defendant, USPA Accessories, LLC.

25 Satisfactory proof having been made, and good cause appearing,

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; [PROPOSED] ORDER

16

**IT IS ORDERED** that:

1. During pendency of this action or until further court order, defendant, USPA Accessories LLC, and its agents, officers, employees, and representatives, be enjoined from engaging in or performing the following: advertising, manufacturing, promoting, offering for sale or selling any product bearing trademarks or artwork belonging to the Blue Marlin Corporation. This court reserves jurisdiction to modify this injunction as the ends of justice may require.

Dated: _____

_____
Hon. Ronald E. Quidachay
San Francisco Superior Court Judge

PROOF OF SERVICE

1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO ) Case No. CGC-06-453170

I am employed in the County of San Francisco, State of California. I am over the age

of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco,

California 94103

On December 1, 2006, I served the foregoing document described as PLAINTIFF

BLUE MARLIN CORP.'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION;

MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND

AUTHORITIES; DECLARATIONS OF ERIK STUEBE AND R. RANDALL RICCARDO;

PROPOSED ORDER on the interested party in this action as follows:

DAVID M. BASS
DAVID M. BASS & ASSOCIATES
2029 CENTURY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 415 789 1149

☐  BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be

personally served to the offices of the addressee.

☐  BY FACSIMILE: I communicated the above-mentioned document(s) via

facsimile to the addressee as indicated above. The transmission was reported complete and without

error by a transmission report issued by the facsimile transmission machine as defined in California

Rule of Court 2003 upon which the said transmission was made immediately following the

transmission. A true and correct copy of the transmittal report bearing the date, time and sending

facsimile machine telephone number shall be attached to the original proof of service.

☐  BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned

document(s) to be served via electronic mail from my electronic notification address to the electronic

notification address of the addressee as indicated above. The document was served electronically

and the transmission was reported complete without error.

PROOF OF SERVICE

2

1    ☒    **BY FEDERAL EXPRESS:** I caused the above-mentioned document(s) to be

2    sent via Federal Express overnight delivery.  By placing a true and correct copy of such

3    document(s) enclosed in a sealed envelope or package designated by the express service carrier and

4    deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

5    driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

6    addressed to the address last shown by that person on any document filed in the action as indicated

7    above.

8    ☐    **BY MAIL:**  By placing a true and correct copy of such document(s) enclosed

9    in a sealed envelope addressed to the offices indicated above.  I am "readily familiar" with the firm's

10   practice of collection and processing correspondence for mailing.  Under that practice it would be

11   deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

12   Francisco, California in the ordinary course of business.  I am aware that on motion of the party

13   served, service is presumed invalid if postal cancellation date or postage meter date is more than one

14   day after date of deposit for mailing in affidavit.

15   Executed on December 1, 2006, at San Francisco, California.

16   I declare under penalty of perjury under the laws of the State of California that the

17   above is true and correct

18

19   FE SAUCELO

20

21

22

23

24

25

26

27

28

FedEx | Ship Manager | Label 7995 4681 3540

From: Origin ID: (415)252-9630
TK REVANE
BLUE MARLIN
299 KANSAS

SAN FRANCISCO, CA 94103

SHIP TO: (310)789-1152          BILL SENDER

David Bass
David M. Bass & Associates
2029 Century Park East
14 floor
Los Angeles, CA 90067

Ship Date: 01DEC06
ActWgt: 1 LB
System#: 3940569/INET2500
Account#: S ********

REF:
Delivery Address Bar Code

STANDARD OVERNIGHT          MON
                           04DEC06
TRK#  7995 4681 3540  FORM
                      0201
                            Deliver By:
                            04DEC06
LAX          A1

9006Z  -CA-US-

WZ CIBA

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.

2.  Fold the printed page along the horizontal line.

3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Page 1 of 1

**TAB 14**

1  Randall Riccardo (CA State Bar No. 224672)
2  BLUE MARLIN CORP
3  299 Kansas Street
   San Francisco, CA 94103
   Telephone: (415) 215 2951
4  Facsimile: (415) 215 2951
5
6  Attorney for Plaintiff
   BLUE MARLIN CORP

ENDORSED
FILED
San Francisco County Superior Court

DEC 0 1 2006

GORDON PARK-LI, Clerk
BY WESLEY RAMIREZ,
Deputy Clerk

7
8  SUPERIOR COURT OF CALIFORNIA
   COUNTY OF SAN FRANCISCO
9  UNLIMITED JURISDICTION

10  BLUE MARLIN CORP                 CASE NO. CGC-06-453170
11         Plaintiff,
                                     NOTICE OF ENTRY OF ORDER
12         v.
                                     Date:   September 21, 2006
13  USPA ACCESSORIES, LLC dba CONCEPT    Time:   9:30 a.m.
14  ONE ACCESSORIES                  Place:  Department 302
15         Defendant
16
17  To the above-named Defendant and to their attorney, David M. Bass:

18  NOTICE IS HEREBY GIVEN that on October 31, 2006, the above-entitled court duly

19  entered an order denying the motion of the Defendant for an order for a motion to strike.  The order

20  is attached as Exhibit A

21
22  Dated: October 1, 2006
                                     By: _____
                                         R. Randall Riccardo
23
                                     Attorney for Plaintiff Blue Marlin Corp.
24
25
26
27
28

I

EXHIBIT A

R. Randall Riccardo (CA State Bar No. 224672)
BLUE MARLIN CORP
299 Kansas Street,
San Francisco, CA 94103
Telephone:    (415) 252-9630
Facsimile:    (415) 252-9633

Attorney for Plaintiff
BLUE MARLIN CORP

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

BLUE MARLIN CORP                          CASE NO. CGC-06-453170

Plaintiff,                                [PROPOSED] ORDER DENYING
                                          DEFENDANT'S MOTION TO STRIKE
v.
                                          Date:   SEPTEMBER 21, 2006
USPA ACCESSORIES, LLC,                    Time:   9:30 a.m.
                                          Dept:   302
Defendant                                 Judge:  Ronald E. Quidachay

This matter came on regularly for hearing on September 21, 2006 at 9:30 a.m., before Hon

Ronald E. Quidachay, Judge Presiding, in Department 302 of the above-entitled court, with

appearances by counsel as follows: R. Randall Riccardo appeared for plaintiff Blue Marlin Corp and

David M. Bass appeared via CourtCall on behalf of defendant USPA Accessories, LLC.

This matter having been fully argued and considered and proof being made to the satisfaction

of the court, IT IS HEREBY ORDERED THAT:

Plaintiff's motion to strike is denied. *Attorney of Rcd, Resp. Str. Dec. 3.1 of 4 (text) Deter. is not granted for all. Demurrer.*

IT IS SO ORDERED.

Dated: _10/31_/ 2006                                    _____
                                                        Hon. Ronald E. Quidachay
                                                        San Francisco Superior Court Judge

ENDORSED
FILED
San Francisco County Superior Court

NOV 0 1 2006

GORDON PARK-LI, Clerk
BY: RENEA. PASQUAL
                    Deputy Clerk

1

[Proposed] Order Denying Defendant's Motion to Strike
*Blue Marlin v. USPA*
San Francisco Superior Court Case No. CGC-06-453170

#12064 v1

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO ) Case No CGC-06-453170

I am employed in the County of San Francisco, State of California.  I am over the age
of 18 and not a party to the within action.  My business address is 299 Kansas Street, San Francisco,
California 94103

On December 1, 2006, I served the foregoing document described as NOTICE OF
ENTRY OF ORDER on the interested party in this action as follows:

DAVID M BASS
DAVID M. BASS & ASSOCIATES
2029 CENTURY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 415 789 1149

[ ] BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be
personally served to the offices of the addressee

[ ] BY FACSIMILE: I communicated the above-mentioned document(s) via
facsimile to the addressee as indicated above.  The transmission was reported complete and without
error by a transmission report issued by the facsimile transmission machine as defined in California
Rule of Court 2003 upon which the said transmission was made immediately following the
transmission.  A true and correct copy of the transmittal report bearing the date, time and sending
facsimile machine telephone number shall be attached to the original proof of service.

[ ] BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned
document(s) to be served via electronic mail from my electronic notification address to the electronic
notification address of the addressee as indicated above.  The document was served electronically
and the transmission was reported complete without error.

[X] BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be
sent via Federal Express overnight delivery.  By placing a true and correct copy of such
documents(s) enclosed in a sealed envelope or package designated by the express service carrier and

PROOF OF SERVICE
1
Blue Marble Corp v USPA Accessories, LLC
Case No : CGC-06-453170

1  deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

2  driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

3  addressed to the address last shown by that person on any document filed in the action as indicated

4  above

5  ☐    BY MAIL:    By placing a true and correct copy of such documents(s) enclosed

6  in a sealed envelope addressed to the offices indicated above.  I am "readily familiar" with the firm's

7  practice of collection and processing correspondence for mailing.  Under that practice it would be

8  deposited with U S postal service on that same day with postage thereon fully prepaid at San

9  Francisco, California in the ordinary course of business.  I am aware that on motion of the party

10  served, service is presumed invalid if postal cancellation date or postage meter date is more than one

11  day after date of deposit for mailing in affidavit.

12  Executed on December 1, 2006, at San Francisco, California.

13  I declare under penalty of perjury under the laws of the Sate of California that the

14  above is true and correct

FE SAUCELO

2

PROOF OF SERVICE

Blue Marlin Corp v USPA Accessories, LLC
Case No : CGC-06-453170

**TAB 15**

1   David M. Bass (State Bar No. 117199)
2   Peter M. Cho (State Bar No. 213870)
    DAVID M. BASS & ASSOCIATES
3   2029 Century Park East, 14th Floor
    Los Angeles, California 90067
4   Telephone: (310) 789-1152
    Facsimile: (310) 789-1149
5   E-mail: dbass@basslawla.com

6   Attorneys for Defendant and Cross-
    Complainant USPA ACCESSORIES, LLC
7   dba CONCEPT ONE ACCESSORIES

8

9   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10   FOR THE COUNTY OF SAN FRANCISCO

11

12   BLUE MARLIN CORP.,

13          Plaintiff,          Case No. CGC-06-453170

14       vs.          [Assigned to Hon. Arlene I. Borick,
                    Dept. 212, for case management
15   USPA ACCESSORIES, LLC dba   purposes]
    CONCEPT ONE ACCESSORIES,
16                     USPA ACCESSORIES, LLC'S ANSWER
          Defendant.    TO COMPLAINT
17
                     Complaint Filed:   June 15, 2006
18   USPA ACCESSORIES, LLC dba
    CONCEPT ONE ACCESSORIES,
19
          Cross-Complainant,
20
       vs.
21   BLUE MARLIN CORP., an Illinois
    corporation, and ROES 1 to 25, inclusive,
22
23          Cross-Defendants.

24   ///

25   ///

26   ///

27   ///

28   ///

ENDORSED
FILED
San Francisco County Superior Court

DEC 1 4 2006

GORDON PARK-LI, Clerk
BY: _____
MARIA RAMIREZ
Deputy Clerk

1   Defendant and Cross-Complainant USPA ACCESSORIES, LLC dba CONCEPT ONE

2   ACCESSORIES ("USPA") answers the Complaint filed by Plaintiff and Cross-Defendant

3   BLUE MARLIN CORP ("BLUE MARLIN") as follows:

4

5                             GENERAL DENIAL

6   Pursuant to California Code of Civil Procedure § 431.30, USPA denies, generally and

7   specifically, each and every allegation of the unverified Complaint, denies that BLUE

8   MARLIN is entitled to damages against USPA, and denies that BLUE MARLIN is entitled to

9   the relief prayed for or to any relief at all.

10

11                      AFFIRMATIVE DEFENSES

12   USPA sets forth the following affirmative and other defenses.  In asserting these

13   affirmative defenses, USPA is not assuming the burden to establish any fact or proposition

14   where that burden is properly imposed upon the BLUE MARLIN.  USPA reserves the right to

15   assert additional affirmative and other defenses at the appropriate time in these proceedings.

16

17                   FIRST AFFIRMATIVE DEFENSE

18                       (Breach of Contract)

19      1.    BLUE MARLIN is not entitled to any relief because BLUE MARLIN breached

20   its License Agreement with USPA by, without limitation: (a) distributing hats bearing BLUE

21   MARLIN trademarks in competition with USPA during the term of the License Agreement;

22   (b) forbidding USPA from using the trademarks licensed under the License Agreement and

23   requiring USPA to use trademarks other than those licensed under the License Agreement; and

24   (c) unreasonably delaying in granting the requisite approvals that were a condition precedent to

25   USPA's right to distribute Licensed Products

26   ///

27   ///

28   ///

1  SECOND AFFIRMATIVE DEFENSE

2  (Breach of the Implied Covenant)

3       2.     The Complaint and the cause of action attempted to be alleged therein are

4  barred, in whole or in part, because BLUE MARLIN breached its implied covenant of good

5  faith and fair dealing by, to the extent that the following do not constitute breaches of express

6  covenants, without limitation: (a) distributing hats bearing BLUE MARLIN trademarks in

7  competition with USPA during the term of the License Agreement; (b) forbidding USPA from

8  using the trademarks licensed under the License Agreement and requiring USPA to use

9  trademarks other than those licensed under the License Agreement, thereby diminishing the

10  goodwill and value associated with the licensed trademarks; (c) unreasonably delaying in

11  granting the requisite approvals that were a condition precedent to USPA's right to distribute

12  Licensed Products; and (d) providing USPA with a list of retailers, most of which were inactive

13  entities or had no interest in distributing apparel bearing BLUE MARLIN trademarks.

14

15  THIRD AFFIRMATIVE DEFENSE

16  (Misrepresentation)

17       3.     BLUE MARLIN concealed and misrepresented facts material to USPA's

18  decision to enter into its contract with BLUE MARLIN and to USPA's performance under the

19  contract, including but not limited to: (a) BLUE MARLIN's intention to sell products in

20  competition with the products that BLUE MARLIN had licensed to USPA; (b) the amount of

21  BLUE MARLIN's prior revenues derived from the licensed products; (c) the number and

22  identity of retailers who were willing and able to purchase products bearing BLUE MARLIN

23  trademarks; and (d) BLUE MARLIN's intention to forbid USPA from using the trademarks

24  licensed to USPA and require USPA to use trademarks other than those licensed to USPA under

25  the contract, thereby diminishing the goodwill and value associated with the licensed

26  trademarks.

27  ///

28  ///

4

1   **FOURTH AFFIRMATIVE DEFENSE**

2   **(Performance Excused)**

3       4.    If USPA failed to perform any contractual obligations, which USPA expressly

4   denies, then said performance was excused by BLUE MARLIN's own breaches, repudiations,

5   misrepresentations and failure and refusal to perform, as described *supra*, Paragraphs 1-3

6   hereof.

7

8   **FIFTH AFFIRMATIVE DEFENSE**

9   **(Failure of Consideration)**

10      5.    BLUE MARLIN is not entitled to recover any amount from USPA because of a

11  failure of consideration including, without limitation, BLUE MARLIN's prohibition of USPA's

12  use of the trademarks that BLUE MARLIN had licensed to USPA pursuant to their License

13  Agreement

14

15  **SIXTH AFFIRMATIVE DEFENSE**

16  **(Terms of Contract Uncertain)**

17      6.    No valid contract was formed between BLUE MARLIN and USPA because the

18  terms of the purported contract alleged in BLUE MARLIN's complaint are not sufficiently

19  definite and certain to provide a basis for determining the existence of a breach and for giving

20  an appropriate remedy, in that BLUE MARLIN seeks a remedy for the use of trademarks that

21  were not licensed under the License Agreement.

22

23  **SEVENTH AFFIRMATIVE DEFENSE**

24  **(Failure to State a Cause of Action)**

25      7.    The Complaint, and each cause of action attempted to be alleged therein, fails to

26  state facts sufficient to constitute any cause of action against USPA.

27  ///

28  ///

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.    The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

9.    The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

10.    The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Duty)

11.    The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, because USPA did not owe BLUE MARLIN the duty alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

12.    The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, because USPA did not breach any duty owed to BLUE MARLIN

///

///

///

USPA ACCESSORIES, LLC'S ANSWER TO COMPLAINT

9

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

13.  To the extent BLUE MARLIN is entitled to receive any amounts, BLUE MARLIN's claim should be offset by any damage suffered as a result of BLUE MARLIN's wrongful conduct, including but not limited to its breach of the License Agreement, as set forth in USPA's Cross-Complaint, filed concurrently herewith.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

14  The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, to the extent that the purported conduct of USPA was not the proximate cause of the harm allegedly suffered by BLUE MARLIN.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Cause-in-Fact)

15.  The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, to the extent that the purported conduct of USPA was not the cause in fact of the harm allegedly suffered by BLUE MARLIN.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

16.  The Complaint and each cause of action attempted to be alleged therein are barred, in whole or in part, because BLUE MARLIN suffered no legally cognizable damages as a result of any act or omission by USPA.

///

///

///

///

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate)

3    17.    The Complaint and each cause of action attempted to be alleged therein are

4  barred, in whole or in part, by BLUE MARLIN's failure to mitigate any damages they may

5  have suffered.

6

7

## EIGHTEENTH AFFIRMATIVE DEFENSE

8

### (Plaintiff's Fault)

9    18.    The Complaint and each cause of action attempted to be alleged therein are

10  barred, in whole or in part, to the extent the injuries allegedly suffered by BLUE MARLIN

11  were the result of BLUE MARLIN's own negligence and/or failure to exercise ordinary care on

12  its own behalf, or its own illegal or otherwise wrongful behavior.

13

14

## NINETEENTH AFFIRMATIVE DEFENSE

15

### (Apportionment)

16    19.    USPA is not liable to BLUE MARLIN, nor is it legally responsible for any

17  damages BLUE MARLIN may have suffered.  If, however, USPA was found to be legally

18  responsible for damages suffered by BLUE MARLIN, USPA would not be the sole and

19  proximate cause of any such damages; rather, any such damages would also be the result of the

20  conduct of BLUE MARLIN and/or other persons or entities.  As a result, any damages awarded

21  to BLUE MARLIN would have to be apportioned among USPA, BLUE MARLIN, and any

22  other responsible persons or entities in accordance with its respective degrees of fault and legal

23  responsibility according to proof at trial.

24    ///

25    ///

26    ///

27    ///

28    ///

L

8

## TWENTIETH AFFIRMATIVE DEFENSE

(Justification and Privilege)

20    Any and all alleged acts, omissions, or conduct on the part of USPA were

reasonable, justified, privileged, proper, and/or taken in accordance with the rights and

privileges afforded by law

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Consent)

21    The Complaint and each cause of action attempted to be alleged therein are

barred, in whole or in part, under the doctrine of consent, because BLUE MARLIN has

consented to the alleged acts which provide the basis for those claims, with actual and/or

constructive knowledge of its rights, and without coercion and undue influence

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Ratification)

22    The Complaint and each cause of action attempted to be alleged therein are

barred, in whole or in part, because BLUE MARLIN has, by its words and/or conduct, ratified

the acts or omissions upon which its claims are allegedly based.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unjust Enrichment)

23    The Complaint and each cause of action attempted to be alleged therein are

barred, in whole or in part, by the doctrine of unjust enrichment

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Additional Defenses)

24    USPA presently has insufficient knowledge or information upon which to form a

belief as to whether they may have additional, yet unstated, affirmative defenses.  USPA

PROOF OF SERVICE

# PROOF OF SERVICE
[CCP, §§1013(a) and 2015.5]

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) Case No. CGC-06-453170 |
| COUNTY OF SAN FRANCISCO | ) |

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 14th Floor, Los Angeles, California 90067

On December 13, 2006, I served the foregoing document described as USPA ACCESSORIES, LLC'S ANSWER TO COMPLAINT on all interested parties in this action by placing the original/true copies thereof enclosed in (a) sealed envelope(s) addressed as stated below:

Randall Riccardo, Esq.
299 Kansas Street
San Francisco, CA 94103
Facsimile: (415) 252-9633

[ ] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY (PERSONAL SERVICE):** I caused the envelope to be delivered by hand to the address listed above.

[ ] **FAX:** I caused a copy of the above-entitled document to be faxed to the office of Counsel for Plaintiffs at the fax number listed above.

[X] **BY (EXPRESS MAIL):** I deposited such envelope in the receptacle for FedEx and requested that it be delivered to the above-named attorneys/parties by way of priority next day delivery (to be delivered by 10:00 a.m. the following morning).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 13, 2006, at Los Angeles, California

_Leslie Fritz_
Leslie Fritz