**TAB 21**

1  Randall Riccardo, Esq. (#224672)
   299 Kansas Street
2  San Francisco, CA 94103
   Telephone: 415-252-9630
3  Fax:  415-252-9633

4  Attorney for Plaintiff
   BLUE MARLIN CORP.

5

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

                      COUNTY OF SAN FRANCISCO
10

11
   BLUE MARLIN CORP.,                   )  Case No.:CGC-06-453170
12                                       )
              Plaintiff,                 )  REPLY MEMORANDUM IN SUPPORT OF
13                                       )  PLAINTIFF'S MOTION FOR
         vs.                             )  PRELIMINARY INJUNCTION
14                                       )
   USPA ACCESSORIES, LLC dba CONCEPT )  HEARING DATE:   January 3, 2007
15                                       )  DEPARTMENT: 302
   ONE ACCESSORIES,                      )  HEARING JUDGE: Hon. Ronald E.
16                                       )  Quidachay
              Defendant                  )  DATE ACTION FILED: June 30, 2006
17                                       )
                                         )
18                                       )

19

20         **BLUE MARLIN IS LIKELY TO SUCCEED ON THE MERITS OF ITS CLAIM**

21      The basis of Defendant USPA's argument against Plaintiff Blue Marlin's claims for money it

   is owed under a license agreement consist of recently articulated assertions going to the
22
   formation, and alleged breaches by Blue Marlin, of the license agreement.  The Defendant
23
   USPA's obligation to pay the amounts stated in the Plaintiff Blue Marlin's, and the
24
   enforceability of the fully-executed license agreement, have not been otherwise challenged.  The
25
   entire evidentiary record in support of USPA's defense consists of  a few statements by USPA's

                                        1

1  President that Blue Marlin exaggerated its sales under the licensed marks and some other

2  confused utterances concerning Blue Marlin having slightly revised the rendering of one of its

3  trademarks—something commonly done by many companies. None of these recently created

4  arguments is likely to defeat Blue Marlin's claim that USPA is contractually obligated under a

5  fully-executed agreement to pay Blue Marlin $234,139.23. Blue Marlin strongly believes that it

6  is likely to succeed on the merits of its claim.

7  **I.    BLUE MARLIN HAS NO ADEQUATE LEGAL REMEDY**

8      USPA has chosen to completely ignore Blue Marlin's assertion that it will be irreparably

9  harmed if USPA is allowed to continue to sell Blue Marlin-branded headwear to unauthorized

10  and lower-tier retailers. Amazingly, USPA admits in its Opposition Motion that it continues to

11  sell headwear bearing Blue Marlin's trademarks despite USPA having breached the license and

12  the license having been formally terminated by Blue Marlin. Blue Marlin asked USPA for an

13  accounting and verification that it is not continuing to sell Blue Marlin-branded product, both

14  required under Section 16 of the license agreement, no less than seven times and never received

15  a response. USPA should not be allowed to cause irreparable damage to Blue Marlin's valuable

16  trademarks and enrich itself after breaching a fully-executed contract.

17      USPA offers another argument against granting this preliminary injunction: that Blue

18  Marlin has not sued for trademark infringement and therefore this court does not have the

19  authority to issue an injunction. Blue Marlin, however, sued on the contract, which, among other

20  things, governed usage of the Blue Marlin trademarks as well as payment of royalties. This court

21  unequivocally has the equitable jurisdiction to enjoin USPA from profiting upon its own breach

22  of contract.

23  **II.    THE FRANCHISE LAWS OF CALIFORNIA HAVE NO APPLICATION TO THE**

24  **TRADEMARK LICENSE AGREEMENT AT ISSUE**

25

2

1    USPA's lengthy arguments, both in its Opposition Motion, and its Cross-Claim, that the

2    license agreement between the parties is governed by the Franchise Laws of California,

3    Corporation Code §31000 *et seq*, belies the incredibly weak position that USPA is in regarding

4    Blue Marlin's claims. This case has nothing to do with the franchise laws and such an argument

5    is completely disingenuous. It is hardly surprising that USPA could not find a single case, nor

6    could Blue Marlin's counsel, finding a garden-variety trademark license morphing into a

7    franchise agreement.

8        The definition of a franchise, under Corporation Code §31005(a), defines a franchise as a

9    contract in which: "(1.) the franchisee is granted the right to engage in business of offering,

10   selling or distributing goods or services under a marketing plan or system prescribed in

11   substantial party by the franchisor." USPA has chosen to ignore the first, and most salient aspect

12   of a franchise; namely that the franchisee is granted a right to engage in business. USPA has

13   been in business for many years. The Blue Marlin license consisted of only one tiny part of

14   USPA's product offerings. USPA is in the business of manufacturing, marketing and selling

15   hats: they have considerably more expertise, and have been in this business, much longer than

16   Blue Marlin. Blue Marlin does not instruct USPA in the manner of marketing or selling: they

17   merely approve hang-tags and samples, as is standard under a trademark license.

18       For further evidence that a trademark license was never intended to be considered a

19   franchise, one need only look at the Commissioner of Corporations Release No. 14-F (Exhibit A)

20   to understand what the franchise laws are intended to not cover. A franchise is exempt from the

21   franchise laws if:

22       1. The prospective franchisee (or an existing officer ...) has been engaged in a business

23          offering products or services substantially similar or related to those to be offered by

24          the franchised business for the last 24 months.

25

2.  The new product or service is to be operated from the same business location as the prospective franchisee's existing business.

3.  The franchised business is to be operated from the same business location as the prospective franchisee's existing business.

4.  The parties anticipate, in good faith, that sales resulting from the franchised business will not represent more than 20% of the total sales in dollar volume of the franchisee on an annual basis.

5.  The prospective franchisee is not controlled by the franchisor.

While Blue Marlin unequivocally maintains that the business relationship between itself and USPA does not constitute a franchise, even if it were perceived that way, it would be exempt from the franchise laws. Every one of the aforementioned, enumerated points under Release 14-F, characterize the business relationship between licensee USPA and licensor Blue Marlin. Clearly, the franchise laws were not intended to cover instances in which a pre-existing business merely licensed a trademark from a licensor as a small part of its previously-existing, on-going business.

Finally, the case USPA cites, *People v. Kline,* 110 Cal. App. 3d 587 (1980), which purports to support its position that a garden-variety trademark license constitutes a license does not remotely buttress USPA's argument. In *Kline,* the appellant was attempting to prove that he had not violated California's franchise laws by arguing that he did not have a detailed marketing plan in place and therefore the business opportunity he offered was not a franchise. The court in *Kline* decided the case on many other grounds, but essentially said that a "sale for a fee of a business...which the seller represents will constitute a franchise...is the unlawful sale of an unregistered franchise." (emphasis mine). This case supports Blue Marlin's position that a franchise consists of the sale of a business and that nothing in the licensing agreement between the parties even remotely reflects a franchise.

4

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### III.    BALANCE OF HARDSHIPS WEIGHS IN FAVOR OF BLUE MARLIN

USPA argues in its Opposition Motion that it will 'suffer hardship if it were forced to undertake the costly endeavor of recalling all of its Blue Marlin product from the market, which USPA is obliged to sell as part of its duty to mitigate damages". Blue Marlin, however, never asked USPA to recall product it has already sold, it merely is asking that it be enjoined from selling any further Blue Marlin product. Additionally, USPA is free to sell Blue Marlin product as long as it removes the Blue Marlin trademarks from the goods before sale; this procedure is quite commonplace in the apparel industry.

Should USPA be allowed to continue to sell Blue Marlin product into the market in violation of the license agreement USPA breached, Blue Marlin will suffer irreparable and incalculable harm to their reputation, prestige and good will.

For the foregoing reasons, this Court should grant Plaintiff Blue Marlin's Motion for Preliminary Injunction.

Dated:  December 28, 2006          By: _____

                                        R. Randall Riccardo
                                        Attorney for Blue Marlin Corp.

R. Randall Riccardo, Esq. (#224672)

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO            ) Case No. CGC-06-453170

        I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco, California 94103

        On December 29, 2006, I served the foregoing document described as REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION on the interested party in this action as follows:

DAVID M. BASS
DAVID M. BASS & ASSOCIATES
2029 CENTRUY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 310 789 1149

☐     BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be personally served to the offices of the addressee.

☒     BY FACSIMILE: I communicated the above-mentioned document(s) via facsimile to the addressee as indicated above. The transmission was reported complete and without error by a transmission report issued by the facsimile transmission machine as defined in California Rule of Court 2003 upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmittal report bearing the date, time and sending facsimile machine telephone number shall be attached to the original proof of service.

☐     BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

☐     BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be sent via Federal Express overnight delivery. By placing a true and correct copy of such

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  document(s) enclosed in a sealed envelope or package designated by the express service carrier
2  and deposited in a facility regularly maintained by the express service carrier or delivered to a
3  courier or driver authorized to receive documents on its behalf, with delivery fees paid or
4  provided for, addressed to the address last shown by that person on any document filed in the
   action as indicated above.
5
6              ☒        BY MAIL:  By placing a true and correct copy of such document(s)
   enclosed in a sealed envelope addressed to the offices indicated above.  I am "readily familiar"
7  with the firm's practice of collection and processing correspondence for mailing.  Under that
8  practice it would be deposited with U.S. postal service on that same day with postage thereon
9  fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on
10 motion of the party served, service is presumed invalid if postal cancellation date or postage
11 meter date is more than one day after date of deposit for mailing in affidavit.
12             Executed on December 29, 2006, at San Francisco, California.
               I declare under penalty of perjury under the laws of the Sate of California that the
13 above is true and correct.
14

15

16                                               R. Randall Riccardo

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT A

Commissioner's Release 14-F                                                                    Page 1 of 2





STATE OF CALIFORNIA
BUSINESS, TRANSPORTATION AND HOUSING AGENCY
DEPARTMENT OF CORPORATIONS

**Gray Davis,** *Governor*                              **William Kenefick,** *Acting Commissioner*
DATE: February 18, 2000                                                    Release 14-F

NOTICE OF EXEMPTION FILING
UNDER CORPORATIONS CODE SECTION 31108
OF THE FRANCHISE INVESTMENT LAW

Senate Bill 459 (Chapter 325, Statutes 1999), which became effective on January 1, 2000, added Section 31108 of the Corporations Code under the Franchise Investment Law to provide an exemption from the registration requirements for an offer or sale of a franchise in this state, if the franchise involves the adding of a new product or service line to the existing business of a prospective franchisee, and the following requirements are met:

1. The prospective franchisee (or an existing officer, director, or managing agent of the prospective franchisee who has held that position for at least the last 24 months) has been engaged in a business offering products or services substantially similar or related to those to be offered by the franchised business for at least the last 24 months.

2. The new product or service is substantially similar or related to the product or service being offered by the prospective franchisee's existing business.

3. The franchised business is to be operated from the same business location as the prospective franchisee's existing business.

4. The parties anticipate, in good faith, that sales resulting from the franchised business will not represent more than 20% of the total sales in dollar volume of the franchisee on an annual basis.

5. The prospective franchisee is not controlled by the franchisor.

In order for a transaction to qualify for the claim of exemption pursuant to Corporations Code Section 31108, a notice of exemption must be filed with the Commissioner of Corporations prior to and within the same calendar year as the sale of the franchise. The filing fee of $450, as prescribed in Corporations Code Section 31500(f), must accompany the notice.

The Department of Corporations is proposing to amend the notice of exemption under Rule 310.101 to include the exemption provided by Section 31108. In order to make the filing requirements for the new exemption immediately available during the Administrative Procedure Act rulemaking process, the notice of <u>exemption form</u> attached to this release may be used for filing purposes under Section 31108. Additional forms are available at any office of the Department or through the Department's website: <u>www.corp.ca.gov</u>.

Received

TAB 22

1  Randall Riccardo, Esq. (#224672)
   299 Kansas Street
2  San Francisco, CA 94103
   Telephone: 415-252-9630
3  Fax:  415-252-9633

4  Attorney for Plaintiff

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9

10                     COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                )  Case No.:CGC-06-453170
                                      )
13            Plaintiff,              )  NOTICE OF RESCHEDULED HEARING
                                      )  ON MOTION FOR PRELIMINARY
14       vs.                          )  INJUNCTION
                                      )
15  USPA ACCESSORIES, LLC dba CONCEPT )  HEARING DATE:   January 10, 2007
                                      )  TIME: 9:30 a.m.
16  ONE ACCESSORIES,                  )  DEPARTMENT: 302
                                      )  HEARING JUDGE: Hon, Ronald E.
17            Defendant               )  Quidachay
                                      )  DATE ACTION FILED: June 15, 2006
18                                    )
                                      )
19  _____  )

20      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21  PLEASE TAKE NOTICE THAT at 9:30 a.m. on January 10, 2007, or as soon thereafter as the

22  matter can be heard, at Department 302 of the above entitled Court, located at 400 McAllister

23  Street, San Francisco, CA 94102, PLAINTIFF'S MOTION FOR PRELIMINARY

24  INJUNCTION will be heard at the above referenced courtroom   This motion is based upon the

25  PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS

                                      1

1    AND AUTHORITIES; DECLARATIONS OF ERIK STUEBE AND R. RANDALL

2    RICCARDO, the complete files and records of this action, and any evidence presented at the

3    hearing of this motion.

4

5    Dated:  January 7, 2007                    By: _____

6                                                   R. Randall Riccardo
                                                   Attorney for Plaintiff, Blue Marlin Corp.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF RESCHEDULED MOTION ON PRELIMINARY INJUNCTION
Case No.: CGC-06-453170

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO    ) Case No. CGC-06-453170

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco, California 94103

On January 7, 2007, I served the foregoing document described as NOTICE OF RESCHEDULED HEARING ON MOTION FOR PRELIMINARY INJUNCTION on the interested party in this action as follows:

DAVID M. BASS
DAVID M. BASS & ASSOCIATES
2029 CENTRUY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 415 789 1149

☐    BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be personally served to the offices of the addressee.

☒    BY FACSIMILE: I communicated the above-mentioned document(s) via facsimile to the addressee as indicated above. The transmission was reported complete and without error by a transmission report issued by the facsimile transmission machine as defined in California Rule of Court 2003 upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmittal report bearing the date, time and sending facsimile machine telephone number shall be attached to the original proof of service.

☐    BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

☒    BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be sent via Federal Express overnight delivery. By placing a true and correct copy of such

1   document(s) enclosed in a sealed envelope or package designated by the express service carrier and

2   deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

3   driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

4   addressed to the address last shown by that person on any document filed in the action as indicated

5   above.

6       ☐   BY MAIL: By placing a true and correct copy of such document(s) enclosed

7   in a sealed envelope addressed to the offices indicated above. I am "readily familiar" with the firm's

8   practice of collection and processing correspondence for mailing. Under that practice it would be

9   deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

10   Francisco, California in the ordinary course of business. I am aware that on motion of the party

11   served, service is presumed invalid if postal cancellation date or postage meter date is more than one

12   day after date of deposit for mailing in affidavit.

13       Executed on January 7, 2007, at San Francisco, California.

14       I declare under penalty of perjury under the laws of the Sate of California that the

15   above is true and correct.

16

17

18                   R. Randall Riccardo

19

20

21

22

23

24

25

26

27

28



PROOF OF SERVICE
Blue Marlin Corp. v. USPA Accessories, LLC
Case No.: CGC-06-453170

**TAB 23**

Randall Riccardo
Attorney at Law
299 Kansas St.
San Francisco, CA 94103

David M. Bass
David M. Bass & Associates
2029 Century Park East 14th Floor
Los Angles, CA 90067

**FILED**

San Francisco County Superior Court

JAN 2 9 2007

GORDON PARK-LI, Clerk
BY: _David Yben_
        Deputy Clerk

January 25, 2007

### SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO
### EARLY SETTLEMENT PROGRAM

#### Notice of Early Settlement Conference

| Plaintiff(s) | Case Number |
|---|---|
| BLUE MARLIN CORPORATION | 453170 |
| vs. | |
| USPA ACCESSORIES LLC DBA CONCEPT ONE ACCESSORIES; [XD: BLUE MARLIN CORPORATION]; [XC: USPA ACCESSORIES LLC DBA CONCEPT ONE ACCESSORIES] | |
| Defendant(s) | |

Notice is hereby given that the EARLY SETTLEMENT CONFERENCE for the above-entitled case has been SCHEDULED. Attendance at the settlement conference by the parties, authorized representatives of the insurer (other than counsel) and the trial attorney(s) is mandatory.

It is HEREBY ORDERED that the matter is set for settlement conference on

#### 4/27/2007        at        11:00 AM

You will receive written notification of the identity of the assigned panelists and conference location from the Bar Association of San Francisco two to three weeks prior to conference date.

You are then required to send the required ESP Statement by mail, hand-delivery or fax, insuring that the panelist(s), ESP/BASF and all other counsel receive a copy no later than the Monday before your ESP conference. The ESP Statement must include a Proof of Service indicating all who were sent a copy.

Your administrative fee invoice is enclosed.

_Arlene T. Borick_

**ESP Policies and Procedures and the Superior Court Local Rule 4.3 is enclosed.**

**TAB 24**

1   Randall Riccardo, Esq. (#224672)
    299 Kansas Street
2   San Francisco, CA 94103
    Telephone: 415-252-9630
3   Fax:  415-252-9633

4   Attorney for Plaintiff
    BLUE MARLIN CORP.

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  **BLUE MARLIN CORP.,**                    Case No. CGC-453170

12          Plaintiff                         **CROSS-DEFENDANTS ANSWER TO**
                                              **USPA'S CROSS-COMPLAINT FOR:**
13      vs.
                                              **(1.)  BREACH OF CONTRACT;**
14  **USPA ACCESSORIES LLP, dba CONCEPT**
    **ONE ACCESSORIES**                       **(2.)  BREACH OF THE IMPLIED**
15                                            **COVENANT OF GOOD FAITH**
                                              **AND FAIR DEALING;**
16          **Defendant**
                                              **(3.)  NEGLIGENT**
17  _____           **MISREPRESENTATION;**

18  **BLUE MARLIN CORP., a California Corp.;**  **(4.)  FRAUD;**
    **and ROES 1 to 25, inclusive**
19                                            **(5.)  RELIEF BASED ON RESCISSION;**
                                              **AND**
20          **Cross-Defendant**
                                              **(6.)  FAILRUE TO REGISTER**
21      vs.                                   **FRANCHISE OFFER**

22  **USPA ACCESSORIES, LLC dba CONCEPT**      Complaint filed: June 15, 2006
    **ONCE ACCESSORIES, a New York limited**
23  **liability company**

24          **Cross-Complainant**

25

1    The Cross-Defendant BLUE MARLIN CORP., (hereinafter "BLUE MARLIN") by and

2  through its undersigned attorney, answers Cross-Complainant USPA ACCESSORIES LLP's

3  (hereinafter "A) Complaint as follows:

4

## ANSWER TO COMPLAINT

5

6    1    BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

7        the truth of the allegations of this Paragraph, and therefore, denies the same.

8    2.  BLUE MARLIN admits that it is a California Corporation located in San Francisco.

9    3.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

10        the truth of the allegations of this Paragraph, and therefore, denies the same.

11
    4.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to
12
        the truth of the allegations of this Paragraph, and therefore, denies the same.
13

14   5.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

15        the truth of the allegations of this Paragraph, and therefore, denies the same

16   6.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

17        the truth of the allegations of this Paragraph, and therefore, denies the same.

18   7.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

19        the truth of the allegations of this Paragraph, and therefore, denies the same

20   8.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

21        the truth of the allegations of this Paragraph, and therefore, denies the same.

22   9.  BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

23        the truth of the allegations of this Paragraph, and therefore, denies the same.

24   10. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to

25        the truth of the allegations of this Paragraph, and therefore, denies the same.

11. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same

12. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same

13. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

14. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

15. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

## FIRST CAUSE OF ACTION

### Breach of Contract Against Cross-Defendant Blue Marlin

16. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-15 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

17. BLUE MARLIN admits that USPA and BLUE MARLIN CORP. are parties to the License Agreement dated January 1, 2004.

18. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

19. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

20. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

21. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Cross-Defendant Blue Marlin)

22. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-21 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

23. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

24. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

## THIRD CAUSE OF ACTION

25. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-24 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

26. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

27. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

28. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

29. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

30. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

31. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

## FOURTH CAUSE OF ACTION

### (Fraud Against Cross-Defendant Blue Marlin)

32. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-31 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

33. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

34. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

35. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

36. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

37. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

38. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

39. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

40. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

### FIFTH CAUSE OF ACTION

### (Relief Based on Rescission Against Cross-Defendant Blue Marlin)

41. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-40 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

42. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

43. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

44. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

## SIXTH CAUSE OF ACTION

### (Failure to Register Franchise Offer Against Cross-Defendant Blue Marlin)

45. BLUE MARLIN incorporates by reference its responses to Paragraphs 1-44 above as though fully set forth herein. BLUE MARLIN lacks information and knowledge sufficient to form a belief regarding the truth or falsity of the allegations of this Paragraph, and therefore denies the same.

46. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.

47. BLUE MARLIN lacks information and knowledge sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore, denies the same.


## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiffs' claims are barred under applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel and Laches)

3. Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Damages)

4.  Cross-Complainant has failed to state herein how it has suffered any specific damages as a proximate cause of BLUE MARLIN's conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

5.  BLUE MARLIN breached no duty towards Cross-Complainant and therefore the allegations contained herein asserting such duties are barred.

### PRAYER FOR RELIEF

THEREFORE, BLUE MARLIN prays for judgment as follows:

a.  That the Complaint be dismissed with prejudice and that Cross-Complainant be denied all relief.

b.  That BLUE MARLIN be awarded its reasonable costs, attorneys' fees and disbursements herein; and

c.  Such other and further relief as the Court deems just and proper.

Dated: February 2, 2007            By: _____

R. Randall Riccardo

Attorney for Defendant
BLUE MARLIN CORP.
299 Kansas Street
San Francisco, CA 94107

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO        ) Case No. CGC-06-453170

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 299 Kansas Street, San Francisco, California 94103

On February 5, 2007, I served the foregoing document described as **CROSS-DEFENDANTS ANSWER TO USPA'S CROSS-COMPLAINT FOR: (1)BREACH OF CONTRACT; (2)BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; (3)NEGLIGENT MISREPRESENTATION;(4)FRAUD; (5)RELIEF BASED ON RESCISSION; (6)FAILRUE TO REGISTER FRANCHISE OFFER** on the interested party in this action as follows:

DAVID M. BASS
DAVID M. BASS & ASSOCIATES
2029 CENTRUY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067
FACSIMILE: 310 789 1149

☐        BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be personally served to the offices of the addressee.

☐        BY FACSIMILE: I communicated the above-mentioned document(s) via facsimile to the addressee as indicated above. The transmission was reported complete and without error by a transmission report issued by the facsimile transmission machine as defined in California Rule of Court 2003 upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmittal report bearing the date, time and sending facsimile machine telephone number shall be attached to the original proof of service.

☐        BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

1     ☒    BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be

2 sent via Federal Express overnight delivery. By placing a true and correct copy of such

3 document(s) enclosed in a sealed envelope or package designated by the express service carrier and

4 deposited in a facility regularly maintained by the express service carrier or delivered to a courier or

5 driver authorized to receive documents on its behalf, with delivery fees paid or provided for,

6 addressed to the address last shown by that person on any document filed in the action as indicated

7 above.

8     ☐    BY MAIL: By placing a true and correct copy of such document(s) enclosed

9 in a sealed envelope addressed to the offices indicated above. I am "readily familiar" with the firm's

10 practice of collection and processing correspondence for mailing. Under that practice it would be

11 deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

12 Francisco, California in the ordinary course of business. I am aware that on motion of the party

13 served, service is presumed invalid if postal cancellation date or postage meter date is more than one

14 day after date of deposit for mailing in affidavit.

15     Executed February 5, 2007, at San Francisco, California.

16     I declare under penalty of perjury under the laws of the Sate of California that the

17 above is true and correct.

18

19

20     T.K. REVANE

21

22

23

24

25

26 

27

28

PROOF OF SERVICE
Blue Marlin Corp. v. USPA Accessories LLP
Case No. CGC-06-453170

**TAB 25**

1    David M. Bass (State Bar No. 117199)
     Peter M. Cho (State Bar No. 213870)
2    DAVID M. BASS & ASSOCIATES
     2029 Century Park East, 14th Floor
3    Los Angeles, California 90067
     Telephone: (310) 789-1152
4    Facsimile: (310) 789-1149
     E-mail: dbass@basslawla.com

5

6    Attorneys for Defendant and Cross-
     Complainant USPA ACCESSORIES, LLC
7    dba CONCEPT ONE ACCESSORIES

8

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF SAN FRANCISCO**

11

12    BLUE MARLIN CORP.,

13            Plaintiff,

14        vs.

15    USPA ACCESSORIES, LLC dba
     CONCEPT ONE ACCESSORIES,

16            Defendant.

17 _____

18    USPA ACCESSORIES, LLC dba
     CONCEPT ONE ACCESSORIES, a New
     York limited liability company,

19

20            Cross-Complainant,

21        vs.

22    BLUE MARLIN CORP., a California
     corporation; and ROES 1 to 25, inclusive,

23            Cross-Defendants.

24 _____

Case No. CGC-06-453170

Hon. Patrick J. Mahoney
Law & Motion Department 302

**[PROPOSED] ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION OF
BLUE MARLIN CORP.**

Date:       January 10, 2007
Time:      9:30 a.m.
Place:      Department 302

Complaint Filed:     June 15, 2006

25

26   / / /

27   / / /

28   / / /

FILED
San Francisco County Superior Court

FEB 15 2007

GORDON PARK-LI, Clerk
BY: _____
       Deputy Clerk

## ORDER

1
2     Plaintiff and Cross-Defendant Blue Marlin Corporation's Motion for Preliminary

3 Injunction ("Motion") came on for hearing in Department 302 of the above entitled Court on

4 January 10, 2007 at 9:30 a.m. Randall Riccardo appeared on behalf of Plaintiff and Cross-

5 Defendant Blue Marlin Corporation; Peter M. Cho, David M. Bass & Associates, appeared on

6 behalf of Defendant and Cross-Complainant USPA Accessories, LLC.

7     Having considered Plaintiff's Motion, all pleadings and documents filed in support of

8 and in opposition to the Motion, and the arguments of counsel, the Court HEREBY ORDERS

9 as follows:

10     The Motion is denied.

11
12
13 Dated: 2/14 , 2007

                                   Hon. Patrick J. Mahoney

14                                    Judge of the Superior Court

15
16
17                                        453170

18 **SEE EXHIBIT "A" RE**
**COMPLIANCE WITH CRC 3.1312**

19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION OF BLUE MARLIN CORP.

LAW OFFICES

# DAVID M. BASS & ASSOCIATES

2029 CENTURY PARK EAST
14TH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 789-1152
FACSIMILE (310) 789-1149

February 12, 2007

*Exhibit A*

**VIA MESSENGER**

Linda Espy
Deputy Clerk to the Hon. Patrick J. Mahoney
Superior Court for the County of San Francisco
Civic Center Courthouse
400 McAllister Street
Law & Motion/Writs & Receivers
Department 302
San Francisco, CA 94102-4514

> Re: *Blue Marlin Corp. v. USPA Accessories, LLC dba Concept One Accessories*
>     San Francisco Superior Court Case No. CGC-06-453170

Dear Ms. Espy:

Enclosed please find a Proposed Order, revised to comply with California Rules of Court 2.100-2.119, setting forth the Court's ruling at the hearing, before the Honorable Patrick J. Mahoney, on Plaintiff's Motion for Preliminary Injunction in the above-referenced matter on January 10, 2007.

Pursuant to Rule of Court 391, by a letter dated January 22, 2007, I submitted the Proposed Order to Plaintiff's counsel for his review. In that letter, I requested Plaintiff's counsel to notify me, within five calendar days, of his approval, or his reasons for disapproval pursuant to Rule of Court 391(b). Plaintiff's counsel has not expressed any objection to the form of the Proposed Order.

Thank you.

Very truly yours,

Peter M. Cho

PMC:lf
Enclosure

**PROOF OF SERVICE**
[C.C.P., §§1013(a) and 2015.5]

STATE OF CALIFORNIA              )    Case No. CGC-06-453170
                                 )
COUNTY OF SAN FRANCISCO          )

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 14th Floor, Los Angeles, California 90067.

     On February 9, 2007, I served the foregoing document described as **NOTICE OF ENTRY OF ORDER ON MOTION FOR PRELIMINARY INJUNCTION** on all interested parties in this action by placing the original/true copies thereof enclosed in (a) sealed envelope(s) addressed as stated below:

Randall Riccardo, Esq.
299 Kansas Street
San Francisco, CA 94103
Facsimile: (415) 252-9633

☒   **BY MAIL**   I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY (PERSONAL SERVICE)**    I caused the envelope to be delivered by hand to the address listed above.

☐   **BY (EXPRESS MAIL)**    I deposited such envelope in the receptacle for **FedEx** and requested that it be delivered to the above-named attorneys/parties by way of priority next day delivery (to be delivered by 10:00 a.m. the following morning).

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on February 21, 2007, at Los Angeles, California.

Lena L. Lazo

**TAB 26**

1  David M. Bass (State Bar No. 117199)
   Peter M. Cho (State Bar No. 213870)
2  DAVID M. BASS & ASSOCIATES
   2029 Century Park East, 14th Floor
3  Los Angeles, California 90067
   Telephone: (310) 789-1152
4  Facsimile:  (310) 789-1149
   E-mail: dbass@basslawla.com
5
6  Attorneys for Defendant and Cross-
   Complainant USPA ACCESSORIES, LLC
7  dba CONCEPT ONE ACCESSORIES
8

ENDORSED
FILED
San Francisco County Superior Court

FEB 2 2 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA SANCHEZ _____
                          Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                     Case No. CGC-06-453170

13                 Plaintiff,              NOTICE OF ENTRY OF ORDER ON
                                          MOTION FOR PRELIMINARY
14       vs.                              INJUNCTION

15  USPA ACCESSORIES, LLC dba
    CONCEPT ONE ACCESSORIES,
16
                   Defendant.
17  _____

18  USPA ACCESSORIES, LLC dba             Date:     January 10, 2007
    CONCEPT ONE ACCESSORIES, a New        Time:     9:30 a.m.
19  York limited liability company,       Place:    Department 302

20                 Cross-Complainant,

21       vs.                              Complaint Filed:    June 15, 2006

22  BLUE MARLIN CORP., a California
    corporation; and ROES 1 to 25, inclusive,
23
                   Cross-Defendants.
24  _____

25

26  ///

27  ///

28  ///

1    **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE that on February 15, 2007, in the above-entitled action, the

3    Court entered an Order denying Plaintiff and Cross-Defendant Blue Marlin Corp 's Motion for

4    a Preliminary Injunction  A copy of the Order is attached hereto as Exhibit 1 and incorporated

5    into this notice by reference.

6

7    Dated:  February 20, 2007                              DAVID M. BASS & ASSOCIATES

8

9                                          By:_____

                                                  Peter M. Cho

10                                   Attorneys for Defendant and Cross-
                                Complainant USPA ACCESSORIES, LLC dba

11                                   CONCEPT ONE ACCESSORIES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Exhibit 1

1  David M. Bass (State Bar No. 117199)
   Peter M. Cho (State Bar No. 213870)
2  DAVID M. BASS & ASSOCIATES
   2029 Century Park East, 14th Floor
3  Los Angeles, California 90067
   Telephone: (310) 789-1152
4  Facsimile: (310) 789-1149
   E-mail: dbass@basslawla.com
5
6  Attorneys for Defendant and Cross-
   Complainant USPA ACCESSORIES, LLC
7  dba CONCEPT ONE ACCESSORIES

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN FRANCISCO

11

12  BLUE MARLIN CORP.,                    Case No. CGC-06-453170

13                 Plaintiff,             Hon. Patrick J. Mahoney
                                          Law & Motion Department 302
14       vs.
                                          [PROPOSED] ORDER DENYING MOTION
15  USPA ACCESSORIES, LLC dba             FOR PRELIMINARY INJUNCTION OF
    CONCEPT ONE ACCESSORIES,              BLUE MARLIN CORP.
16
                 Defendant.
17
    USPA ACCESSORIES, LLC dba             Date:        January 10, 2007
18  CONCEPT ONE ACCESSORIES, a New        Time:        9:30 a.m.
    York limited liability company,       Place:       Department 302
19
                 Cross-Complainant,       Complaint Filed:    June 15, 2006
20
         vs.
21
    BLUE MARLIN CORP., a California
22  corporation; and ROES 1 to 25, inclusive,

23                 Cross-Defendants

24

25

26  / / /

27  / / /

28  / / /

*Filed San Francisco County Superior Court, FEB 15 2007, GORDON PARK-LI, Clerk, BY: Deputy Clerk*

## ORDER

Plaintiff and Cross-Defendant Blue Marlin Corporation's Motion for Preliminary Injunction ("Motion") came on for hearing in Department 302 of the above entitled Court on January 10, 2007 at 9:30 a.m. Randall Riccardo appeared on behalf of Plaintiff and Cross-Defendant Blue Marlin Corporation; Peter M. Cho, David M. Bass & Associates, appeared on behalf of Defendant and Cross-Complainant USPA Accessories, LLC.

Having considered Plaintiff's Motion, all pleadings and documents filed in support of and in opposition to the Motion, and the arguments of counsel, the Court HEREBY ORDERS as follows:

The Motion is denied.

Dated: 2/14, 2007

Hon. Patrick J. Mahoney
Judge of the Superior Court

453170

SEE EXHIBIT "A" RE
COMPLIANCE WITH CRC 3.1312

2

[PROPOSED] ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION OF BLUE MARLIN CORP.

LAW OFFICES

# DAVID M. BASS & ASSOCIATES

2029 CENTURY PARK EAST

14TH FLOOR

LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 789-1152

FACSIMILE (310) 789-1149

February 12, 2007

*Exhibit A*

**VIA MESSENGER**

Linda Espy
Deputy Clerk to the Hon. Patrick J. Mahoney
Superior Court for the County of San Francisco
Civic Center Courthouse
400 McAllister Street
Law & Motion/Writs & Receivers
Department 302
San Francisco, CA 94102-4514

Re:    *Blue Marlin Corp. v. USPA Accessories, LLC dba Concept One Accessories*
       San Francisco Superior Court Case No. CGC-06-453170

Dear Ms. Espy:

Enclosed please find a Proposed Order, revised to comply with California Rules of Court 2.100-2.119, setting forth the Court's ruling at the hearing, before the Honorable Patrick J. Mahoney, on Plaintiff's Motion for Preliminary Injunction in the above-referenced matter on January 10, 2007.

Pursuant to Rule of Court 391, by a letter dated January 22, 2007, I submitted the Proposed Order to Plaintiff's counsel for his review. In that letter, I requested Plaintiff's counsel to notify me, within five calendar days, of his approval, or his reasons for disapproval pursuant to Rule of Court 391(b). Plaintiff's counsel has not expressed any objection to the form of the Proposed Order.

Thank you.

Very truly yours,

Peter M. Cho

PMC:lf

Enclosure

**PROOF OF SERVICE**
[*C.C.P.*, §§1013(a) and 2015.5]

STATE OF CALIFORNIA                    )    Case No. CGC-06-453170
                                       )
COUNTY OF SAN FRANCISCO                )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 14th Floor, Los Angeles, California 90067.

On February 9, 2007, I served the foregoing document described as **NOTICE OF ENTRY OF ORDER ON MOTION FOR PRELIMINARY INJUNCTION** on all interested parties in this action by placing the original/true copies thereof enclosed in (a) sealed envelope(s) addressed as stated below:

Randall Riccardo, Esq.
299 Kansas Street
San Francisco, CA 94103
Facsimile: (415) 252-9633

☒    **BY MAIL**    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY (PERSONAL SERVICE)**        I caused the envelope to be delivered by hand to the address listed above.

☐    **BY (EXPRESS MAIL)**        I deposited such envelope in the receptacle for **FedEx** and requested that it be delivered to the above-named attorneys/parties by way of priority next day delivery (to be delivered by 10:00 a.m. the following morning).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 21, 2007, at Los Angeles, California.

_____
Lena L. Lazo

PROOF OF SERVICE