**TAB 27**

RANDALL RICCARDO, SBN
299 Kansas Street
San Francisco, CA 94103
(415) 215-2951 (Telephone)
(415) 252-9633 (Fax)
Randall_riccardo@yahoo.com

Attorney for Plaintiff/Cross
Defendant
BLUE MARLIN CORP.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

MAY 1 7 2007

GORDON PARK-LI, CLERK
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | | |
|---|---|---|
| BLUE MARLIN CORP., | ) | Case No.: CGC-06-453170 |
| | ) | |
| Plaintiff, | ) | **NOTICE OF ASSOCIATION OF** |
| | ) | **COUNSEL** |
| vs. | ) | |
| | ) | |
| USPA ACCESSORIES, LLC dba CONCEPT | ) | |
| ONE ACCESSORIES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Complaint filed: June 15, 2006 |
| USPA ACCESSORIES, LLC dba CONCEPT | ) | Trial Date: July 2, 2007 |
| ONE ACCESSORIES, | ) | |
| | ) | |
| Cross Complainant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BLUE MARLIN CORP., an Illinois | ) | |
| corporation; and Does 1 to 25, inclusive, | ) | |
| | ) | |
| Cross Defendants | ) | |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

Please take notice that Randall Riccardo, the undersigned attorney, hereby associates

Stephen Sommers (SBN 225742, 870 Market Street, Suite 1142, San Francisco, California,

1  94102, telephone: 415-839-8569, fax: 415-956-0878, email: slg@sommers-law.net) as an

2  attorney of record for plaintiff/cross defendant Blue Marlin Corp. in this action. Please address

3  all papers, correspondence, and inquiries in this case to Stephen Sommers.

4

5  May 17, 2007

Randall Riccardo
Attorney for plaintiff/cross defendant
Blue Marlin Corp.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAB 28

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

ENDORSED
FILED
San Francisco County Superior Court

MAY 2 4 2007

GORDON PARK-LI, Clerk
By: _____ ROSSALY DE LA VEGA
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. | CASE NO. CGC-06-453170 <br><br> **STIPULATED EX PARTE APPLICATION FOR ORDER TO CONTINUE TRIAL DATE; MEMORANDUM IN SUPPORT; DECLARATION OF STEPHEN A. SOMMERS IN SUPPORT** <br> [Rule of Court 13.1332; Local Rule 6.0 B] <br><br> Date:  May 24, 2007 <br> Time:  11:00 a.m. <br> Dept:  Dept. 206 <br> Judge: Hon. David L. Ballati |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Cross-Complainant, <br><br> vs. <br><br> BLUE MARLIN CORP., an Illinois corporation; and Does 1 to 25, inclusive, <br><br> Cross-Defendants. | Complaint Filed:  June 15, 2006 <br> Trial Date:      July 2, 2007 |

///

Page 1 of 5
Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulated Ex Parte Application for Order to Continue Trial Date

May. 23  2007  5:17PM  ...id Bass & Associates                    No. 4642   P  3
MAY-23-2007 14:45   From:                     To:13107891149        Page:5/10

1      Pursuant to Rule of Court Number 3.1200, et seq., the parties hereto file this joint ex

2 parte application for order continuing trial set for July 2, 2007, for at least four (4) months. The

3 parties make this joint application in order to obtain remaining discovery, so that remaining

4 undiscovered facts will clarify key trail issues and facilitate settlement negotiations. No prior

5 continuances have been requested.

6      This application is based upon the following memorandum and declarations of Stephen

7 A. Sommers and Peter Cho. A proposed order is submitted herewith, requesting that:

8      1. The trial is continued from July 2, 2007 until _____ [at least four months

9 later];

10      2. All trial-related deadlines, including those for general discovery and expert discovery,

11 are continued and shall be calculated based upon the new trial date.

12      Based upon this application and the record in this case, the parties jointly and respectfully

13 request the trial be continued on the conditions stated.

14

15 Dated: May 23 , 2007                          SOMMERS LAW GROUP

16

17                                              Stephen A. Sommers
                                               Attorney for plaintiff and cross-defendant
18                                             BLUE MARLIN CORP.

19 So Stipulated:

20

21 Peter Cho
   Attorney for defendant and cross-complainant
22 USPA ACCESSORIES, LLC dba
   CONCEPT ONE ACCESSORIES,
23

24

25      **MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION
        FOR CONTINUANCE OF TRIAL**

26

27      Plaintiff BLULE MARLINE CORP. ("Blue Marlin") brought this action for damages

28 against defendant USPA ACCESSORIES, LLC ("USPA"). Blue Marlin and USPA are in the

SOMMERS LAW GROUP

1  garment industry. This action arises from a licensing agreement whereby Blue Marlin contracted

2  for exclusive use of its trademark logos. Blue Marlin contends USPA discontinued payment

3  obligations on the licensing agreement.

4         USPA has filed a cross-complaint for breach of contract and related claims. USPA

5  contends Blue Marlin unreasonably withheld approval of certain garments designs,

6  misrepresented the sales potential of the trademarks, and makes various other claims regarding

7  the licensing agreement

8         Trial is set for July 2, 2007. Discovery will close on June 2nd, 2007. The parties are

9  about to engage in substantial further discovery (including expert discovery) and trial

10 preparation. The parties engaged in a separate mediation effort under this Court's Early

11 Settlement Program on April 27, 2007. At the settlement conference/mediation, the parties came

12 close to settling. However, as certain key witnesses have yet to be deposed, it was not possible

13 to come to a common understanding of the actual value of the case. Both parties believe these

14 depositions will substantially increase the prospects for settlement. On May 17, 2007, Plaintiff

15 associated new legal counsel to handle the depositions and trial preparations.

16         Moreover, as the attorneys for both parties have pre-existing professional commitments

17 in other litigation which make the current trial date of July 2, 2007 an undue burden, we jointly

18 and respectfully request a four-month continuance.

19         Rule of Court 3.1335(a) provides for a continuance by ex parte application. The parties

20 have made this application "as soon as reasonably practical" in light of the mediation on April

21 27, 2007 and the association of new legal counsel on May 17, 2007. The factors in favor of a

22 continuance which are applicable here include the following:

23         (d) (1) proximity of the trial date [two months away]

24         (d) (2) previous continuances [none]

25         (d) (3) length of continuance requested [four months, in order to resume mediation after

26 completing discovery]

27         (d) (4) alternative means to address the problem [none]

28         (d) (5) prejudice [none, as the continuance is requested by both parties]

Page 3 of 5
Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulated Ex Parte Application for Order to Continue Trial Date

SOMMERS LAW GROUP

1    (d) (9) whether all parties have stipulated to a continuance [yes]

2    (d) (10) the interests of justice [avoid unnecessary judicial and party expense]

3    All the above factors support the continuance requested.

4

5    Dated: May 23, 2007                          SOMMERS LAW GROUP

6

7

8    Stephen A. Sommers
     Attorney for plaintiff and cross-defendant

9    BLUE MARLIN CORP.

10   **DECLARATION OF STEPHEN A. SOMMERS IN SUPPORT OF EX PARTE**

11   **APPLICATION**

12

13   I, Stephen A. Sommers, state and declare:

14   1.    I am the attorney of record for plaintiff and cross-defendant Blue Marlin Corp. in

15   this action. This declaration is base upon my personal knowledge.

16   2.    The facts stated in the foregoing Memorandum are true.

17   3.    On May 17, 2007, Blue Marlin Corp. brought me into the litigation to assist with

18   final discovery and trial preparation.

19   4.    Pursuant to Rule of Court Number 3.1202(c), I affirm the following facts which

20   show the irreparable harm which will be done to both parties should the motion to continue trial

21   date be heard on a regularly noticed basis:

22   Trial is set for July 2, 2007. Discovery will close on June 2nd, 2007. The parties

23   are about to engage in substantial further discovery (including expert discovery) and trial

24   preparation. The parties engaged in a separate mediation effort under this Court's Early

25   Settlement Program on April 27, 2007. At the settlement conference/mediation, the parties came

26   close to settling. However, as certain key witnesses have yet to be deposed, it was not possible

27   to come to a common understanding of the actual value of the case. Both parties believe these

28   depositions will substantially increase the prospects for settlement. On May 17, 2007, Plaintiff

Page 4 of 5
Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulated Ex Parte Application for Order to Continue Trial Date

1  associated new legal counsel to handle the depositions and trial preparations.

2      Moreover, as the attorneys for both parties have pre-existing professional

3  commitments in other litigation which make the current trial date of July 2, 2007 an undue

4  burden, we jointly and respectfully request this motion for a four-month continuance be heard on

5  an expedited basis.

6      5.      This ex parte application for order to continue trial date is made on behalf of all

7  parties. Submitted herewith is the declaration of Peter Cho, attorney for defendant/cross

8  complainant. Pursuant to Rule of Court Number 3.1203(a), I notified Peter Cho by telephone of

9  the time and place of this application prior to 10:00 a.m. on May 23, 2007. As indicated by Mr.

10  Cho's declaration, defendant/cross complainant does not intend to appear at the hearing or

11  oppose the application.

12      I certify under penalty of perjury that the foregoing is true and correct. Executed at San

13  Francisco, California on May 23, 2007.

14

15

Stephen A. Sommers

16

17

18

19

20

21

22

23

24

25

26

27

28



Page 5 of 5
Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulated Ex Parte Application for Order to Continue Trial Date

SOMMERS LAW GROUP

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross-Defendant
Blue Marlin Corp.

ENDORSED
FILED
San Francisco County Superior Court

MAY 2 4 2007

GORDON PARK-LI, Clerk
By: ____ ROSSALY DE LA VEGA

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

BLUE MARLIN CORP.,

                    Plaintiff,

        vs.

USPA ACCESSORIES, LLC dba CONCEPT
ONE ACCESSORIES,

                    Defendant.

USPA ACCESSORIES, LLC dba CONCEPT
ONE ACCESSORIES,

                    Cross-Complainant,

        vs.

BLUE MARLIN CORP., an Illinois
corporation; and Does 1 to 25, inclusive,

                    Cross-Defendants.

CASE NO. CGC-06-453170

DECLARATION (BY FAX) OF PETER
CHO IN SUPPORT OF STIPULATED EX
PARTE APPLICATION TO CONTINUE
TRIAL

Date:  May 24, 2007
Time:  11:00 a.m.
Dept:  206
Judge: David L. Ballati

Complaint Filed:  June 15, 2006
Trial Date:        July 2, 2007

///

Page 1 of 2
Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Declaration (by fax) of Peter Cho in Support of Stipulated Ex Parte Application to Continue Trial

1    I, Peter Cho, state and declare:

2    1.    I am the attorney of record for defendant/cross complainant USPA Accessories in

3    this action. This declaration is based upon my personal knowledge.

4    2.    Defendant/cross complainant joins in and supports plaintiff/cross defendant's ex

5    parte application for a continuance by plaintiff for the reasons stated in the application.

6    3.    I confirm the accuracy of the facts stated in the application.

7    4.    I have been given proper notice pursuant to Rule of Court Number 3.1203(a) of

8    this ex parte hearing to be held in Department ~~302~~ 206 of The San Francisco Superior Court, located

9    at 400 McAllister Street, San Francisco, California, 94102 at 11:00 a.m. on May 24, 2007, in that

10   the attorney for plaintiff/cross defendant informed me of the hearing prior to 10:00 a.m. on May

11   23, 2007. Defendant/cross complainant will not appear for this hearing and does not oppose this

12   motion.

13   I certify under penalty of perjury that the foregoing is true and correct. Executed at ~~San~~

14   ~~Francisco,~~ California on May _23_, 2007.                              Los Angeles

15

16                                                          _Peter Cho_

17                                                          Peter Cho

18

19

20

21

22

23

24

25

26

27

28

SOMMERS LAW GROUP

Page 2 of 2
Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Declaration of Peter Cho in Support of Stipulated Ex Parte Application to Continue Trial

TAB 29

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 4 2007

GORDON PARK-LI, Clerk
BY: ERICKA LARNAUTI
Deputy Clerk

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| BLUE MARLIN CORP., | CASE NO. CGC-06-453170 |
| Plaintiff, | (~~PROPOSED~~) ORDER GRANTING STIPULATED EX PARTE APPLICATION TO CONTINUE TRIAL ~~DATE~~ |
| vs. | |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | Date: **May 24, 2007** |
| Defendant. | Time: **11:00 a.m.** |
| | Dept: **206** |
| | Judge: **Hon. David L. Ballati** |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | |
| Cross-Complainant, | |
| vs. | Complaint Filed:  June 15, 2006 |
| BLUE MARLIN CORP., an Illinois corporation; and Does 1 to 25, inclusive, | Trial Date:        July 2, 2007 |
| Cross-Defendants. | |

///

1   This matter came before the Court for ex parte hearing at 11:00 a.m. on May 24, 2007, in

2   Department 206 of the San Francisco Superior Court, Honorable Judge David L. Ballati

3   presiding. Plaintiff/cross defendant Blue Marlin Corp. was represented by Jacob Sider of The

4   Sommers Law Group. Defendant/cross complainant USPA Accessories was not represented by

5   counsel, but signed a stipulation to the ex parte application for order to continue trial date and its

6   attorney, Peter Cho, submitted a declaration stating that he had received proper notice of this ex

7   parte hearing.

8   Having heard the oral arguments of counsel for Plaintiff/cross defendant Blue Marlin

9   Corp. and having read the relevant pleading papers, the Court rules as follows:

10

11   1. The trial is continued from July 2, 2007 until _November 13, 2007_ [at least four months

12   later]; and

13   2. All trial-related deadlines, including those for general discovery and expert discovery,

14   are continued and shall be calculated based upon the new trial date.

15   _The Mandatory Settlement Conference currently set will_

16   _be vacated, and notice of a new Mandatory Settlement_

17   _conference will be mailed by the Court._

SO ORDERED,

18

19   May _24_, 2007

_Hon. Ballati_

20   Honorable David L. Ballati
    San Francisco Superior Court Judge

21

22

23

24

25

26

27

28



Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170

**TAB 30**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| BLUE MARLIN CORPORATION | **Department   303** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-453170** |
| USPA ACCESSORIES LLC DBA CONCEPT ONE ACCESSORIES | **Notice of Rescheduled Mandatory Settlement Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The JUN-18-2007 MANDATORY SETTLEMENT CONFERENCE currently scheduled is canceled.

The MANDATORY SETTLEMENT CONFERENCE is rescheduled to OCT-25-2007 at 3:30 PM in Department 303, 400 McAllister Street San Francisco, CA 94102.  Sanctions will be imposed for failure to comply with Local Rule 5.0.A. and California Rules of Court, Rule 3.1385.

DATED: MAY-24-2007

JULIE TANG

JUDGE

Notice of Rescheduled Mandatory Settlement Conference
Form 000025

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-24-2007 I served the foregoing Notice of Rescheduled Mandatory Settlement Conference on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice

Dated : MAY-24-2007                    By: ERICKA LARNAUTI

DAVID M. BASS (117199)
DAVID M. BASS & ASSOCIATES
2029 CENTURY PARK EAST
14TH FLOOR
LOS ANGELES CA 90067

RANDALL RICCARDO (224672)
299 KANSAS STREET
SF, CA 94103
USA

STEPHEN A. SOMMERS (225742)
SOMMERS LAW GROUP
870 MARKET STREET
SUITE 1142
SAN FRANCISCO CA 94102

DAVID M. BASS (117199)
DAVID M. BASS & ASSOCIATES
2029 CENTURY PARK EAST
14TH FLOOR
LOS ANGELES, CA 90067

CERTIFICATE OF SERVICE BY MAIL
Form 000025

**TAB 31**

1  David M. Bass (State Bar No. 117199)
   Peter M. Cho (State Bar No. 213870)
2  DAVID M. BASS & ASSOCIATES
   2029 Century Park East, 14th Floor
3  Los Angeles, California 90067
   Telephone: (310) 789-1152
4  Facsimile: (310) 789-1149
   E-mail: dbass@basslawla.com
5

6  Attorneys for Defendant USPA ACCESSORIES,
   LLC dba CONCEPT ONE ACCESSORIES
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN FRANCISCO

10

11  BLUE MARLIN CORP.,                    Case No. CGC-06-453170

12              Plaintiff,                Commissioner Bruce E. Chan
                                          Discovery Department 610
13       vs.

14  USPA ACCESSORIES, LLC dba             [PROPOSED] STIPULATED PROTECTIVE
    CONCEPT ONE ACCESSORIES,              ORDER
15
                Defendant.
16

17  USPA ACCESSORIES, LLC dba
    CONCEPT ONE ACCESSORIES,
18
                Cross-Complainant,
19
         vs.
20  BLUE MARLIN CORP., an Illinois
    corporation; and ROES 1 to 25, inclusive,
21
                Cross-Defendants.        Complaint Filed:   June 15, 2006
22                                       Trial Date:        July 2, 2007

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                        STIPULATED PROTECTIVE ORDER

**I.    PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Rules of Court 2.550 and 2.551 set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II.    DEFINITIONS.**

A.    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under the applicable statutory and case law.

D.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

///

1

1      E.    Receiving Party: a Party that receives Disclosure or Discovery Material from a

2  Producing Party.

3      F.    Producing Party: a Party or non-party that produces Disclosure or Discovery

4  Material in this action.

5      G.    Designating Party: a Party or non-party that designates information or items that

6  it produces in disclosures or in responses to discovery as "Confidential" or "Highly

7  Confidential -- Attorneys' Eyes Only."

8      H.    Protected Material: any Disclosure or Discovery Material that is designated as

9  "Confidential" or as "Highly Confidential -- Attorneys' Eyes Only."

10      I.    Outside Counsel: attorneys who are not employees of a Party but who are

11  retained to represent or advise a Party in this action.

12      J.    House Counsel: attorneys who are employees of a Party.

13      K.    Counsel (without qualifier): Outside Counsel and House Counsel (as well as

14  their support staffs).

15      L.    Expert: a person with specialized knowledge or experience in a matter pertinent

16  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or

17  as a consultant in this action and who is not a past or a current employee of a Party or of a

18  competitor of a Party's and who, at the time of retention, is not anticipated to become an

19  employee of a Party or a competitor of a Party's. This definition includes a professional jury or

20  trial consultant retained in connection with this litigation.

21      M.    Professional Vendors: persons or entities that provide litigation support services

22  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

23  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

24  **III.   SCOPE.**

25      The protections conferred by this Stipulated Protective Order cover not only Protected

26  Material (as defined above), but also any information copied or extracted therefrom, as well as

27  all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

28  ///

1   presentations by parties or counsel to or in court or in other settings that might reveal Protected

2   Material.

3   **IV.   DURATION.**

4       Even after the termination of this litigation, the confidentiality obligations imposed by

5   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6   order otherwise directs.

7   **V.   DESIGNATING PROTECTED MATERIAL.**

8       A.   Exercise of Restraint and Care in Designating Material for Protection.  Each

9   Party or non-party that designates information or items for protection under this Order must

10  take care to limit any such designation to specific material that qualifies under the appropriate

11  standards.  A Designating Party must take care to designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which protection is not

14  warranted are not swept unjustifiably within the ambit of this Order.

15      Mass, indiscriminate, or routinized designations are prohibited.  Designations

16  that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

17  to unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19      If it comes to a Party's or a non-party's attention that information or items that it

20  designated for protection do not qualify for protection at all, or do not qualify for the level of

21  protection initially asserted, that Party or non-party must promptly notify all other parties that it

22  is withdrawing the mistaken designation.

23      B.   Manner and Timing of Designations.  Except as otherwise provided in this Order

24  (see, e.g., second paragraph of Section B.1, below), or as otherwise stipulated or ordered,

25  material that qualifies for protection under this Order must be clearly so designated before the

26  material is disclosed or produced.

27  / / /

28  / / /

STIPULATED PROTECTIVE ORDER

Designation in conformity with this Order requires:

     1)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

     A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

     2)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

1  testimony that is entitled to protection, and when it appears that substantial portions of the

2  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

3  testimony may invoke on the record (before the deposition or proceeding is concluded) a right

4  to have up to 20 days to identify the specific portions of the testimony as to which protection is

5  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that

7  are appropriately designated for protection within the 20 days shall be covered by the

8  provisions of this Stipulated Protective Order.

9          Transcript pages containing Protected Material must be separately bound

10  by the Court reporter, who must affix to the top of each such page the legend

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

12  instructed by the Party or nonparty offering or sponsoring the witness or presenting the

13  testimony.

14          3)    for information produced in some form other than documentary, and for

15  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

16  the container or containers in which the information or item is stored the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

18  portions of the information or item warrant protection, the Producing Party, to the extent

19  practicable, shall identify the protected portions, specifying whether they qualify as

20  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

21          C.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

22  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

23  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

24  under this Order for such material. If material is appropriately designated as "Confidential" or

25  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

26  Receiving Party, on timely notification of the designation, must make reasonable efforts to

27  assure that the material is treated in accordance with the provisions of this Order.

28  / / /

STIPULATED PROTECTIVE ORDER

1  ## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

2      A.    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

3  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5  waive its right to challenge a confidentiality designation by electing not to mount a challenge

6  promptly after the original designation is disclosed.

7      B.    Meet and Confer.  A Party that elects to initiate a challenge to a Designating

8  Party's confidentiality designation must do so in good faith and must begin the process by

9  conferring directly (in voice to voice dialogue; other forms of communication are not

10  sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

11  explain the basis for its belief that the confidentiality designation was not proper and must give

12  the Designating Party an opportunity to review the designated material, to reconsider the

13  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

14  designation. A challenging Party may proceed to the next stage of the challenge process only if

15  it has engaged in this meet and confer process first.

16      C.    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

17  designation after considering the justification offered by the Designating Party may file and

18  serve a motion that identifies the challenged material and sets forth in detail the basis for the

19  challenge. Each such motion must be accompanied by a competent declaration that affirms that

20  the movant has complied with the meet and confer requirements imposed in the preceding

21  paragraph and that sets forth with specificity the justification for the confidentiality designation

22  that was given by the Designating Party in the meet and confer dialogue.

23      The burden of persuasion in any such challenge proceeding shall be on the

24  Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the

25  material in question the level of protection to which it is entitled under the Producing Party's

26  designation.

27  ///

28  ///

1   **VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

2          A.     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed

3   or produced by another Party or by a non-party in connection with this case only for

4   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

5   disclosed only to the categories of persons and under the conditions described in this Order.

6   When the litigation has been terminated, a Receiving Party must comply with the provisions of

7   Section XI, below (FINAL DISPOSITION).

8          Protected Material must be stored and maintained by a Receiving Party at a

9   location and in a secure manner that ensures that access is limited to the persons authorized

10  under this Order.

11         B.     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise

12  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

13  disclose any information or item designated CONFIDENTIAL only to:

14         1)     the Receiving Party's Outside Counsel of record in this action, as well as

15  employees of said Counsel to whom it is reasonably necessary to disclose the information for

16  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

17  attached hereto as Exhibit A;

18         2)     the officers, directors, and employees (including House Counsel) of the

19  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

20  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

21         3)     experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23  Bound by Protective Order" (Exhibit A);

24         4)     the Court and its personnel;

25         5)     court reporters, their staffs, and professional vendors to whom disclosure

26  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

27  Protective Order" (Exhibit A);

28  ///

7

1    6)    during their depositions, witnesses in the action to whom disclosure is

2    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

3    (Exhibit A) – pages of transcribed deposition testimony or exhibits to depositions that reveal

4    Protected Material must be separately bound by the Court reporter and may not be disclosed to

5    anyone except as permitted under this Stipulated Protective Order;

6    7)    the author of the document or the original source of the information.

7    C.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8    Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

9    Designating Party, a Receiving Party may disclose any information or item designated

10    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11    1)    the Receiving Party's Outside Counsel of record in this action, as well as

12    employees of said Counsel to whom it is reasonably necessary to disclose the information for

13    this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

14    attached hereto as Exhibit A;

15    2)    House Counsel of a Receiving Party (1) who has no involvement in

16    competitive decision-making or in patent prosecutions involving furniture, (2) to whom

17    disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to

18    Be Bound by Protective Order" (Exhibit A);

19    3)    Experts (as defined in this Order) (a) to whom disclosure is reasonably

20    necessary for this litigation, (b) who have signed the "Agreement to Be Bound by Protective

21    Order" (Exhibit A), and (c) as to whom the procedures set forth in Section D, below, have been

22    followed];

23    4)    the Court and its personnel;

24    5)    court reporters, their staffs, and professional vendors to whom disclosure

25    is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

26    Protective Order" (Exhibit A); and

27    6)    the author of the document or the original source of the information.

28    ///

8

STIPULATED PROTECTIVE ORDER

1      D.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY" Information or Items to "Experts".

3          1)    Unless otherwise ordered by the Court or agreed in writing by the

4    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

5    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY" first must make a written request to the Designating Party that (a) identifies the

7    specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

8    disclose to the Expert, (b) sets forth the full name of the Expert and the city and state of his or

9    her primary residence, (c) attaches a copy of the Expert's current resume, (d) identifies the

10    Expert's current employer(s), (e) identifies each person or entity from whom the Expert has

11    received compensation for work in his or her areas of expertise or to whom the expert has

12    provided professional services at any time during the preceding five years, and (f) identifies (by

13    name and number of the case, filing date, and location of court) any litigation in connection

14    with which the Expert has provided any professional services during the preceding five years.

15          2)    A Party that makes a request and provides the information specified in

16    the preceding paragraph may disclose the subject Protected Material to the identified Expert

17    unless, within seven court days of delivering the request, the Party receives a written objection

18    from the Designating Party. Any such objection must set forth in detail the grounds on which it

19    is based.

20          3)    A Party that receives a timely written objection must meet and confer

21    with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter

22    by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

23    Expert may file a motion seeking permission from the Court to do so. Any such motion must

24    describe the circumstances with specificity, set forth in detail the reasons for which the

25    disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure

26    would entail and suggest any additional means that might be used to reduce that risk. In

27    addition, any such motion must be accompanied by a competent declaration in which the

28    movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the

1   content of the meet and confer discussions) and sets forth the reasons advanced by the

2   Designating Party for its refusal to approve the disclosure.

3               In any such proceeding the Party opposing disclosure to the Expert shall

4   bear the burden of proving that the risk of harm that the disclosure would entail (under the

5   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material

6   to its Expert.

7   **VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8   **OTHER LITIGATION.**

9               If a Receiving Party is served with a subpoena or an order issued in other litigation that

10  would compel disclosure of any information or items designated in this action as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

12  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

13  immediately and in no event more than three court days after receiving the subpoena or order.

14  Such notification must include a copy of the subpoena or court order.

15              The Receiving Party also must immediately inform in writing the Party who caused the

16  subpoena or order to issue in the other litigation that some or all the material covered by the

17  subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving

18  Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other

19  action that caused the subpoena or order to issue.

20              The purpose of imposing these duties is to alert the interested parties to the existence of

21  this Stipulated Protective Order and to afford the Designating Party in this case an opportunity

22  to try to protect its confidentiality interests in the Court from which the subpoena or order

23  issued. The Designating Party shall bear the burdens and the expenses of seeking protection in

24  that court of its confidential material – and nothing in these provisions should be construed as

25  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

26  another court.

27  ///

28  ///

**IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**X.    FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Rules of Court 2.550 and 2.551.

**XI.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

11

1  Any such archival copies that contain or constitute Protected Material remain subject to this

2  Protective Order as set forth in Section IV (DURATION), above.

3  **XII.   MISCELLANEOUS.**

4       A    Right to Further Relief. Nothing in this Order abridges the right of any person

5  to seek its modification by the Court in the future.

6       B    Right to Assert Other Objections. By stipulating to the entry of this Protective

7  Order no Party waives any right it otherwise would have to object to disclosing or producing

8  any information or item on any ground not addressed in this Stipulated Protective Order.

9  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

10  material covered by this Stipulated Protective Order.

11

12  Dated: _5June_____, 2007          DAVID M. BASS & ASSOCIATES

13

14                                    By:_____

15                                          David M. Bass
                                      Attorneys for Defendant and Cross-
                                      Complainant USPA ACCESSORIES, LLC,
16                                    dba CONCEPT ONE ACCESSORIES

17

18  Dated:_____, 2007        RANDALL RICCARDO

19

20                                    By:_____
                                          Randall Riccardo
21                                    Attorneys for Plaintiff and Cross-Defendant
                                      BLUE MARLIN CORPORATION

22

23                                    **ORDER**

24       In accordance with the stipulation of the parties, and with good cause appearing, the

25  Court enters the Stipulated Protective Order as an Order of the Court.

26

27  Dated: _____, 2007       _____

28                                    See next page for signature

STIPULATED PROTECTIVE ORDER

1  Any such archival copies that contain or constitute Protected Material remain subject to this

2  Protective Order as set forth in Section IV (DURATION), above.

3  **XII.  MISCELLANEOUS.**

4      A      Right to Further Relief.  Nothing in this Order abridges the right of any person

5  to seek its modification by the Court in the future.

6      B      Right to Assert Other Objections.  By stipulating to the entry of this Protective

7  Order no Party waives any right it otherwise would have to object to disclosing or producing

8  any information or item on any ground not addressed in this Stipulated Protective Order.

9  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

10  material covered by this Stipulated Protective Order.

11

12  Dated:_____, 2007          DAVID M. BASS & ASSOCIATES

13

14                                       By:_____

15                                              David M. Bass
                                         Attorneys for Defendant and Cross-
16                                       Complainant USPA ACCESSORIES, LLC,
                                         dba CONCEPT ONE ACCESSORIES
17

18  Dated: *May 25*, 2007                RANDALL RICCARDO

19

20                                       By:_____

21                                              Randall Riccardo
                                         Attorneys for Plaintiff and Cross-Defendant
22                                       BLUE MARLIN CORPORATION

23                                       **ORDER**

24      In accordance with the stipulation of the parties, and with good cause appearing, the

25  Court enters the Stipulated Protective Order as an Order of the Court.

26

27  Dated:_____, 2007            **BRUCE E. CHAN**

28

                                         12

1

## **EXHIBIT A**

2

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of

4    _____ [print or type full address],

5    declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6    Protective Order that was issued by the Superior Court of California for the County of San

7    Francisco in the case of *Blue Marlin Corp. v. USPA Accessories, LLC*, Case No. CGC-06-

8    453170. I agree to comply with and to be bound by all the terms of this Stipulated Protective

9    Order and I understand and acknowledge that failure to so comply could expose me to

10   sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

11   in any manner any information or item that is subject to this Stipulated Protective Order to any

12   person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the Superior Court of California for the

14   County of San Francisco for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16       I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number]

18   as my California agent for service of process in connection with this action or any proceedings

19   related to enforcement of this Stipulated Protective Order.

20

21   Date:_____

22

23   City and State where sworn and signed: _____

24

25   Printed name:_____
                    [printed name]

26

27   Signature:_____
                  [signature]

28

TAB 32

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. | CASE NO.  CGC-06-453170 <br><br> STIPULATION AND (PROPOSED) ORDER GRANTING EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL FURTHER DISCOVERY AND DEPOSITIONS (MOTION TO BE HEARD AT 9:00 A.M. ON JULY 3, 2007) <br><br> Date:  June 21, 2007 <br> Time:  11:30 a.m. <br> Dept:  Dept. 610 <br> Judge: Hon. Bruce E. Chan |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Cross-Complainant, <br><br> vs. <br><br> BLUE MARLIN CORP., an Illinois corporation; and Does 1 to 25, inclusive, <br><br> Cross-Defendants. | Complaint Filed:  June 15, 2006 <br> Trial Date:       November 13, 2007 |

///

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 2 1 2007

GORDON PARK-LI, Clerk
BY: MARTA VALLEJO
Deputy Clerk

Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulation and (Proposed) Order Granting Ex Parte Application for Order Shortening Time for Hearing on Motion
to Compel Further Discovery and Depositions

06/22/2007  15:27    4159825621                                          PAGE  03/05

Jun. 20  2007  8:15AM    Fr David Bass & Associates To:13107891149          No. 4899  P. 4

1    The undersigned attorneys for the parties in the above matter hereby stipulate to

2    shortening time for hearing on plaintiff/cross defendant Blue Marlin's motion to compel further

3    discovery and depositions. With the Court's permission, the motion shall be heard at 9:00 a.m.

4    on July 3, 2007. Defendant/cross complainant USPA Accessories, LLC's opposition to the

5    motion shall be due on June 29, 2007. Blue Marlin waives its right to file any reply to this

6    opposition.

7

8    SO STIPULATED.

9

10   Dated: June 19 , 2007                              SOMMERS LAW GROUP

11                                                      /s/

12                                                      Stephen A. Sommers
                                                        Attorney for plaintiff/cross-defendant
13                                                      BLUE MARLIN CORP.

14

15   Dated: June 19 , 2007                              DAVID M. BASS & ASSOC.

16

17                                                      Peter M. Cho, Esq.
                                                        Attorney for defendant/cross complainant
18                                                      USPA ACCESSORIES, LLC

19

20

21

22

23

24

25

26

27

28

Page 2 of 2
Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulation to Ex Parte Application for Order Shortening Time for Hearing on Motion to Compel Further Discovery
and Depositions (Motion to Be Heard at 9:00 a.m. on July 3, 2007)

1    On June 21, 2007, at 11:30 a.m. in Department 610 of the San Francisco Superior Court,

2   Honorable Bruce E. Chan presiding, the Court considered plaintiff/cross defendant Blue Marlin's

3   stipulated ex parte application for order shortening time for hearing on motion to compel further

4   discovery and depositions (motion to be heard at 9:00 a.m. on July 5, 2007). Having read the

5   relevant papers on file, including the attached stipulation, the Court finds as follows:

6

7   THE MOTION IS GRANTED.

8

9                                              BRUCE E. CHAN

10   June 21, 2007

                                              _____
11                                            Honorable BRUCE E. CHAN
                                              Commissioner of the Discovery Court
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMMERS LAW GROUP

Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
Stipulation and (Proposed) Order Granting Ex Parte Application for Order Shortening Time for Hearing on Motion
to Compel Further Discovery and Depositions

**TAB 33**

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

**F I L E D**
San Francisco County Superior Court

JUN 2 1 2007

GORDON PARK-LI, Clerk
BY:_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

BLUE MARLIN CORP.,

Plaintiff,

vs.

USPA ACCESSORIES, LLC dba CONCEPT
ONE ACCESSORIES,

Defendant.

USPA ACCESSORIES, LLC dba CONCEPT
ONE ACCESSORIES,

Cross Complainant,

vs.

BLUE MARLIN CORP., an Illinois
corporation; and Does 1 to 25, inclusive,

Cross Defendants

Case No. CGC-453170

**STIPULATION (BY FAX) AND
(PROPOSED) ORDER GRANTING
FILING OF FIRST AMENDED
COMPLAINT OF PLAINTIFF/CROSS
DEFENDANT BLUE MARLIN**

Patrick J. Mahoney
Honorable ~~David L. Ballati~~ PAUL H. ALVARADO
Dept: ~~206~~ 302

Complaint Filed:  June 15, 2006
Trial Date:      July 2, 2007

///
///

Page 1 of 2
Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
STIPULATION (BY FAX) TO FILING OF FIRST AMENDED COMPLAINT OF PLAINTIFF/CROSS
DEFENDANT BLUE MARLIN

1    The Court, upon having been presented with the attached stipulation (by fax) to filing of

2    first amended complaint of plaintiff/cross defendant Blue Marlin in the above-titled action,

3    hereby orders that:

4

5    THE FIRST AMENDED COMPLAINT BE FILED.

6

7    June __21__, 2007                                    _Paul H. Alvarado_

8                                                         ~~David L. Ballati~~ Patrick J. Mahoney

9                           Law & Motion  Presiding Judge         PAUL H. ALVARADO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMMERS LAW GROUP

1       The undersigned attorneys for the parties in this matter hereby stipulate to the filing of

2 the first amended complaint of plaintiff/cross defendant Blue Marlin, ~~a true unendorsed copy~~ of *the original*

3 which is attached hereto as exhibit A.   Defendant/cross complainant USPA Accessories does not *a copy*

4 stipulate to the filing of any amendments to Blue Marlin's original complaint other than those

5 contained in exhibit A.

6

7

8

9 Dated: June __6__, 2007              SOMMERS LAW GROUP

10

11

12              By: _____

13                    STEPHEN SOMMERS

                    JACOB W. SIDER

14                     Attorneys for Plaintiff/Cross Defendant

15                     BLUE MARLIN CORP.

16

17              DAVID M. BASS & ASSOCIATES

18

19 Dated: June __14__, 2007          By: _____

20                     PETER CHO

21                     Attorney for Defendant/Cross Complainant

                    USPA ACCESSORIES

22

23

24

25

26

27

28

Blue Marlin v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
STIPULATION (BY FAX) TO FILING OF FIRST AMENDED COMPLAINT OF PLAINTIFF/CROSS
DEFENDANT BLUE MARLIN

**TAB 34**

SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
JACOB W. SIDER, SBN 236084
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
slg@sommers-law.net

Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. <br><br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Cross Complainant, <br><br> vs. <br><br> BLUE MARLIN CORP., an Illinois corporation; and Does 1 to 25, inclusive, <br><br> Cross Defendants | Case No. CGC-453170 <br> **PLAINTIFF BLUE MARLIN'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br><br><br><br><br><br> Complaint Filed:  June 15, 2006 <br> Trial Date:        July 2, 2007 |

///

///

Plaintiff alleges:

## PARTIES AND JURISDICTION

1.  At all material times hereto plaintiff, Blue Marlin Corp , has been a California corporation doing business as an apparel wholesaler.

2   Plaintiff is informed and believes and thereon alleges, that at all material times hereto, defendant, USPA Accessories, LLC, and Does 1-10, has been a New York Corporation, located in the city of New York.

3.  The true names and capacities of defendants named herein as Does 1-10 inclusive are unknown to plaintiff at this time, who therefore sues defendants by such fictitious names and plaintiff will ask leave of court to amend this complaint to insert the true names and capacities of such fictiously named defendants when they have been ascertained. Plaintiff alleges on information and belief that such defendants are responsible for the debts hereinafter alleged.

4.  Jurisdiction will be properly exercised by this Court because the claims and obligations sued upon herein were made and entered into and are due and payable in this judicial district. Additionally, under the terms of the contract entered into between the parties, such contract being subject of the instant action, the defendant has voluntarily agreed to submit all disputes arising under such contract to this Court.

## GENERAL ALLEGATIONS

5.  Blue Marlin was founded in 1994 as a headwear wholesaler. Its initial line of product was inspired by teams from the Negro Leagues, the Latin Leagues, the Pacific Coast Leagues, and other defunct baseball teams from the early 1900's. Its early product offering featured baseball caps; these hats were in an instant success and were soon worn by various celebrities including Bruce Springsteen, Dusty Baker, Bruce Willis, Bono and others.

6.  Beginning in 1996, Blue Marlin expanded into vintage-inspired sportswear consisting of sweatshirts, sweatpants, track jackets, polo shirts, T-shirts, jeans, bags, belts, footwear, and other items. Blue Marlin is currently sold in over 500 stories nationwide including Bloomingdale's, Macy's, Marshall Field's, Lord & Taylor, Nordstrom and a variety of specialty stores.

7.  January 1, 2004, defendant entered into a contract agreement under which USPA would design, manufacture, market and sell Blue Marlin headwear under a license agreement (hereinafter the "License Agreement")  The License Agreement term ran from February 1, 2004 through June 30, 2007 (See Exhibit A)  Under the terms of the License Agreement defendant obligated itself to pay guaranteed minimum royalties of $75,000 for the first year of the license, $120,000 for the second year of the license and $150,000 for the third year of the license. The license royalty was 8% on any amounts exceeding the minimum guaranteed royalty. These minimum royalties are due and payable regardless of the quantity of product defendant actually sells. Additionally, the defendant must to pay a 2% advertising royalty and expend another 2% on advertising on the defendant's net sales.

8.  Through March 1, 2006, defendant has underpaid plaintiff on the guaranteed minimum royalties and advertising royalties and contributions by $78,139.23.

9.  On March 29, 2006, defendant's CEO, Sam Hafif, sent an email to Erik Stuebe, CEO for plaintiff, in which Hafif stated, inter alia, that "we would not agree to pay the minimum royalties as stated in the contract." and "there is no point in tiptoeing around this issue, so I am stating directly that we will not accept that obligation. " (See Exhibit B). Defendant, through Hafif, also expressed the same message to CEO Stuebe in a telephone conversation on March 21, 2006.

10.  On June 14, 2006, plaintiff, through the undersigned counsel, sent a letter via Federal Express, to defendant informing defendant that they were in breach of the License Agreement and demanding payment  This notice of breach was required under the terms of the attached License Agreement  Plaintiff demanded that defendant remit payment for royalties currently owed under the License, totaling $78, 139.23. Defendant was also

1  informed that if it wished to not honor its obligations under the License Agreement, plaintiff

2  would accept immediate payment of $234,139.23: such amount constituting the balance

3  owed on the License Agreement along with the outstanding royalty payments.

4       11. Plaintiff has at all times performed all conditions, covenants and promises

5  required to be performed in accordance with the terms of the License.

6       12. Based on the unequivocal statements made by the defendant, through the attached

7  email, and statements made orally to the plaintiff's CEO, Erik Stuebe, plaintiff considers

8  defendant to have anticipatorily breached the Agreement.

9       13. Upon information and belief, plaintiff became aware that defendant was

10  continuing to sell headwear previously the subject of the License Agreement, bearing Blue

11  Marlin's BLUE MARLIN, BLUE MARLIN (and design), FIVE STAR, FIVE STAR

12  VINTAGE, FIVE STAR (design) trademarks (hereinafter the "Blue Marlin trademarks")

13  which were the subject of the License Agreement, at severe discounts. As the License

14  Agreement had long since terminated, such sales of headwear by defendant constitute clear

15  willful trademark infringement, tarnishing Blue Marlin's brand, image, reputation and good

16  will and misleading the public.

17       14. Defendant's sale of the infringing headwear is likely to cause confusion, mistake

18  and deception among the customers of the headwear and such customers are likely to be

19  confused into believing there is an association still in existence between the plaintiff and

20  defendant.

21       15. Defendant acted in bad faith by willfully selling and distributing product bearing

22  plaintiff's BLUE MARLIN trademarks when it knew full well that it was no longer

23  authorized to distribute product bearing the BLUE MARLIN trademarks under the License

24  Agreement. The BLUE MARLIN trademarks are federally registered, valid and subsisting.

25  (See Exhibit C). The License Agreement called for the defendant to immediately cease using

26  the Blue Marlin trademarks upon the termination of the agreement.

27       16. Upon information and belief, plaintiff became aware that defendant had

28  appropriated a copyright in the form of a design graphic featuring a stylized rendering of the

SOMMERS LAW GROUP

1  letter "NYC" (hereinafter the "NYC copyright"). The NYC copyright had been used by the

2  plaintiff on their FIVE STAR brand of apparel and headwear. Defendant had access to these

3  copyright designs; however, they were licensed for use <u>only</u> in connection with the License

4  Agreement and such License Agreement had been terminated months previously by the

5  plaintiff. Defendant willfully and intentionally used these copyright designs on headwear

6  which was sold under another brand, entitled "ROMA", owned by plaintiff and licensed to

7  defendant. The ROMA brand is the subject of a different license agreement between the

8  parties.

9        17. Defendant had access to the NYC copyright through the plaintiff's on-line design

10  database made available to its licensees. The NYC copyright is being used without the

11  authorization or consent of plaintiff. The use of the NYC copyright on an inferior grade

12  product, at a lower-tier retailer than the copyright design had hitherto been used, has severely

13  damaged the underlying value of the work. An example of product, bearing the infringing

14  NYC copyright design, is attached as Exhibit D.

15        18. As a result of defendant's copyright and trademark infringement, plaintiff seeks

16  seizure, impoundment and destruction of all product used to perpetuate the infringing acts

17  pursuant to 17 U.S.C. § 503. Plaintiff is also entitled to an accounting for profits, damages,

18  costs and reasonable attorneys' fees in connection therewith. Plaintiff prays for preliminary

19  and injunctive relief enjoining and restraining defendant and its officer, employees and

20  agents from directly or indirectly using, selling, marketing manufacturing or distributing

21  product bearing plaintiff's copyright designs and trademarks. Plaintiff is entitled to the costs

22  of corrective advertising, and because defendant's actions are willful, is entitled to a trebling

23  of all damages pursuant to 15 U.S.C. § 1117.

24

25                              **FIRST CAUSE OF ACTION**

26                                  **OPEN BOOK ACCOUNT**

27        19. Within four years preceding the commencement of this action, the defendant

28  entered into the aforementioned License Agreement, obligating and indebting itself on a

1    book account for a sum of $358,800 as defined by § 337 of the California Code of Civil

2    Procedure for payments to be made under a written agreement. While demand has been

3    made, no payment has been made, and there is now due, owing and unpaid the sum

4    $234,139.23 together with legal interest thereon at the legal rate of 10% per annum from

5    March 31, 2006.

6

7                         **SECOND CAUSE OF ACTION**

8                              **ACCOUNT STATED**

9         20. Plaintiff repeats and realleges each and every allegation contained in paragraphs

10   1-19 of the complaint as full set forth herein.

11        21. Within four years preceding the commencement of this action, an obligation on an

12   account was stated in writing by and between plaintiff and defendant, wherein it was agreed

13   that defendant was indebted to the plaintiff in the sum of no less than $358,800 together with

14   interest thereon at the legal rate of 10% per annum from March 31, 2006 which amount

15   remains unpaid despite defendants promise to pay.

16

17                         **THIRD CAUSE OF ACTION**

18                     **BREACH OF CONTRACT-COMMON COUNT**

19        22. Plaintiff repeats and realleges each and every allegation contained in paragraphs

20   1-21 of the complaint as full set forth herein.

21        23. On January 1, 2004, plaintiff and defendant entered into a written contract, the

22   License Agreement, (a copy of which has been attached as Exhibit A and made a part of this

23   pleading). On March 29, 2006, defendant, by email (a copy of which is attached as Exhibit B

24   and made part of this pleading) gave notice that defendant would not perform the contract,

25   whereby defendant totally repudiated the License Agreement. Defendant's repudiation has

26   not been retracted despite plaintiff's demand that defendant perform its obligations and pay

27   $234,139.23

28

SOMMERS LAW GROUP

24. At the time plaintiff received defendant's repudiation, plaintiff had performed all of the conditions on its part to be done and performed, and was ready, able and willing to perform those conditions.

## FOURTH CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-24 of the complaint as full set forth herein.

26. The acts and omissions of the defendant described above are likely to cause confusion, or to cause mistakes, or to deceive and therefore constitute infringement of plaintiff's federally registered trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. As alleged above, plaintiff has valid federal trademark registrations for the BLUE MARLIN trademarks (copies of which are attached as Exhibit C).

28. Defendant's use of the BLUE MARLIN trademarks is likely to cause confusion for consumers as to the origin of defendant's products.

29. Defendant's wrongful acts will permit defendants to make substantial sales and profits on the strength of plaintiff's success, goodwill and consumer recognition of its BLUE MARLIN trademarks.

30. As a direct and proximate result of defendant's wrongful conduct, plaintiff will be deprived of the value of, among other things, its BLUE MARLIN trademarks as commercial assets.

31. As a direct and proximate result of defendant's wrongful conduct, plaintiff has been damaged by defendant's wrongful acts, and such damage will continue unless the Court enjoins defendant's acts.

## FIFTH CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-31 of the complaint as full set forth herein.

---

Page 7 of 12

Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170
FIRST AMENDED COMPLAINT

SOMMERS LAW GROUP

1       33. The acts of the defendant described above constitute unfair competition and false

2  designation of origin in violation of Section 43(a) of the Lanham Act § 1125(a).

3       34. As alleged above, plaintiff has used its BLUE MARLIN trademarks to distinguish

4  its products from those offered by others. Those products have been distributed in trade

5  channels similar to those in which defendant does business.

6       35. Defendant's use of the BLUE MARLIN trademarks is likely to cause confusion

7  for consumers as to the origin of defendant's products.

8       36. In addition, defendant's use of plaintiff's BLUE MARLIN trademarks under the

9  circumstances constitutes false designation of origin of products and services.

10       37. As a direct and proximate result of defendant's wrongful conduct, plaintiff has

11  been damaged by defendant's wrongful acts, and such damage will continue unless the Court

12  enjoins defendant's acts.

### SIXTH CAUSE OF ACTION

**TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW**

**(CALIFORNIA BUS. & PROF. CODE § 14320)**

16       38. Plaintiff repeats and realleges each and every allegation contained in paragraphs

17  1-37 of the complaint as full set forth herein.

18       39. By the acts and omissions set forth above, defendants have infringed and continue

19  to infringe plaintiff's rights regarding plaintiff's federal trademark registrations, in violation

20  of California Business and Professions Code §§ 14320 and 14330. Defendant's conduct is

21  likely cause confusion, mistake and deception among the general purchasing public, and

22  interfere with plaintiff's ability to use its BLUE MARLIN trademarks to in indicate a single

23  quality control source of goods and services.

24       40. Plaintiff has suffered, and is suffering, and will continue to suffer irreparable

25  injury for which plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to a

26  permanent injunction against further infringing conduct by the defendant.

27  ///

28  ///

SOMMERS LAW GROUP

### SEVENTH CAUSE OF ACTION

### FALSE ADVERTISING UNDER STATE LAW

### (CALIFORNIA BUS. & PROF. CODE §§ 17500, 17535)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-40 of the complaint as full set forth herein.

42. Defendant's acts as alleged herein constitute the use of deceptive, untrue and misleading advertising, of which defendant's knew or should have known, thereby impairing plaintiff's goodwill and otherwise adversely affecting plaintiff's business and reputation. These acts constitute false advertising under California Business and Professions Code §§ 17500 and 17535, and California common law.

43. Money damages will not adequately remedy plaintiff's injuries. Plaintiff is therefore entitled to injunctive relief prohibiting defendant from continuing such acts of false and misleading advertising.

44. Plaintiff is also entitled to damages, defendant's profits and other damages according to proof at trial, including costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES—CALIFORNIA LAW

### (CALIFORNIA BUS. & PROF. CODE §§ 17200 AND 17203)

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-44 of the complaint as full set forth herein.

46. The acts of the defendant described above are likely to mislead the general public and therefore constitute unfair and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of California Business and Professions Code §§ 17200 and 17203.

47. The acts of untrue and misleading advertising by the defendant described above present a continuing threat to members of the public in that the defendant will misrepresent the source of their headwear.

SOMMERS LAW GROUP

1    48. The defendant's false and misleading advertising will permit the defendant to

2    make substantial sales and profits on the strength of the plaintiff's success, goodwill, and

3    consumer recognition.

4    49. As a direct and proximate result of the defendant's wrongful conduct, plaintiff has

5    been damaged by the defendant's wrongful acts, and such damage will continue unless the

6    Court enjoins defendant's wrongful acts.

7    **NINTH CAUSE OF ACTION**

8    **COPYRIGHT INFRINGEMENT**

9    50. Plaintiff repeats and realleges each and every allegation contained in paragraphs

10   1-49 of the complaint as full set forth herein.

11   51. Plaintiff is the sole and exclusive owner of all right, title and interest to the NYC

12   copyright.

13   52. Defendant had access to the NYC copyright prior to the design and manufacture

14   of the ROMA branded headwear on which the NYC copyright appears. Plaintiff is informed

15   and believes that defendant copied the design covered by the NYC copyright and have

16   published, marketed and distributed infringing product bearing the plaintiff's NYC copyright.

17   Plaintiff sold product, containing plaintiff's NYC copyright, nationwide through Target

18   stores (a copy of the infringing cap is attached as Exhibit D).

19   53. Defendant's actions were willful, intentional, and purposeful, in disregard of

20   plaintiff's copyright rights.

21   54. Because of defendant's activities, which are likely to continue causing substantial

22   and irreparable injury to the plaintiff and to the public, plaintiff is entitled to preliminary and

23   permanent injunctive relief, damages and defendant's profits pursuant to U.S.C. §§ 502 and

24   504(b) for each infringement. Plaintiff is also entitled to attorney's fees and costs pursuant

25   thereto.

26   ///

27   ///

28   ///

SOMMERS LAW GROUP

## **PRAYER FOR DAMAGES**

WHEREFORE, plaintiff respectfully prays for judgment against defendant as follows:

1. For damages on the first, second and third causes of action in the amount of $234,139 23;

2. For interest thereon at the legal rate of 10% per annum;

3. For costs of suit incurred herein;

4. That defendant be required to account for all gains, profits and advantages derived from each of its infringements of the trademarks and copyrights of plaintiff and to pay plaintiff such damages as plaintiff has sustained in consequence of each of defendant's infringements of the trademarks and copyrights owned by plaintiff;

5. That all infringing product bearing the plaintiff's trademarks and copyrights be seized, impounded and destroyed;

6. That a permanent injunction issue restraining and enjoining defendant, its officers, agents, attorneys, directors, employees and those acting in privity or in concert with them from direct or indirectly using, in any fashion, any of plaintiff's trademarks or copyrights;

7. That defendant be ordered to pay compensatory damages;

8. For nominal damages;

9. For attorney's fees incurred in this action;

10. That treble damages and enhanced profits be paid to the plaintiff pursuant to 15 U.S.C. § 1117(a);

11. That defendant be ordered to pay punitive damages as a consequence of the willful and wonton acts alleged herein;

12. That defendant pay plaintiff's costs of corrective advertising;

13. For such other and further relief as the Court deems just and equitable.

SOMMERS LAW GROUP

1

2  June 18, 2007

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOMMERS LAW GROUP

By: _____
STEPHEN SOMMERS
JACOB W. SIDER
Attorneys for Plaintiff/Cross Defendant
Blue Marlin Corp.

Blue Marline v. USPA, Superior Court for San Francisco, Case No. CGC-06-453170

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Stephen Sommers, SBN 225742<br>Sommers Law Group<br>870 Market Street, Suite 1142<br><br>San Francisco, CA 94102<br>  TELEPHONE NO: 415-839-8569   FAX NO. *(Optional)*: 415-956-0878<br>E-MAIL ADDRESS *(Optional)*: slg@sommers-law.net<br>ATTORNEY FOR *(Name)*: Blue Marlin Corp. | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|   STREET ADDRESS: 400 McAllister Street |
|   MAILING ADDRESS: |
|   CITY AND ZIP CODE: San Francisco, CA 94102 |
|   BRANCH NAME: Civic Center |

| | |
|---|---|
| PETITIONER/PLAINTIFF: Blue Marlin Corp., Plaintiff | |
| RESPONDENT/DEFENDANT: USPA Accessories, LLC dba Concept One Accessories | CASE NUMBER:<br>CGC-06-453170 |

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service *(only one)*:**<br><br>☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery<br>☐ By Messenger Service  ☐ By Facsimile  ☐ By E-Mail/Electronic Transmission | JUDGE:<br><br>DEPT.: |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party** to this action.

2. My address is *(specify one)*:
  a. ☒ Business: 870 Market Street, Suite 1142, San Francisco, CA 94102   b. ☐ Residence:

3. On *(date)*: June 20, 2007   I served the following **documents** *(specify)*: First Amended Complaint

  ☐ The documents are listed in the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:
  a. Name of person served: Peter M. Cho
  b. Address of person served: 2029 Century Park East, 14th floor, Los Angeles, CA 90067
  c. Fax number or e-mail address of person served, if service was by fax or e-mail:
  d. Time of service, if personal service was used:

  ☐ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify)*:
  a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [New January 1, 2005] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Legal<br>Solutions<br>ℰ Plus |
| | | Code of Civ. Proc., §§ 1011,<br>1013, 1013a, 2015.5 |

| CASE NAME Blue Marlin Corp. v. USPA | CASE NUMBER:<br>CGC-06-453170 |
| --- | --- |

5  b. [X]  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1)  [X]  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2)  [ ]  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, California

  c. [ ]  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. [ ]  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. [ ]  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. [ ]  **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 20, 2007

Rory Quintana
(TYPE OR PRINT NAME OF DECLARANT)           (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

[ ]  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

  At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

  I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)           (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**