David M. Bass (State Bar No. 117199)
Peter M. Cho (State Bar No. 213870)
DAVID M. BASS & ASSOCIATES
2029 Century Park East, 14th Floor
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile:  (310) 789-1149
E-mail: dbass@basslawla.com

Attorneys for Defendant and Counterclaim
Plaintiff USPA ACCESSORIES, LLC dba
CONCEPT ONE ACCESSORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. | Case No. C 07 3368 CRB <br><br> Hon. Charles R. Breyer <br><br> **ANSWER TO FIRST AMENDED COMPLAINT BY USPA ACCESSORIES, LLC** <br><br> **DEMAND FOR JURY TRIAL** |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, <br><br> Counterclaim Defendants | |

/ / /

/ / /

/ / /

/ / /

Defendant USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES ("USPA"), on behalf of itself and no other defendant, hereby responds to the First Amended Complaint of BLUE MARLIN CORP. ("Blue Marlin") as follows:

### ANSWER TO PARTIES AND JURISDICTION ALLEGATIONS

1. In response to paragraph 1, USPA lacks sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation of paragraph 1.

2. In response to paragraph 2, USPA admits that it is a New York limited liability company with its principal place of business in the city of New York, New York. Except as so admitted, USPA lacks sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation of paragraph 2.

3. In response to paragraph 3, USPA lacks sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation of paragraph 3.

4. In answer to paragraph 4, USPA admits that the U.S. District Court has subject matter jurisdiction over this action. Except as so admitted, USPA denies each and every allegation of paragraph 4.

### ANSWER TO GENERAL ALLEGATIONS

5. In response to paragraph 5, USPA lacks sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation of paragraph 5.

6. In response to paragraph 6, USPA lacks sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation of paragraph 6.

7. In response to paragraph 7, USPA admits that it entered into a license agreement with Blue Marlin dated January 1, 2004 ("License Agreement"), which is attached as Exhibit A to USPA's Cross-Complaint. Except as so admitted, USPA denies each and every allegation of paragraph 7.

8.  In response to paragraph 8, USPA admits that it has submitted $50,246.93 to date under the License Agreement to Blue Marlin. Except as so admitted, USPA denies each and every allegation of paragraph 8.

9.  In response to paragraph 9, USPA admits that its executive, Sam Hafif, sent an email to Erik Stuebe of Blue Marlin dated March 29, 2006, which is attached as Exhibit B to the First Amended Complaint. Except as so admitted, USPA denies each and every allegation of paragraph 9.

10.  In response to paragraph 10, USPA admits that it received a letter from Randall Riccardo dated June 14, 2006 concerning the parties' dispute arising from the License Agreement. Except as so admitted, USPA denies each and every allegation of paragraph 10.

11.  In response to paragraph 11, USPA denies each and every allegation of paragraph 11.

12.  In response to paragraph 12, USPA denies each and every allegation of paragraph 12.

13.  In response to paragraph 13, USPA denies each and every allegation of paragraph 13, including, without limitation, that the trademarks licensed under the License Agreement constitute valid trademarks.

14.  In response to paragraph 14, USPA denies each and every allegation of paragraph 14.

15.  In response to paragraph 15, USPA denies each and every allegation of paragraph 15, including, without limitation, that (i) certain of the trademarks attached as Exhibit C to the First Amended Complaint are the subject of the License Agreement, (ii) Blue Marlin's trademarks are valid, and (iii) the License Agreement is terminated.

16.  In response to paragraph 16, USPA denies each and every allegation of paragraph 16, including, without limitation, that (i) the copyright referred to in paragraph 16 (the "NYC Copyright") is valid, and (ii) the NYC Copyright was licensed only for use under the License Agreement and not a separate license agreement.

ANSWER TO FIRST AMENDED COMPLAINT BY USPA ACCESSORIES, LLC     CASE NO. C 07 3368 CRB

17. In response to paragraph 17, USPA admits that prior to this action, it had access to online databases containing designs pursuant to the License Agreement. Except as so admitted, USPA denies each and every allegation of paragraph 17.

18. In response to paragraph 18, USPA denies each and every allegation of paragraph 18.

## ANSWER TO FIRST CAUSE OF ACTION
## OPEN BOOK ACCOUNT

19. In response to paragraph 19, USPA denies each and every allegation of paragraph 19.

## ANSWER TO SECOND CAUSE OF ACTION
## ACCOUNT STATED

20. In response to paragraph 20, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 19, inclusive, of this Answer as though fully set forth herein.

21. In response to paragraph 21, USPA denies each and every allegation of paragraph 21.

## ANSWER TO THIRD CAUSE OF ACTION
## BREACH OF CONTRACT – COMMON COUNT

22. In response to paragraph 22, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 21, inclusive, of this Answer as though fully set forth herein.

23. In response to paragraph 23, USPA admits that it entered into a license agreement with Blue Marlin dated January 1, 2004, which is attached as Exhibit A to its Cross-Complaint. Except as so admitted, USPA denies each and every allegation of paragraph 23.

24. In response to paragraph 24, USPA denies each and every allegation of paragraph 24.

3

ANSWER TO FIRST AMENDED COMPLAINT BY USPA ACCESSORIES, LLC                    CASE NO. C 07 3368 CRB

## ANSWER TO FOURTH CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

25. In response to paragraph 25, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 24, inclusive, of this Answer as though fully set forth herein.

26. In response to paragraph 26, USPA denies each and every allegation of paragraph 26, including, without limitation, that USPA's products are likely to cause confusion or mistake or to deceive, and/or that they have actually caused any confusion or mistake or that they have actually deceived anyone.

27. In response to paragraph 27, USPA denies each and every allegation of paragraph 27, including, without limitation, that Blue Marlin's trademarks are valid

28. In response to paragraph 28, USPA denies each and every allegation of paragraph 28.

29. In response to paragraph 29, USPA denies each and every allegation of paragraph 29

30. In response to paragraph 30, USPA denies each and every allegation of paragraph 30.

31. In response to paragraph 31, USPA denies each and every allegation of paragraph 31.

## ANSWER TO FIFTH CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

32. In response to paragraph 32, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 31, inclusive, of this Answer as though fully set forth herein.

33. In response to paragraph 33, USPA denies each and every allegation of paragraph 33.

34. In response to paragraph 34, USPA denies each and every allegation of paragraph 34.

1  35. In response to paragraph 35, USPA denies each and every allegation of paragraph 35.

2  36. In response to paragraph 36, USPA denies each and every allegation of paragraph 36.

3  37. In response to paragraph 37, USPA denies each and every allegation of paragraph 37.

## ANSWER TO SIXTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

38. In response to paragraph 38, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 37, inclusive, of this Answer as though fully set forth herein.

39. In response to paragraph 39, USPA denies each and every allegation of paragraph 39.

40. In response to paragraph 40, USPA denies each and every allegation of paragraph 40.

## ANSWER TO SEVENTH CAUSE OF ACTION

## FALSE ADVERTISING UNDER STATE LAW

41. In response to paragraph 41, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 40, inclusive, of this Answer as though fully set forth herein.

42. In response to paragraph 42, USPA denies each and every allegation of paragraph 42.

43. In response to paragraph 43, USPA denies each and every allegation of paragraph 43.

44. In response to paragraph 44, USPA denies each and every allegation of paragraph 44.

## ANSWER TO EIGHT CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES – CALIFORNIA LAW

45. In response to paragraph 45, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 44, inclusive, of this Answer as though fully set forth herein

46. In response to paragraph 46, USPA denies each and every allegation of paragraph 46.

47. In response to paragraph 47, USPA denies each and every allegation of paragraph 47.

48. In response to paragraph 48, USPA denies each and every allegation of paragraph 48.

49. In response to paragraph 49, USPA denies each and every allegation of paragraph 49

## ANSWER TO NINTH CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

50. In response to paragraph 50, USPA incorporates by reference the admissions, allegations and denials of paragraphs 1 through 49, inclusive, of this Answer as though fully set forth herein.

51. In response to paragraph 51, USPA denies each and every allegation of paragraph 51.

52. In response to paragraph 52, USPA denies each and every allegation of paragraph 52

53. In response to paragraph 53, USPA denies each and every allegation of paragraph 53.

54. In response to paragraph 54, USPA denies each and every allegation of paragraph 54.

## FIRST AFFIRMATIVE DEFENSE

### (Breach of Contract)

55. Blue Marlin breached its License Agreement with USPA by, without limitation: (a) distributing hats bearing Blue Marlin trademarks in competition with USPA during the term of the License Agreement; (b) forbidding USPA from using the trademarks licensed under the License Agreement and requiring USPA to use trademarks other than those licensed under the License Agreement; and (c) unreasonably delaying in granting the requisite approvals that were a condition precedent to USPA's right to distribute products under the License Agreement.

## SECOND AFFIRMATIVE DEFENSE

### (Breach of Implied Covenant)

56. Blue Marlin breached its implied covenant of good faith and fair dealing by, without limitation: (a) distributing hats bearing Blue Marlin trademarks in competition with USPA during the term of the License Agreement; (b) forbidding USPA from using the trademarks licensed under the License Agreement and requiring USPA to use trademarks other than those licensed under the License Agreement, thereby diminishing the goodwill and value associated with the licensed trademarks; (c) unreasonably delaying in granting the requisite approvals that were a condition precedent to USPA's right to distribute Licensed Products; and (d) providing USPA with a list of retailers, most of which were inactive entities or had no interest in distributing apparel bearing BLUE MARLIN trademarks

## THIRD AFFIRMATIVE DEFENSE

### (Misrepresentation)

57. Blue Marlin concealed and misrepresented facts material to USPA's decision to enter into its contract with Blue Marlin and to USPA's performance under the contract, including but not limited to: (a) Blue Marlin's intention to sell products in competition with the products that Blue Marlin had licensed to USPA; (b) the amount of Blue Marlin's prior revenues derived from the licensed products; (c) the number and identity of retailers who were willing and able to purchase products bearing Blue Marlin trademarks; and (d) Blue Marlin's intention to forbid USPA from using the trademarks licensed to USPA and require USPA to use

trademarks other than those licensed to USPA under the contract, thereby diminishing the goodwill and value associated with the licensed trademarks.

### FOURTH AFFIRMATIVE DEFENSE
### (Performance Excused)

58  If USPA failed to perform any contractual obligations, which USPA expressly denies, then said performance was excused by Blue Marlin's own breaches, repudiations, misrepresentations and failure and refusal to perform.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

59  Blue Marlin is not entitled to recover on its contract and account claims because of a failure of consideration including, without limitation, Blue Marlin's prohibition of USPA's use of the trademarks that Blue Marlin had licensed to USPA pursuant to their License Agreement.

### SIXTH AFFIRMATIVE DEFENSE
### (Terms of Contract Uncertain)

60  No valid contract was formed between Blue Marlin and USPA because the terms of the purported contract alleged in Blue Marlin's complaint are not sufficiently definite and certain to provide a basis for determining the existence of a breach and for giving an appropriate remedy, in that Blue Marlin seeks a remedy for the use of trademarks that were not licensed under the License Agreement.

### SEVENTH AFFIRMATIVE DEFENSE
### (Offset)

61  To the extent Blue Marlin is entitled to receive any amounts, Blue Marlin's claims should be offset by any damage suffered as a result of Blue Marlin's wrongful conduct, including but not limited to its breach of the License Agreement, as set forth in USPA's Cross-Complaint, filed concurrently herewith.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

62. Blue Marlin's claims are barred, in whole or in part, by BLUE MARLIN's failure to mitigate any damages they may have suffered.

## NINTH AFFIRMATIVE DEFENSE

### (Trademarks are Invalid)

63. Blue Marlin's trademark claims are barred, in whole or in part, because Blue Marlin's trademarks are generic, not inherently distinctive, have not acquired secondary meaning, and do not function as trademarks. In particular, trademark no. 76/370837 is ornamental and does not uniquely identify Blue Marlin, or otherwise distinguish Blue Marlin or goods originating with it or sold by it from the goods of others.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence/Consent/Implied License)

64. Blue Marlin's trademark and copyright claims are barred, in whole or in part, because Blue Marlin has consented to the alleged acts which provide the basis for those claims, with actual and/or constructive knowledge of its rights, and without coercion and undue influence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

65. Blue Marlin's trademark and copyright claims are barred, in whole or in part, by the doctrine of laches for Blue Marlin's delay in notifying USPA of its claims and in asserting them in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

66. Blue Marlin's trademark and copyright claims are barred, in whole or in part, because, as a result of its own acts and omissions, Blue Marlin is estopped from obtaining the relief sought under these claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Likelihood Of Confusion)

67. Blue Marlin's trademark claims are barred, in whole or in part, because Blue Marlin will not be able to establish a likelihood of confusion.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

68. Blue Marlin's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Invalid Copyright)

69. Blue Marlin's copyright claim is barred, in whole or in part, because the NYC copyright is not valid.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

70. USPA presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unstated, affirmative defenses. USPA reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6, USPA demands a trial by jury.

Dated: July 12, 2007

DAVID M. BASS & ASSOCIATES

By: _____
David M. Bass
Attorneys for Defendant and Counterclaim Plaintiff USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES

**PROOF OF SERVICE**
[C C P, §§1013(a) and 2015.5]

**UNITED STATES DISTRICT COURT**           ) Case No. C 07 3368 CRB
                                           )
**NORTHERN DISTRICT OF CALIFORNIA**        )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 14th Floor, Los Angeles, California 90067.

On July 12, 2007, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT BY USPA ACCESSORIES; DEMAND FOR JURY TRIAL** on all interested parties in this action by placing the original/true copies thereof enclosed in (a) sealed envelope(s) addressed as stated below:

Randall Riccardo, Esq.           Stephen A. Sommers, Esq.
299 Kansas Street                Sommers Law Group
San Francisco, CA 94103          870 Market Street
                                 Suite 1142
                                 San Francisco, CA 94102

☒ **BY MAIL**    I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY (PERSONAL SERVICE)**    I caused the envelope to be delivered by hand to N/A.

☐ **BY (OVERNIGHT COURIER)**    I deposited such envelope in the receptacle for **Federal Express** and requested that it be delivered to the above-named attorneys/parties by way of priority next day delivery (to be delivered by 10:00 a.m. the following morning).

I declare that I am employed in the offices of a member of the bar of this court at whose direction the service was made.

Executed on July 12, 2007, at Los Angeles, California

_____
Leslie Fritz

PROOF OF SERVICE