David M. Bass (State Bar No. 117199)
Peter M. Cho (State Bar No. 213870)
DAVID M. BASS & ASSOCIATES
2029 Century Park East, 14th Floor
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile: (310) 789-1149
E-mail: dbass@basslawla.com

Attorneys for Defendant and Counterclaim Plaintiff
USPA ACCESSORIES, LLC dba CONCEPT
ONE ACCESSORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, <br><br> Counterclaim Defendants. | Case No. C 07 3368 CRB <br><br> [Assigned to the Hon. Charles R. Breyer] <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: October 12, 2007 <br> Time: 8:30 a.m. <br> Courtroom: 8 (19th Floor) <br><br> Action removed: June 27, 2007 |

/ / /

/ / /

/ / /

/ / /

Pursuant to the Court's Orders of June 27, 2007 and July 12, 2007, the parties to the above-entitled action jointly submit this Case Management Statement with respect to the Initial Case Management Conference set for October 12, 2007.

## I. JURISDICTION AND SERVICE.

On June 15, 2006, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled *Blue Marlin Corp. v. USPA Accessories, LLC*, case number CGC-06-453170 ("State Court Action").

On June 21, 2007, Plaintiff in the State Court Action, Blue Marlin Corp. ("Blue Marlin"), filed a First Amended Complaint, which added claims for federal copyright and trademark infringement. *See* First Amended Complaint, ¶¶ 25-37, 50-54. The new claims (i) substantially changed the nature of this action, *see Wilson v. Intercollegiate Conference Athletic Association*, 668 F.2d 962 (7th Cir. 1982), and (ii) included a copyright claim over which the federal courts have exclusive jurisdiction, *see* 28 U.S.C. § 1338.

Accordingly, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338, and was properly removed by Defendant USPA Accessories, LLC ("USPA) pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under federal copyright and trademark laws, 17 U.S.C. §§ 501 *et seq.* and 15 U.S.C. §§ 1111 *et seq.*

The Court has supplemental jurisdiction over Blue Marlin Corp.'s state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as the federal law claims.

## II. FACTS.

In or about October 2003, USPA and Blue Marlin entered into a contract under which, among other things, Blue Marlin granted USPA an exclusive license to use five of Blue Marlin's trademarks on hats ("Agreement").

1  In early 2006, disputes arose between the parties concerning the Agreement, and USPA ceased paying royalties to Blue Marlin under the Agreement.

Blue Marlin initiated the State Court Action in June 2006, seeking damages for breach of contract, account stated and open book account. In December 2006, USPA filed a cross-complaint for fraud, breach of contract, and franchise law violations, seeking damages and rescission of the Agreement. In June 2007, Blue Marlin amended its Complaint to add federal trademark and copyright infringement claims against USPA.

The parties dispute the following principal factual issues:

A.  Whether, in the negotiations of the Agreement, Blue Marlin misrepresented or failed to disclose material facts concerning its past sales and profits on hats;

B.  Whether Blue Marlin prevented USPA from using the five trademarks licensed under the Agreement by requiring USPA to use new marks not licensed under the Agreement;

C.  Whether the trademarks licensed under the Agreement and the new marks have any value or are recognized by consumers;

D.  Whether the marks that Blue Marlin required USPA to use are trademarks registered with the United States Patent and Trademark Office;

E.  Whether the grounds USPA articulated for its failure to pay Blue Marlin mandatory minimum royalties are factual, i.e. that Blue Marlin continued to distribute hats covered by the licensing agreement, that Blue Marlin made and material misrepresentations prior to the execution of the Agreement, that Blue Marlin changed required USPA to change the trademarks, and that Blue Marlin unreasonably interfered with USPA development of product;

F.  Whether USPA produced and distributed product that was outside the Agreement.

///
///
///

**III. LEGAL ISSUES.**

The parties dispute the following principal legal issues:

A. Whether the Agreement constitutes a franchise agreement under California law;

B. Whether the Agreement fails for lack of consideration;

C. Whether Blue Marlin committed fraud in inducing USPA to enter into the Agreement;

D. Whether the doctrines of laches, waiver, estoppel or other equitable defenses bar Blue Marlin's claims for federal trademark and copyright infringement;

E. The validity of the trademarks, both licensed and unlicensed, at issue in this action;

F. The validity of the copyright asserted in this action;

G. The likelihood of confusion to consumers arising from the trademarks at issue in this action;

H. Whether the doctrine of waiver, laches, estoppel or other equitable defenses bar USPA's counterclaims;

I. Whether USPA engaged in counterfeiting Blue Marlin product.

**IV. MOTIONS.**

A. **Past Motions.**

1. USPA's Motion to Strike certain allegations of and exhibit to Complaint relating to settlement communications. (Opposed.) Denied by the Superior Court on October 31, 2006.

2. USPA's *Ex Parte* Application to Take Blue Marlin's Motion for Preliminary Injunction Off Calendar on the ground of insufficient notice. (Opposed.) Granted by the Superior Court on December 1, 2006.

3. USPA's *Ex Parte* Application for Entry of Stipulation on Briefing Schedule as Order. (Not opposed.) Granted by the Superior Court on December 20, 2006.

1      4.      Blue Marlin's Motion for Preliminary Injunction. (Opposed.) Denied by the Superior Court on February 22, 2007.

2      5.      Blue Marlin's *Ex Parte* Application to Continue Trial Date. (Not opposed.) Granted by the Superior Court on May 24, 2007.

3      6.      Blue Marlin's *Ex Parte* Application to Shorten Time for Hearing on Motions to Compel. (Not opposed.) Granted by the Superior Court on June 21, 2007.

4      7.      Blue Marlin's Motion to Compel Further Discovery and Depositions. Withdrawn as moot.

B. **Pending Motions.**

1. None.

C. **Anticipated Motions.**

1. Motions for Summary Judgment by both parties.

## V. AMENDMENT OF PLEADINGS.

Blue Marlin has requested USPA to stipulate to filing of a Second Amended Complaint, which will add a counterfeiting claim under the Lanham Act. USPA is currently reviewing a proposed draft Second Amended Complaint to determine whether to stipulate to its filing.

## VI. EVIDENCE PRESERVATION.

USPA does not delete electronically recorded information on an ongoing basis. USPA does not employ and has not employed document-destruction programs.

Blue Marlin has turned over all evidence requested by USPA. Blue Marlin does not delete electronically recorded information on an ongoing basis. Blue Marlin does not employ and has not employed document-destruction programs.

/ / /

/ / /

/ / /

**VII.   DISCLOSURES.**

The parties have conducted depositions, propounded written discovery requests (first sets), and produced documents.  Accordingly, the parties object to making Rule 26(a) disclosures because doing so would duplicate their first round of discovery.

**VIII.   DISCOVERY.**

    A.   **Scope of Anticipated Discovery.**

        1.   USPA will focus further discovery on (i) Blue Marlin's control over the trademarks used on the hats sold by USPA, (ii) the negotiation of the Agreement, and (iii) recognition of the trademarks at issue.  USPA may retain expert witnesses on intellectual property liability and damage issues.

        2.   Blue Marlin will focus further discovery on copyright, trademark and counterfeiting claims.

    B.   At this time, the parties do not believe that modifications to the limitations, as set forth by the Federal Rules of Civil Procedure and interpreting case law, on the number, duration or subject matter of discovery devices are necessary, but reserve the right to seek modifications as necessary and appropriate.

    C.   The parties agree to the following discovery plan:

        1.   All discovery commenced in time to be completed no later than thirty (30) days before trial.

        2.   Reports from retained experts under Rule 26(a)(2) due ninety (90) days before trial.

        3.   Supplementations under Rule 26(e) due thirty (30) days before trial.

**IX.   CLASS ACTIONS.**

N/A.

/ / /

**X.     RELATED CASES.**

N/A.

**XI.    RELIEF.**

USPA seeks to rescind the Agreement and recover up to $500,000 in damages on its claims. USPA's damages primarily consist of its expenses incurred in developing, marketing and distributing hats under the Agreement, which include, without limitation, royalties paid to Blue Marlin, employee costs, showroom rental charges, advances on guarantees, development costs, costs relating to samples, and costs relating to trade shows. These expenses would be offset by USPA's hat sales. If USPA is found liable on Blue Marlin's claims, USPA contends that Blue Marlin's damages should be calculated pursuant to the royalty provisions of the Agreement.

Blue Marlin seeks to recover the balance of the minimum royalty payments due on the Agreement, statutory penalties for copyright infringement, trademark infringement, and counterfeiting.

**XII.   SETTLEMENT AND ADR.**

Both prior to and during this action, the principals of the parties have engaged in informal settlement discussions that were brief and unconstructive.

On April 27, 2007, the parties attended an Early Settlement Conference before a neutral through the Superior Court's Early Settlement Program, which was also unconstructive.

The parties agree that an Early Neutral Evaluation is the most appropriate ADR process because the parties greatly differ on their views of the merits of the claims and defenses asserted in this case.

/ / /

/ / /

/ / /

/ / /

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

On July 5, 2007, USPA filed a Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge. On July 9, 2007, this action was assigned to the Honorable Charles R. Breyer.

### XIV. OTHER REFERENCES.

The parties agree that this case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES.

N/A.

### XVI. EXPEDITED SCHEDULE.

Because of the respective locations of the parties, witnesses and evidence, and the breadth and number of the issues, this case should not be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING.

USPA's position is that substantial discovery must be conducted, including on, without limitation, the issues raised by Blue Marlin's new intellectual property claims. Accordingly, USPA requests a trial date in November 2008.

Blue Marlin's position is the bulk of discovery has been completed, including the depositions of the USPA's CEO and CFO, and Blue Marlin's CEO. As such, Blue Marlin requests a trial date in June 2008.

### XVIII. TRIAL.

USPA has demanded a jury trial. The parties expect the length of the trial to be five days.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

USPA has filed a Certification of Interested Entities disclosing that the following listed parties have a direct, pecuniary interest in the outcome of this case:  Sam Hafif and Bernie Hafif.

Blue Marlin discloses the following listed parties who have a direct, pecuniary interest in the outcome of this case:  Erik Stuebe.

**XX.   OTHER MATTERS AS MAY FACILITATE JUST, SPEEDY AND INEXPENSIVE DISPOSTION OF THIS ACTION.**

N/A.

Dated:  October 11, 2007         DAVID M. BASS & ASSOCIATES

By:  /s/  David M. Bass
     David M. Bass
Attorneys for Defendant and Counterclaim Plaintiff USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES

Dated:  October 11, 2007         SOMMERS LAW GROUP
                                 RANDALL J. RICCARDO, ESQ.

By:  /s/  Stephen A. Sommers
     Stephen A. Sommers
     Randall J. Riccardo
Attorneys for Plaintiff and Counterclaim Defendant BLUE MARLIN CORP.