1  David M. Bass (State Bar No. 117199)
   Peter M. Cho (State Bar No. 213870)
2  DAVID M. BASS & ASSOCIATES
   2029 Century Park East, 14th Floor
3  Los Angeles, California 90067
   Telephone: (310) 789-1152
4  Facsimile:  (310) 789-1149
   E-mail: dbass@basslawla.com
5
   Attorneys for Defendant and Counterclaim Plaintiff
6  USPA ACCESSORIES, LLC dba CONCEPT
   ONE ACCESSORIES
7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12  BLUE MARLIN CORP., | Case No. C 07 3368 CRB |
| 13             Plaintiff, | [Assigned to the Hon. Charles R. Breyer] |
| 14     vs. | |
| 15  USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | **DECLARATION OF DAVID M. BASS RE: CASE MANAGEMENT CONFERENCE OF MARCH 28, 2008** |
| 16             Defendant. | |
| 17 | Date:      March 28, 2008<br>Time:      8:30 a.m.<br>Courtroom: 8 (19th Floor) |
| 18  USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | |
| 19             Counterclaim Plaintiff, | Action removed:   June 27, 2007 |
| 20 | |
| 21     vs. | |
| 22  BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, | |
| 23             Counterclaim Defendants. | |
| 24 | |

25  / / /

26  / / /

27  / / /

28  / / /

DECLARATION OF DAVID M. BASS RE: CASE MANAGEMENT                    CASE NO. C 07 3368 CRB
CONFERENCE OF MARCH 28, 2008

# **DECLARATION OF DAVID M. BASS**

I, David M. Bass, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this United States District Court. I am the attorney of record for Defendant and Counterclaim Plaintiff USPA Accessories, LLC, dba Concept One Accessories ("USPA"), a party to this action. Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify as a witness, I could and would competently testify to these facts.

### *A Petition for Involuntary Bankruptcy*
### *against Blue Marlin is Filed on August 12, 2007*

2. On August 13, 2007, third party creditors of Plaintiff and Counterclaim Defendant Blue Marlin Corp. ("Blue Marlin") commenced an involuntary bankruptcy proceeding against Blue Marlin pursuant to Chapter 7 of the United States Bankruptcy Code ("Bankruptcy"). That petition was filed in the United States Bankruptcy Court for the Northern District of California, San Francisco Division ("Bankruptcy Court"), case number 07-31041 (Hon. Dennis Montali).

3. Blue Marlin did *not* give notice to us of the Bankruptcy. As established below, USPA did not learn of the Chapter 7 Proceeding until December 2007. Further, prior to this Court's Initial Case Management Conference of October 12, 2007, counsel for Blue Marlin did not advise the Court of the pending Bankruptcy.

### *The October 12, 2007 Case Management Conference*

4. On October 12, 2007, an Initial Case Management Conference was held in this Court. Blue Marlin did *not* disclose the Bankruptcy to the Court or to USPA at that time. The Court set a further, Interim Case Management Conference for February 29, 2008.

///

5.	On October 31, 2007, the Court appointed Jerald E. Rosenblum, Esq. as the Early Neutral Evaluator.

### *USPA Learns of the Bankruptcy and Offers to Acquire Blue Marlin*

6.	In early December 2007, a principal of USPA and a director of Blue Marlin engaged in informal settlement discussions. Those discussions were constructive. Blue Marlin's director did *not* mention the Bankruptcy to USPA during those discussions.

7.	In a telephone call on December 14, 2007 with my office, Blue Marlin's counsel referred to the existence of the Bankruptcy as a reason for hastening the completion of settlement negotiations.

8.	Upon learning of the Bankruptcy, USPA initiated negotiations to purchase Blue Marlin. The parties also temporarily ceased settlement discussions to evaluate the impact and status of the Bankruptcy on this action.

9.	In early February 2008, Blue Marlin informed USPA that it was interested in exploring an investment by USPA that would give USPA a controlling interest in Blue Marlin upon its emergence from the Bankruptcy.

10.	In February 2008, Blue Marlin's counsel advised my office that the Bankruptcy Court had converted the Bankruptcy to a proceeding governed by Chapter 11 of the United States Bankruptcy Code. On February 14, 2008, I checked the docket of the Bankruptcy action through PACER. According to that docket, Blue Marlin had not yet filed a motion for, and the Bankruptcy Court had not issued, an order converting the Bankruptcy to a Chapter 11 bankruptcy proceeding.

### *Continuance of the February 29, 2008 Case Management Conference*

11.	In February 2008, the parties agreed they required further time to evaluate the impact of the Bankruptcy, and the potential conversion of the Bankruptcy into a Chapter 11 proceeding, on this action and the settlement discussions.

///

1. 12. Accordingly, on February 20, 2008, the parties filed a Stipulation to Continuance of Interim Case Management Conference. The Court approved that Stipulation on February 28, 2008.

### *Blue Marlin has Not Substantively Responded to USPA's Acquisition and Settlement Overtures; this Action Must Proceed*

13. Since February 29, 2008, USPA has attempted to discuss with Blue Marlin: (i) the impact of the Bankruptcy on this action; (ii) USPA's potential acquisition of Blue Marlin; and (iii) settlement of this action. Blue Marlin has <u>not</u> substantively responded to those attempts.

14. Pursuant to the United States Bankruptcy Code, USPA's Counterclaims in this action are stayed. However, Blue Marlin's claims are not stayed.

15. USPA intends to file with the Bankruptcy Court a motion for an order lifting the stay as to USPA's Counterclaims in this action:

    a. USPA must complete discovery, including depositions, to prepare for the Early Neutral Evaluation and to prepare motions for summary judgment on Blue Marlin's Complaint and on USPA's Counterclaim.

    b. It is undisputed that Blue Marlin forced USPA to use trademarks <u>other than the ones which USPA bargained for and licensed</u>, and which had no value as a recognizable brand with market cachet.

    c. Further, Blue Marlin's control over USPA's use of any Blue Marlin trademarks constituted a franchise relationship that is governed by strict regulations, both state and federal. It is undisputed that <u>Blue Marlin did not comply with those regulations</u>.

USPA is entitled to a resolution of its meritorious defenses and counterclaims without further delay.

/ / /

/ / /

16. In addition, Blue Marlin has not meaningfully participated in this litigation, or taken any substantial action in this litigation, since the October 12, 2007 Case Management Conference.  Further, the deadline to complete the Early Neutral Evaluation is April 11, 2008.

    a. Blue Marlin must prosecute its claims or dismiss its Complaint.  Blue Marlin may not rely on the Bankruptcy to avoid litigating USPA's defenses and counterclaims.

    b. Blue Marlin must participate in the Early Neutral Evaluation process mandated by the rules of this Court.

17. This week, I attempted to reach counsel for Blue Marlin by telephone and email. As of the filing of this declaration, I have not received a response to my calls or emails.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 26th day of March 2008 at Los Angeles, California.

           /s/ David M. Bass
               David M. Bass

---

4
DECLARATION OF DAVID M. BASS RE: CASE MANAGEMENT CONFERENCE OF MARCH 28, 2008

CASE NO. C 07 3368 CRB