David M. Bass (CA State Bar No. 117199)
David N. Schultz (CA State Bar No. 123094)
DAVID M. BASS & ASSOCIATES
1900 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile:  (310) 789-1149
E-mail: dbass@basslawla.com

Attorneys for Defendant and Counterclaim Plaintiff
USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE MARLIN CORP., <br><br> Plaintiff, <br><br> vs. <br><br> USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Defendant. | Case No. C 07-3368 CRB <br><br> [Assigned to the Hon. Charles R. Breyer] <br><br> **DECLARATION OF DAVID M. BASS REGARDING CASE MANAGEMENT CONFERENCE OF SEPTEMBER 19, 2008 IN LIEU OF JOINT CASE MANAGEMENT STATEMENT** |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, <br><br> Counterclaim Defendants. | Date:       September 19, 2008 <br> Time:       8:30 a.m. <br> Courtroom:  8 (19th Floor) <br><br> Action Removed:  June 27, 2007 <br> Trial Date:      None Set |

/ / /

/ / /

/ / /

/ / /

# DECLARATION OF DAVID M. BASS

I, David M. Bass, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this United States District Court. I am the attorney of record for Defendant and Counterclaim Plaintiff USPA Accessories, LLC, dba Concept One Accessories ("USPA"), a party to this action. Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify as a witness, I could and would competently testify to these facts.

2. Pursuant to Local Rule 16-10(d) and this Court's Order of July 17, 2008, I am submitting this Declaration on behalf of USPA in order to report to the Court on the progress or changes in this action since the last Case Management Conference in this action, which took place on April 25, 2008. As explained in greater detail in Paragraphs 18 and 19, below, our office sent a draft Joint Case Management Statement to counsel for Plaintiff and Counterclaim Defendant Blue Marlin Corp. ("Blue Marlin") on September 5, 2008. We asked counsel for Blue Marlin to provide us with any proposed changes to the draft Joint Case Management Statement by 5:00 p.m. on September 8, 2008, so that we could timely file a final version of the Joint Case Management Statement with the Court. Counsel for Blue Marlin failed to respond to this request. Accordingly, I am submitting this Declaration in place of a Joint Case Management Statement.

### The Bankruptcy Court Grants USPA's Motion
### for Relief from the Automatic Stay

3. On August 13, 2007, third party creditors of Blue Marlin commenced an involuntary bankruptcy proceeding against Blue Marlin pursuant to Chapter 7 of the United States Bankruptcy Code (the "Chapter 7 Proceeding"). The Chapter 7 Proceeding was filed in the United States Bankruptcy Court for the Northern District of

1

DECLARATION OF DAVID M. BASS REGARDING CASE   CASE NO. C 07-3368 CRB
MANAGEMENT CONFERENCE OF SEPTEMBER 19, 2008

1 California, San Francisco Division (the "Bankruptcy Court"), Case No. 07-31041,
2 before the Hon. Dennis Montali. On or about April 11, 2008, the Chapter 7 Proceeding
3 was converted into a proceeding governed by Chapter 11 of the United States
4 Bankruptcy Code (the "Chapter 11 Proceeding").

5   4. As a result of the bankruptcy proceedings discussed above, USPA's
6 Counterclaims in this action were stayed. However, Blue Marlin's claims in this action
7 were not stayed. At the Case Management Conference on April 25, 2008, this Court
8 ruled that both Blue Marlin's Claims and USPA's Counterclaims should proceed
9 simultaneously in this action. Accordingly, this Court asked USPA to file a Motion for
10 Relief from Automatic Stay in the Bankruptcy Court.

11   5. USPA's Motion for Relief from the Automatic Stay (the "Motion") came
12 on for hearing before the Bankruptcy Court on August 21, 2008. At the conclusion of
13 the hearing, the Bankruptcy Court granted the Motion and entered an Order Granting
14 Motion of USPA Accessories, LLC for Relief from Automatic Stay (the "Order"), lifting
15 the stay and thereby permitting USPA to prosecute its Counterclaims in this action. A
16 true and correct copy of the Bankruptcy Court's Order, entered on September 4, 2008, is
17 attached hereto as Exhibit "A." The Order provides, in pertinent part, as follows:

> . . . .
> 4. USPA is hereby granted relief from the automatic stay, and may prosecute its counterclaims in the separate action entitled *Blue Marlin Corp. v. USPA Accessories, LLC,* Case No. C 07-3368 CRB in the United States District Court for the Northern District of California (the "District Court Action"), including, but not limited to, conducting discovery pursuant to the Federal Rules of Civil Procedure.
>
> 5. In the event that Blue Marlin dismisses its First Amended Complaint in the District Court Action, then the automatic stay shall be re-imposed on USPA's counterclaims in the District Court Action, and if USPA elects to continue prosecution of its counterclaims against Blue Marlin, USPA shall prosecute them in Blue Marlin's bankruptcy case.

2
DECLARATION OF DAVID M. BASS REGARDING CASE      CASE NO. C 07-3368 CRB
MANAGEMENT CONFERENCE OF SEPTEMBER 19, 2008

### USPA's Claim in the Bankruptcy Court

6. On or about August 1, 2008, USPA filed a Proof of Claim in the Bankruptcy Court in the amount of $386,107.63, and attached a copy of its Cross-Complaint in this action as an exhibit to the Proof of Claim (the "USPA Claim"). A true and correct copy of the USPA Claim, without the exhibit thereto, is attached hereto as Exhibit "B." Blue Marlin has stated that it disputes the validity of the USPA Claim and intends to file an objection to the USPA Claim in the Bankruptcy Court.

### USPA Propounds Discovery

7. Following the Bankruptcy Court's granting of the Motion discussed in Paragraph 5, above, USPA has noticed the deposition of Blue Marlin's President, Rick Ashley for September 25, 2008. A true and correct copy of USPA's Notice of Deposition for Mr. Ashley is attached hereto as Exhibit "C." In addition, in order to prepare for the Early Neutral Evaluation (the "ENE"), USPA intends to serve limited additional written discovery focused on the core issues that will be addressed at the ENE. USPA may also take the depositions of certain key witnesses including, without limitation, Per Gasseholm, Roger "Brue" McHayle, Alex Navarro, Alec Patience, Martin Salerno, Eric Steube, and Alex Tomlinson.

### Blue Marlin's Counsel in this Action is Apparently Unwilling to Provide Further Legal Services

8. Blue Marlin is represented in this action by Stephen A. Sommers, Esq. of Sommers Law Group ("SLG"). On or about August 19, 2008, Blue Marlin filed a declaration of its President, Rick Ashley, in the Bankruptcy Court in connection with Blue Marlin's Opposition to the Motion (the "Ashley Declaration"). A true and correct copy of the Ashley Declaration is attached hereto as Exhibit "D." Paragraph 10 of the Ashley Declaration states as follows:

///

> While SLG remains counsel of record to the Debtor in the District Court Action, based on the outstanding amount owed for involuntary gap period services, and the Debtor's inability to pay for legal services, SLG is unwilling to undertake further discovery or to provide other substantive legal services without compensation, and plans to seek to withdraw from the case shortly.

9. Although the Ashley Declaration states that SLG plans to seek to withdraw, it remains counsel of record for Blue Marlin and has not yet filed a Motion to Withdraw. Moreover, Blue Marlin is represented by counsel in the Bankruptcy Court, Merle C. Meyers, Esq. and Kathy Quon Bryant, Esq. of Meyers Law Group, P.C. Bankruptcy counsel is familiar with this case and the issues in this case and can assist in the limited discovery necessary for the parties to conduct the ENE.

### **Blue Marlin's Unwillingness to Participate**
### **in the Early Neutral Evaluation**

10. In its Order of July 17, 2008, this Court ordered the parties to participate in an ENE before Jerald E. Rosenblum, Esq. on or before September 18, 2008. On July 8, 2008, David N. Schultz of my office sent an email to Mr. Sommers, informing Mr. Sommers that Mr. Rosenblum was available for the ENE on August 25, 26, and 27, 2008. In the email, Mr. Schultz asked Mr. Sommers on which of these days he was available, in order to schedule a firm date for the ENE. True and correct copies of this email and the other emails between Mr. Schultz and Mr. Sommers discussed below are attached hereto collectively as Exhibit "E."

11. In response, Mr. Sommers sent Mr. Schultz an email on July 9, 2008 stating that this action was still subject to the automatic stay. Mr. Sommers added that it was his understanding that a Chapter 11 proposal would be submitted "in the next two weeks," and "[i]t makes sense to me to wait until that occurs before we schedule an ENE." Notwithstanding Mr. Sommers' statement, it is my understanding that Blue Marlin has not yet submitted its Chapter 11 proposal.

1    12.    Mr. Schultz then sent Mr. Sommers another email on July 11, 2008 stating that "we would like to set an actual date for the ENE." Mr. Schultz asked Mr. Sommers to "let me know what your position is and whether, under the circumstances, we can set the ENE for August 25, 26, or 27 and so inform Judge Breyer." In response, Mr. Sommers sent Mr. Schultz an email later that day, stating that "I don't want to do anything while the stay is in place and neither does my client."

13.    Following USPA's filing of the Motion in the Bankruptcy Court, discussed in Paragraphs 4 and 5, above, Mr. Schultz sent Mr. Sommers an email on August 6, 2008. Mr. Schultz noted that this Court's "most recent Order provides that the parties must participate in an ENE before Mr. Rosenblum on or before September 18, 2008." He then asked Mr. Sommers to

> please let me know by the close of business on Friday, August 8, 2008 whether you are available for the ENE on August 25, 26, or 27. Alternatively, please provide me by that time with any dates from August 28 through September 18, 2008 on which you are available for the ENE. In this way, we can schedule a firm date for the ENE and comply with [this Court's] Order.

14.    Mr. Sommers did not respond to this email. Accordingly, on August 11, 2008, Mr. Schultz sent Mr. Sommers another email in which he informed Mr. Sommers that he had spoken once again with Mr. Rosenblum's assistant and obtained dates on or before September 18, 2008 on which Mr. Rosenblum was available to conduct the ENE. Mr. Schultz asked Mr. Sommers to "please let me know by the close of business on Thursday, August 14, 2008, the dates from the above list on which you are available to participate in the ENE."

15.    Mr. Sommers also failed to respond to Mr. Schultz's August 11, 2008 email. Accordingly, on August 15, 2008, Mr. Schultz send an additional email to Mr. Sommers. Mr. Schultz stated, among other things, that in "an effort to comply with [this Court's] Order, I am willing to give you additional time to respond to my emails.

///

1  Accordingly, please let me know by the close of business on Thursday, August 21, 2008,
2  the dates from the above list on which you are available to participate in the ENE."
3        16.   Mr. Sommers sent a responsive email to Mr. Schultz on August 18, 2008.
4  That email states, in its entirety: "I apologize for not getting back to you. I've had
5  some turnover with my staff and also preparing for vacation. [¶] I need to check back
6  with my clients and get back with you."
7        17.   Mr. Sommers did not get back to Mr. Schultz. Neither Mr. Schultz, nor
8  me, nor any other attorney for USPA received any communication from Mr. Sommers
9  from August 18, 2008 until September 5, 2008. During the two-month period from July
10 8, 2008, when Mr. Schultz sent his first email about the ENE to Mr. Sommers, until
11 September 5, 2008, Blue Marlin and its counsel failed to provide USPA with any dates
12 on which they were available to participate in the ENE before Mr. Rosenblum, despite
13 the repeated attempts by Mr. Schultz to arrange the ENE described above.

### **_USPA Provides Blue Marlin with a Draft Joint Case Management Statement_**

16       18.   On September 5, 2008, Mr. Schultz sent Mr. Sommers an email attaching
17 a proposed Joint Case Management Statement that he had drafted. A true and correct
18 copy of Mr. Schultz's email and the draft Joint Case Management Statement, without
19 the exhibits thereto, are attached hereto as Exhibit "F." In his email, Mr. Schultz asked
20 Mr. Sommers to "provide me with any proposed changes you may have to the attached
21 draft by 5:00 p.m. on Monday, September 8, 2008, so that I will be able to file a final
22 version of the Joint Case Management Statement with the Court on September 9, 2008."
23       19.   Mr. Sommers did not contact our office to discuss the draft Joint Case
24 Management Statement. He did not provide our office with any proposed changes to
25 the Joint Case Management Statement. Nor did Mr. Sommers agree to sign off on the
26 draft Joint Case Management Statement that was sent to him. Accordingly, I am
27 submitting this Declaration in place of the Joint Case Management Statement.
28 / / /

### ***Proposals for the Remainder of the Case Development Process,***
### ***Including a Future ENE***

20.     In response to Mr. Schultz's September 5, 2008 email, discussed in Paragraph 18, above, Mr. Sommers sent Mr. Schultz an email later that day which states, in its entirety: "What dates do you have available for an ENE?" A true and correct copy of this email and Mr. Schultz's email in response thereto, discussed below, are attached hereto collectively as Exhibit "G".

21.     On September 8, 2008, Mr. Schultz sent Mr. Sommers a further email. Mr. Schultz noted that Mr. Sommers had ignored his earlier emails requesting dates on which Mr. Sommers was available to participate in the ENE. Mr. Schultz said that he had contacted Mr. Rosenblum's assistant once again after receiving Mr. Sommers' email. Mr. Schultz added that, after speaking with Mr. Rosenblum's assistant, it was not possible to arrange an ENE on or before September 18, 2008 utilizing Mr. Rosenblum's normal practices. Mr. Schultz also stated that he did not believe it was in anyone's best interest to rush through preparations for an ENE. Therefore, Mr. Schultz proposed that the parties complete any discovery necessary to conduct the ENE and then conduct the ENE sometime in November. Mr. Sommers has yet to respond to this proposal.

22.     As explained above, the parties were not able to complete the ENE on or before September 18, 2008 because of the delay by Blue Marlin and its counsel in providing dates for an ENE. Accordingly, USPA proposes that the parties conduct an ENE on or before November 30, 2008. USPA intends to conduct limited discovery in preparation for the ENE.

23.     USPA also requests that this Court set a trial date for this action. This action has been pending in this Court since June 27, 2007, during which time very little progress has occurred. Now that the Motion has been granted and the automatic stay has been lifted, it is time for this action to proceed to ENE and then to trial. If Blue Marlin is unwilling or unable to do so, it should dismiss its First Amended Complaint against USPA and return the remainder of this action to the Bankruptcy Court, as set

7

1  forth in Paragraph 5 of the Bankruptcy Court's Order granting the Motion and lifting the
2  automatic stay.  (*See* Paragraph 5, above; *see also* Exhibit "A" hereto).
3
4      I declare under penalty of perjury under the laws of the United States of America
5  that the foregoing is true and correct.  Executed on September 9, 2008 at Los Angeles,
6  California.
7
                                    /s/ David M. Bass
8                                       David M. Bass

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28