Exhibit C

1   David M. Bass (State Bar No. 117199)
    David N. Schultz (State Bar No. 123094)
2   DAVID M. BASS & ASSOCIATES
    1900 Avenue of the Stars, Suite 200
3   Los Angeles, California 90067
    Telephone: (310) 789-1152
4   Facsimile: (310) 789-1149
    E-mail: dbass@basslawla.com
5
6   Attorneys for Defendant and Counterclaim Plaintiff
    USPA ACCESSORIES, LLC dba CONCEPT
7   ONE ACCESSORIES

8               **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11

| | |
|---|---|
| 12   BLUE MARLIN CORP., | Case No. C 07 3368 CRB |
| 13            Plaintiff, | Assigned to the Hon. Charles R. Breyer |
| 14   vs. | |
| 15   USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | **FIRST AMENDED NOTICE OF DEPOSITION OF RICHARD ASHLEY** |
| 16            Defendant. | |
| 17   _____ | Date:      September 25, 2008 |
| 18   USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | Time:      10:00 a.m. Place:     Merrill Legal Solutions |
| 19            Counterclaim Plaintiff, | 199 Fremont Street, Suite 900 San Francisco, California |
| 20   vs. | Action removed:    June 27, 2007 |
| 21   BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, | Trial date:        Not set |
| 22 | |
| 23            Counterclaim Defendants. | |
| 24   _____ | |

25   / / /

26   / / /

27   / / /

28   / / /

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      PLEASE TAKE NOTICE that the deposition of Richard Ashley will be taken at Merrill

3  Legal Solutions, 199 Fremont Street, Suite 900, San Francisco, California 94105, commencing

4  at 10:00 a.m. on September 25, 2008 and continuing from day to day thereafter. The deposition

5  will take place before a certified shorthand reporter or such other Notary Public as may be

6  present at the noticed time and place. The deposition shall be recorded by stenographic

7  methods including but not limited to using a stenographic method through the instant visual

8  display of the testimony.

9      PLEASE TAKE FURTHER NOTICE that Richard Ashley, who is an officer of a party

10 to this action, is required to produce the documents, records or other materials which are

11 described with reasonable particularity in Attachment 1 hereto.

12

13 Dated: September 5, 2008                    DAVID M. BASS & ASSOCIATES

14

15                                        By: _David S Schultz_

16                                            David N. Schultz
                                            Attorneys for Defendant and Counterclaim
                                            Plaintiff USPA ACCESSORIES, LLC dba
17                                          CONCEPT ONE ACCESSORIES

18

19

20

21

22

23

24

25

26

27

28

1

1

## ATTACHMENT 1

2

3

I.

4

### DEFINITIONS

5

The following definitions apply to and are incorporated into each of the requests herein.

6      A.      "ACTION" shall mean this litigation pending in the United States District Court

7  for the Northern District of California, entitled *Blue Marlin Corp. v. USPA Accessories, LLC*,

8  Case No. C 07-3368 CRB.

9      B.      "BMC" shall mean Plaintiff and Counterclaim Defendant Blue Marlin Corp.,

10  including its predecessors and successors in interest, current and/or former officers, directors,

11  employees, representatives, agents, affiliates and other persons or entities acting on its behalf.

12      C.      "COMMUNICATION" shall mean any communication by any means, whether

13  written or oral, between any person or persons, and includes, without limitation, in person

14  conversations, telephone conversations, video conferences, notes, letters, e-mails, and

15  memoranda.

16      D.      "COMPLAINT" shall mean the First Amended Complaint filed by BMC in this

17  action.

18      E.      "DOCUMENT" shall have the same meaning as "writings and recordings" and

19  "photographs," as those terms are defined in Federal Rule of Evidence 1001(1) and (2).

20      F.      "FINANCIAL STATEMENT" shall mean income statements, balance sheets,

21  profit and loss statements, sales reports, and other accounting documents.

22      G.      "LICENSE AGREEMENT" shall refer to the written agreement entered into

23  between BMC and USPA, effective January 1, 2004, attached to the COMPLAINT in this

24  ACTION as Exhibit A thereto, and any and all amendments thereto

25      H.      "PERSON" shall mean any natural person, firm, association, partnership, joint

26  venture, corporation, government agency or other form of entity or governmental body.

27      I.      "PERTAINING" shall mean evidencing, memorializing, referring, refuting,

28  constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning,

1  stating, or otherwise relating to in any way, in whole or in part, the subject matter referred to in

2  the request.

3       J.  "TRADEMARKS" shall refer to the trademarks licensed under the LICENSE

4  AGREEMENT, denoted by serial numbers 76370876, 78152681, 76325790, 76325789 and

5  76370837.

6       K.  "USPA" shall mean Defendant and Counterclaim Plaintiff USPA

7  ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, including its predecessors and

8  successors in interest, current and/or former officers, directors, employees, representatives,

9  agents, affiliates and other persons or entities acting on its behalf.

10       L.  "YOU" and "YOUR" shall refer to the deponent, Richard Ashley.

11       M.  "TOMLINSON" shall refer to Alex Tomlinson.

12

13  **II.**

14  **INSTRUCTIONS**

15       A.  The DOCUMENTS produced pursuant to this Request must be segregated and

16  identified according to the specific request to which they are responsive. Duplicate copies of

17  DOCUMENTS which are responsive to more than one request need not be produced more than

18  once if the specific requests to which such DOCUMENTS relate are designated.

19       B.  Whenever appropriate, the singular form of a word shall be interpreted in the

20  plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses,

21  the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as

22  necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise

23  be considered outside their purview; and words imparting the masculine include the feminine

24  and vice versa.

25       C.  The DOCUMENTS requested hereby specifically include, but are not limited to,

26  those DOCUMENTS in YOUR possession, custody or control, or the possession, custody or

27  control of the present and former employees, agents, attorneys, accountants, auditors, directors,

28

3

1    officers, affiliates, advisers, consultants, and any other PERSON or entity acting, or who has

2    acted, on YOUR behalf.

3          D.    If any of the DOCUMENTS requested below are claimed by YOU to be

4    privileged or are otherwise withheld, set forth with respect to each such DOCUMENT facts of

5    sufficient specificity to permit the Court to make a full determination as to whether the claim of

6    privilege is valid, including each and every fact or basis upon which said privilege is claimed

7    In particular, and without limiting the generality of the foregoing, set forth with respect to each

8    such DOCUMENT:

9                    (1)    the author of the DOCUMENT;

10                   (2)    the addressee, if any, and those PERSONS, if any, specified in the

11                          DOCUMENT to receive a copy thereof;

12                   (3)    the title of the DOCUMENT, if any, or other identifying data;

13                   (4)    the type of DOCUMENT (*i.e.*, memorandum, letter);

14                   (5)    in summary, the nature and subject matter, thereof;

15                   (6)    the current location of the DOCUMENT;

16                   (7)    the identification of each and every PERSON who participated in any

17                          way in the preparation of that DOCUMENT;

18                   (8)    the date on which the DOCUMENT was prepared;

19                   (9)    the date on which the DOCUMENT was sent or received by YOU, as the

20                          case may be;

21                  (10)    the name, title, home and business address, and home and business

22                          telephone number, of the current custodian of the DOCUMENT; and

23                  (11)    each and every fact or basis upon which such privilege or work product

24                          is claimed.

25          E.    If a request calls for the production of a DOCUMENT which has been

26    destroyed, placed beyond YOUR control, or otherwise disposed of, set forth with respect to

27    each such DOCUMENT:

28                    (1)    the author of the DOCUMENT;

4

1        (2)    the addressee, if any, and those PERSONS, if any, specified in the

2                  DOCUMENT to receive a copy thereof;

3        (3)    the title of the DOCUMENT, if any, or other identifying data;

4        (4)    the type of DOCUMENT (*i.e.*, memorandum, letter);

5        (5)    in summary, the nature and subject matter thereof;

6        (6)    the date on which the DOCUMENT was prepared;

7        (7)    the date on which the DOCUMENT was sent or received by YOU, as the

8                  case may be;

9        (8)    the identity of all individuals to whom the substance of the

10                 DOCUMENT was transmitted, or who saw such DOCUMENT, and

11                 under what circumstances;

12       (9)    the present location of the DOCUMENT, if not destroyed; and

13       (10)   the name, title, home and business address, and home and business

14                 telephone number, of the current custodian of the DOCUMENT

15      F.    When these Requests do not specifically ask for a particular DOCUMENT but

16  the DOCUMENT would help to make the production complete, comprehensible or not

17  misleading, please produce the DOCUMENT. Only non-identical copies of a DOCUMENT

18  are to be considered separate DOCUMENTS.

19      G.    Each itemized request that follows is to be construed independently and not

20  limited by reference to any other itemized request.

21      H.    Unless otherwise stated, the applicable time period for each Request is

22  January 1, 1999 to the present.

23

24                      **III.**

25              **DOCUMENTS AND THINGS REQUESTED**

26  **REQUEST NO. 1**

27      YOUR curriculum vitae.

28  / / /

1  **REQUEST NO. 2**

2        All COMMUNICATIONS between YOU and any PERSON PERTAINING TO the

3  negotiation of the LICENSE AGREEMENT.

4  REQUEST NO. 3

5        All of YOUR calendars, appointment books or similar records containing entries

6  denoting meetings, conferences or telephone calls PERTAINING TO the negotiation of the

7  LICENSE AGREEMENT.

8  **REQUEST NO. 4**

9        All FINANCIAL STATEMENTS of BMC from January 1999 to the present.

10 **REQUEST NO. 5**

11       All DOCUMENTS PERTAINING TO BMC's calculation of gross revenues set forth in

12 the chart entitled "Blue Marlin Gross Revenues – All Categories," which was produced by

13 BMC in this ACTION

14 **REQUEST NO. 6**

15       All DOCUMENTS PERTAINING TO BMC's calculation of sales from hats from

16 January 1999 to the present.

17 **REQUEST NO. 7**

18       All DOCUMENTS PERTAINING TO BMC's calculation of wholesale headwear sales

19 set forth in a chart entitled "Blue Marlin Wholesale Headwear Sales 2000-2004," which was

20 produced by BMC in this ACTION.

21 **REQUEST NO. 8**

22       The electronic data files which BMC relied upon or used to generate a report of

23 purchase orders, which BMC produced as Exhibit B to its Objections and Responses to USPA's

24 First Set of Special Interrogatories.

25 **REQUEST NO. 9**

26       All DOCUMENTS created before this ACTION which show BMC's profits from hats

27 during the period of January 1, 1998 to December 31, 2003.

28 / / /

1  **REQUEST NO. 10**

2     All DOCUMENTS created before this ACTION which show BMC's sales from hats

3  during the period of January 1, 1998 to December 31, 2003.

4  REQUEST NO. 11

5     All DOCUMENTS PERTAINING TO the figures set forth in the minimum royalty

6  provisions of the LICENSE AGREEMENT.

7  **REQUEST NO. 12**

8     All COMMUNICATIONS between YOU and any PERSON PERTAINING TO the

9  calculation of the figures set forth in the minimum royalty provisions of the LICENSE

10  AGREEMENT.

11  **REQUEST NO. 13**

12     All COMMUNICATIONS between BMC and USPA PERTAINING TO the calculation

13  of the figures set forth in the minimum royalty provisions of the LICENSE AGREEMENT.

14  **REQUEST NO. 14**

15     All COMMUNICATIONS from September 1, 2003 to June 15, 2006 between YOU and

16  any PERSON PERTAINING TO the designs on USPA headwear, including but not limited to

17  logos, trademarks, graphics or words, made under the LICENSE AGREEMENT.

18  **REQUEST NO. 15**

19     All COMMUNCATIONS from September 1, 2003 to June 15, 2006 between BMC and

20  USPA PERTAINING TO the designs on USPA headwear, including but not limited to logos,

21  trademarks, graphics or words, made under the LICENSE AGREEMENT.

22  **REQUEST NO. 16**

23     All DOCUMENTS PERTAINING TO BMC's abandonment of the TRADEMARK

24  bearing serial number 78152681 in or about April 2004

25  **REQUEST NO. 17**

26     All DOCUMENTS from January 1, 2003 to the present PERTAINING TO BMC's

27  decision to use marks other than the TRADEMARKS, including but not limited to internal

28  BMC memoranda, reports to the board of directors, and presentations.

1  **REQUEST NO. 18**

2      All COMMUNICATIONS from January 1, 2002 to the present between BMC and any

3  PERSON PERTAINING TO BMC's decision to use marks other than the TRADEMARKS.

4  **REQUEST NO. 19**

5      All DOCUMENTS from January 1, 2002 to the present PERTAINING TO BMC's

6  business strategies and plans.

7  **REQUEST NO. 20**

8      All COMMUNICATIONS from January 1, 2002 to the present PERTAINING TO

9  BMC's business strategies and plans.

10  **REQUEST NO. 21**

11      All COMMUNICATIONS between YOU and any PERSON PERTAINING TO this

12  ACTION from January 1, 2005 to the present.

13  **REQUEST NO. 22**

14      All COMMUNICATIONS between BMC and any PERSON, other than USPA,

15  PERTAINING TO this ACTION from January 1, 2005 to the present.

16  **REQUEST NO. 23**

17      All DOCUMENTS given to BMC in 2003 by TOMLINSON PERTAINING TO USPA

18  and other potential headwear licensees.

19  **REQUEST NO. 24**

20      All COMMUNICATIONS from BMC to USPA, during the period of January 1, 2003 to

21  December 31, 2003, PERTAINING TO BMC's financial and account information, as described

22  in pages 66-67 of the deposition of Erik Steube taken in this ACTION.

23  **REQUEST NO. 25**

24      All DOCUMENTS constituting license agreements between BMC and any PERSON

25  from January 1, 1995 to the present, under which BMC licensed the use of its trademarks to

26  another PERSON, including but not limited to Trends International and RGA Leatherworks.

27  / / /

28  / / /

**REQUEST NO. 26**

All DOCUMENTS constituting a contract or agreement between BMC and
TOMLINSON.

REQUEST NO. 27

All COMMUNICATIONS between YOU and TOMLINSON from September 1, 2003
to the present.

**REQUEST NO. 28**

All COMMUNICATIONS between BMC and TOMLINSON from September 1, 2003
to the present.

**REQUEST NO. 29**

All DOCUMENTS provided to BMC's board of directors PERTAINING TO the
decision to enter into the LICENSE AGREEMENT.

**REQUEST NO. 30**

All COMMUNICATIONS between BMC's officers and BMC's board of directors
PERTAINING TO the decision to enter into the LICENSE AGREEMENT from August 1, 2006
to the present.

**REQUEST NO. 31**

All COMMUNICATIONS between YOU and BMC's board of directors PERTAINING
TO the decision to enter into the LICENSE AGREEMENT from August 1, 2006 to the present.

**REQUEST NO. 32**

All COMMUNICATIONS between BMC's officers and BMC's board of directors
PERTAINING TO this ACTION from January 1, 2006 to the present.

**REQUEST NO. 33**

All COMMUNICATIONS between YOU and BMC's board of directors PERTAINING
TO this ACTION from January 1, 2006 to the present.

/ / /

/ / /

/ / /

1   **REQUEST NO. 34**

2       All COMMUNICATIONS from June 1, 2006 to the present between YOU and any

3   PERSON PERTAINING TO the applicability of state or federal franchise laws to the LICENSE

4   AGREEMENT.

5   REQUEST NO. 35

6       All DOCUMENTS PERTAINING TO the impact of BMC's pending bankruptcy

7   proceeding on this ACTION

8   **REQUEST NO. 36**

9       All COMMUNICATIONS between BMC's officers and BMC's board of directors

10  PERTAINING TO  the impact of BMC's pending bankruptcy proceeding on this ACTION.

11  **REQUEST NO. 37**

12      All COMMUNICATIONS between YOU and BMC's board of directors PERTAINING

13  TO the impact of BMC's pending bankruptcy proceeding on this ACTION.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED NOTICE OF DEPOSITION OF RICHARD ASHLEY          Case No: C 07 3368 CRB

1  **PROOF OF SERVICE**

2  **UNITED STATES DISTRICT COURT**    )    Case No. C 07 3368 CRB
                                       )
3  **NORTHERN DISTRICT OF**            )
   **CALIFORNIA**

4
5      I am employed in the county of Los Angeles, State of California. I am over the
   age of 18 and not a party to the within action; my business address is 1900 Avenue of
   the Stars, Suite 200, Los Angeles, California 90067.

6
7      On September 5, 2008, I served the foregoing document described as **FIRST
   AMENDED NOTICE OF DEPOSITION OF RICHARD ASHLEY** on all interested
   parties in this action by placing the original/true copies thereof enclosed in (a) sealed
8  envelope(s) addressed as stated below:

9                    Stephen A. Sommers, Esq.
                     Sommers Law Group
10                   870 Market Street
                     Suite 1142
11                   San Francisco, CA 94102

12  ☒    **BY MAIL**    I am "readily familiar" with the firm's practice of collection and
        processing of correspondence for mailing. Under that practice it would be
13      deposited with U.S. Postal Service on that same day with postage thereon fully
        prepaid at Los Angeles, California in the ordinary course of business. I am
14      aware that on motion of the party served, service is presumed invalid if postal
        cancellation date or postage meter date is more than one day after date of deposit
15      for mailing in affidavit.

16  ☐    **BY (PERSONAL SERVICE)**    I caused the envelope to be delivered by hand
        to Stephen A. Sommers, Esq.

17
    ☐    **BY (OVERNIGHT COURIER)** I deposited such envelope in the receptacle for
18      **Federal Express** and requested that it be delivered to the above-named
        attorneys/parties by way of priority next day delivery (to be delivered by 10:00
19      a.m. the following morning).

20      I declare that I am employed in the offices of a member of the bar of this court at
    whose direction the service was made.

21
        Executed on September 5, 2008, at Los Angeles, California.
22

23

24                                          Tiffany Fong

25

26

27

28