

Exhibit F

### David Schultz

| | |
|---|---|
| From: | David Schultz [dschultz@basslawla com] |
| Sent: | Friday, September 05, 2008 3:34 PM |
| To: | 'Stephen Sommers' |
| Cc: | 'David Bass'; 'Leslie Fritz' |
| Subject: | Draft of Joint Case Management Conference Statement in USPA/Blue Marlin |

Dear Mr Sommers,

As you no doubt are aware, a Further Case Management Conference is set for September 19, 2008 in this action. Accordingly, pursuant to Local Rule 16-10(d), the parties must file a Joint Case Management Statement on or before September 9, 2008 "reporting progress or changes since the last statement was filed and making proposals for the remainder of the case development process."

In order to comply with Local Rule 16-10(d), I have drafted a proposed Joint Case Management Statement. A copy of my draft, without the exhibits thereto, is attached to this email Please provide me with any proposed changes you may have to the attached draft by 5:00 p.m. on Monday, September 8, 2008, so that I will be able to file a final version of the Joint Case Management Statement with the Court on September 9, 2008.

Thank you in advance for your anticipated cooperation. If you have any questions about this matter, or the attached draft, please contact me

David N. Schultz, Esq
David M Bass & Associates
1900 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Telephone: 310-789-1152
Facsimile: 310-789-1149

================================================================

This message contains information which may be confidential and privileged and is solely for the use of the intended recipient Unless you are the addressee (or authorized to receive for the addressee), you may not review, use, copy, distribute or disclose to anyone any information contained in this message and/or any attachment to this message If you have received the message in error, please advise the sender by reply e-mail and delete the message

================================================================

_____ Information from ESET Smart Security, version of virus signature database 3420 (20080905) _____

The message was checked by ESET Smart Security.

http://www.eset.com

_____ Information from ESET Smart Security, version of virus signature database 3426 (20080908) _____

9/9/2008

The message was checked by ESET Smart Security.

http://www.eset.com

_____ Information from ESET Smart Security, version of virus signature database 3428 (20080909) _____

The message was checked by ESET Smart Security.

http://www.eset.com

_____ Information from ESET Smart Security, version of virus signature database 3429 (20080909) _____

The message was checked by ESET Smart Security.

http://www.eset.com

9/9/2008

| | |
|---|---|
| 1 | David M. Bass (CA State Bar No. 117199)<br>David N. Schultz (CA State Bar No. 123094)  **DRAFT**|
| 2 | DAVID M. BASS & ASSOCIATES<br><s>1900 Avenue of the Stars, Suite 200</s> |
| 3 | Los Angeles, California 90067<br>Telephone: (310) 789-1152 |
| 4 | Facsimile: (310) 789-1149<br>E-mail: dbass@basslawla.com |
| 5 | |
| 6 | Attorneys for Defendant and Counterclaim Plaintiff<br>USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BLUE MARLIN CORP., | Case No. C 07-3368 CRB |
| Plaintiff, | [Assigned to the Hon. Charles R. Breyer] |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | |
| Defendant. | Date: September 19, 2008<br>Time: 8:30 a.m.<br>Courtroom: 8 (19th Floor) |
| USPA ACCESSORIES, LLC dba CONCEPT ONE ACCESSORIES, | Action Removed: June 27, 2007<br>Trial Date: None Set |
| Counterclaim Plaintiff, | |
| vs. | |
| BLUE MARLIN CORP., a California corporation; and ROES 1 to 25, inclusive, | |
| Counterclaim Defendants. | |

/ / /

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT                                                                 CASE NO. C 07-3368 CRB

Pursuant to Local Rule 16-10(d) and this Court's Order of July 17, 2008, the parties to the above-entitled action jointly submit this Case Management Statement with respect to the Further Case Management Conference set for September 19, 2008. In this Case Management Statement, the parties report on the progress or changes in this action since the last Case Management Conference in this action, which took place on April 25, 2008.

## I. THE BANKRUPTCY COURT GRANTS THE MOTION FOR RELIEF FROM STAY.

As this Court by now is aware, on August 13, 2007, third party creditors of Plaintiff and Counterclaim Defendant Blue Marlin Corp. ("Blue Marlin") commenced an involuntary bankruptcy proceeding against Blue Marlin pursuant to Chapter 7 of the United States Bankruptcy Code (the "Chapter 7 Proceeding"). The Chapter 7 Proceeding was filed in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), Case No. 07-31041 before the Hon. Dennis Montali. On or about April 11, 2008, the Chapter 7 Proceeding was converted into a proceeding governed by Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Proceeding").

As a result of the bankruptcy proceedings discussed above, the Counterclaims of Defendant and Counterclaim Plaintiff USPA Accessories, LLC, dba Concept One Accessories ("USPA") in this action were stayed. However, Blue Marlin's claims in this action were not stayed. At the Case Management Conference on April 25, 2008, this Court informed counsel for the parties that he did not believe it made sense for this action to proceed in a piecemeal fashion. The Court stated that it wanted USPA to prosecute its Counterclaims in this action at the same time that Blue Marlin prosecuted its Claims. Accordingly, this Court asked USPA to file a Motion for Relief from Automatic Stay in the Bankruptcy Court.

USPA's Motion for Relief from Automatic Stay (the "Motion") came on for hearing before the Bankruptcy Court on August 21, 2008. At the conclusion of the hearing, the Bankruptcy Court granted the Motion. A true and correct copy of the Bankruptcy Court's

Order granting the Motion, entered on September 4, 2008, is attached hereto as Exhibit "A."
The Order provides, in pertinent part, as follows:

> 4. USPA is hereby granted relief from the automatic stay, and may prosecute its counterclaims in the separate action entitled *Blue Marlin Corp. v. USPA Accessories, LLC*, Case No. C 07-3368 CRB in the United States District Court for the Northern District of California (the "District Court Action"), including, but not limited to, conducting discovery pursuant to the Federal Rules of Civil Procedure.
>
> 5. In the event that Blue Marlin dismisses its First Amended Complaint in the District Court Action, then the automatic stay shall be re-imposed on USPA's counterclaims in the District Court Action, and if USPA elects to continue prosecution of its counterclaims against Blue Marlin, USPA shall prosecute them in Blue Marlin's bankruptcy case

## II. USPA PROPOUNDS DISCOVERY.

Following the Bankruptcy Court's granting of the Motion discussed in Section I, above, USPA has noticed the deposition of Blue Marlin's President, Rick Ashley for September 25, 2008. A true and correct copy of USPA's Notice of Deposition for Mr. Ashley is attached hereto as Exhibit "B." In addition, in order to prepare for the Early Neutral Evaluation, USPA intends to serve limited additional written discovery focused on the primary issues in this action. USPA may also take the depositions of certain key witnesses including, without limitation, Per Gasseholm, Roger "Brue" McHayle, Alex Navarro, Alec Patience, Martin Salerno, Eric Steube, and Alex Tomlinson.

## III. BLUE MARLIN'S COUNSEL IS UNWILLING TO PROVIDE FURTHER LEGAL SERVICES AND PLANS TO WITHDRAW FROM THIS ACTION.

Blue Marlin is represented in this action by Stephen A. Sommers, Esq. of Sommers Law Group ("SLG"). On or about August 19, 2008, Blue Marlin filed a declaration of its President, Rick Ashley, in the Bankruptcy Court in connection with Blue Marlin's Opposition to the

Motion (the "Ashley Declaration"). A true and correct copy of the Ashley Declaration is attached hereto as Exhibit "C". Paragraph 10 of the Ashley Declaration states as follows:

> While SLG remains counsel of record to the Debtor in the District Court Action, based on the outstanding amount owed for involuntary gap period services, and the Debtor's inability to pay for legal services, SLG is unwilling to undertake further discovery or to provide other substantive legal services without compensation, and plans to seek to withdraw from the case shortly.

As set forth above, SLG plans to file a motion to withdraw as counsel of record for Blue Marlin on or before [MR. SOMMERS, PLEASE INSERT THE CORRECT DATE].

Although the Ashley Declaration states that SLG plans to seek to withdraw, it remains counsel of record for Blue Marlin. Moreover, Blue Marlin is represented by counsel in the Bankruptcy Court, who can take the steps necessary to guarantee Blue Marlin's continued representation in this action.

### IV. BLUE MARLIN'S UNWILLINGNESS TO PARTICIPATE IN THE EARLY NEUTRAL EVALUATION.

In its Order of July 17, 2008, this Court ordered the parties to participate in an Early Neutral Evaluation ("ENE") before Jerald E. Rosenblum, Esq. on or before September 18, 2008. On July 8, 2008, David N. Schultz of David M. Bass & Associates, counsel of record for USPA, sent an email to Mr. Sommers, informing Mr. Sommers that Mr. Rosenblum was available for the ENE on August 25, 26, and 27, 2008. In the email, Mr. Schultz asked Mr. Sommers on which of these days he was available, in order to schedule a firm date for the ENE. True and correct copies of this email and the other emails between Mr. Schultz and Mr. Sommers discussed below are attached hereto collectively as Exhibit "D."

In response, Mr. Sommers sent Mr. Schultz an email on July 9, 2008 stating that this action was still subject to the automatic stay. Mr. Sommers added that it was his understanding that a Chapter 11 proposal would be submitted "in the next two weeks," and "[i]t makes sense to me to wait until that occurs before we schedule an ENE."

1  Mr. Schultz then sent Mr. Sommers another email on July 11, 2008 stating that "we
2  would like to set an actual date for the ENE." Mr. Schultz asked Mr. Sommers to "let me know
3  what your position is and whether, under the circumstances, we can set the ENE for August 25,
4  26, or 27 and so inform Judge Breyer." In response, Mr. Sommers sent Mr. Schultz an email
5  later that day, stating that "I don't want to do anything while the stay is in place and neither
6  does my client."

7  Following USPA's filing of the Motion in the Bankruptcy Court, Mr. Schultz sent Mr.
8  Sommers an email on August 6, 2008. Mr. Schultz noted that this Court's "most recent Order
9  provides that the parties must participate in an ENE before Mr. Rosenblum on or before
10  September 18, 2008." He then asked Mr. Sommers to

> please let me know by the close of business on Friday, August 8,
> 2008 whether you are available for the ENE on August 25, 26, or
> 27. Alternatively, please provide me by that time with any dates
> from August 28 through September 18, 2008 on which you are
> available for the ENE. In this way, we can schedule a firm date for
> the ENE and comply with [this Court's] Order.

15  Mr. Sommers did not respond to this email. Accordingly, on August 11, 2008,
16  Mr. Schultz sent Mr. Sommers another email in which he informed Mr. Sommers that he had
17  spoken once again with Mr. Rosenblum's assistant and obtained dates on or before September
18  18, 2008 on which Mr. Rosenblum was available to conduct the ENE. Mr. Schultz asked
19  Mr. Sommers to "please let me know by the close of business on Thursday, August 14, 2008,
20  the dates from the above list on which you are available to participate in the ENE."

21  Mr. Sommers also failed to respond to Mr. Schultz's August 11, 2008 email.
22  Accordingly, on August 15, 2008, Mr. Schultz send an additional email to Mr. Sommers. Mr.
23  Schultz stated, among other things, that in "an effort to comply with [this Court's] Order, I am
24  willing to give you additional time to respond to my emails. Accordingly, please let me know
25  by the close of business on Thursday, August 21, 2008, the dates from the above list on which
26  you are available to participate in the ENE."

27  Mr. Sommers sent a responsive email to Mr. Schultz on August 18, 2008. That email
28  states, in its entirety: "I apologize for not getting back to you. I've had some turnover with my

4

1  staff and also preparing for vacation. [¶] I need to check back with my clients and get back
2  with you."
3      Since Mr. Sommers' August 18, 2008 email, neither Mr. Schultz nor any other attorney
4  for USPA has received any communication from Mr. Sommers. During the two months since
5  Mr. Schultz sent his first email on July 8, 2008, and despite repeated attempts by Mr. Schultz to
6  arrange the ENE, Blue Marlin and its counsel have failed to provide USPA with any dates on
7  which they are available to participate in the ENE before Mr. Rosenblum.

9  **V.    USPA'S CLAIM IN THE BANKRUPTCY COURT.**
10     On or about August 1, 2008, USPA filed a Proof of Claim in the Bankruptcy Court in
11 the amount of $386,107.63, and attached a copy of its Cross-Complaint in this action as an
12 exhibit to the Proof of Claim (the "USPA Claim"). A true and correct copy of the USPA Claim
13 is attached hereto as Exhibit "E." Blue Marlin disputes the validity of the USPA Claim and
14 intends to file an objection to the USPA Claim in the Bankruptcy Court.

16 Dated: September __, 2008    DAVID M. BASS & ASSOCIATES

18     By:_____
          David M. Bass
19     Attorneys for Defendant and Counterclaim
       Plaintiff USPA ACCESSORIES, LLC dba
20     CONCEPT ONE ACCESSORIES

22 Dated: September __, 2008    SOMMERS LAW GROUP

24     By:_____
          Stephen A. Sommers
25     Attorneys for Plaintiff and Counterclaim
       Defendant BLUE MARLIN CORP.